## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

JOAN C. HAYNES AND )
TROY WAYNE HAYNES )
    PLAINTIFFS ) CIVIL CASE
) NO.:11-CV-3396-WC
V )
)
McCALLA RAYMER, LLC, )
CHARLESTROY CROUSE, ESQ., INDIVIDUALLY, )
AND )
AS AN OFFICER OF MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC, )
THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS )
AN OFFICER OF MORTGAGE ELECTRONIC )
RESGISTRATION SYSTEMS, INC., )
DEBBIE R. FOUSHEE, )
BAC HOME LOAN SERVICING, LP, )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS AND PROMMIS SOLUTIONS, LLC )
    DEFENDANTS )

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT

SEP 0 7 2011  12:40

*Barbara A. Harrison*
CLERK OF SUPERIOR COURT

## MOTION TO SET ASIDE FORECLOSURE

Comes now, Plaintiffs, *Joan C. Haynes and Troy Wayne Haynes* ("hereafter Plaintiffs"),

through their undersigned counsel hereby pursuant to Ga. Code Ann § 44-14-163, moves this

Court to set aside the September 7, 2010 foreclosure of property located at 1156 Folkstone

Drive, McDonough, Georgia 30253. Defendants did not have proper title of said property in

order to foreclose pursuant to Ga. Code Ann. § 44-14-180. This fact is more clearly set out in

the brief attached hereto.

*Signature On Next Page*

This _____ day of September, 2011

Respectfully Submitted,

JOSHUA G. DAVIS
Bar No.: 514674

**J.G. Davis & Associates, LLC**
P.O. Box 7309
Atlanta, GA 30357
Cell:   (202) 446-8854
Office: (770) 322-6007 ext. 232
Fax:    (770) 322-6449

2

## BRIEF IN SUPPORT OF MOTION TO SET ASIDE FORECLOSURE

1.

This case was originally heard in the Magistrate Court of Henry County on February 22, 2011. Defendants were granted possession of the property located at 1156 Folkstone Drive, McDonough, GA 30253 (hereinafter the "Property), and a judgment in the amount of $2,000.00 per month plus court costs was entered. The Order was handed down on February 22, 2011. The case was appealed, and since such date, Plaintiffs have been paying $2,000.00 per month into the registry of the court. Plaintiffs have appealed due to wrongful foreclosure, fraud and the amount to be paid into the registry of the Court.

2.

Moreover, Plaintiffs have filed a Complaint in the Superior Court of Henry County Case No. 11-CV-3396-WL complaining of wrongful foreclosure, fraud and various other complaints and requesting that the Court set aside the foreclosure of Plaintiffs' property, which took place on September 7, 2010.

## BACKGROUND FACTS

3.

On or about December 18, 2007, Plaintiffs entered into a Loan Agreement with Quicken Loans, Inc., with a Security Deed (hereinafter "Deed") in the sum of $233,500.00.

4.

On or about July 16, 2010, Plaintiffs were served with a Notice of Default by BAC Home Loan Servicing (hereinafter "BAC"), based upon Plaintiffs' non-payment of monthly mortgage payments.

3

5.

On or about July 24, 2010, Plaintiffs were served with a Notice of Sale from McCalla Raymer, indicating that the firm represented BAC as creditor of the loan in question. Additionally, the letter stated that Bank of America (hereinafter "BOA") was the servicer of such loan. The Notice set the date for a non-judicial foreclosure on the first Tuesday in September, 2010. (*See* Exhibit "A").

6.

On or about August 30, 2010, BOA recorded an Assignment of Security Deed (hereinafter "Assignment") of said "Deed" to BAC in Henry County deed book 11847 page 0060 for unstated consideration to BAC. The Assignment was dated June 15, 2010. (*See* Exhibit "B").

7.

Plaintiffs were foreclosed on September 7, 2010, by BAC.

## WRONGFUL FORECLOSURE

8.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

9.

The purported Assignment, which was from Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), to BAC took place on June 15, 2010. The official witness, Debbie R.

4

Foushee, signed the document as a notary public. However, Debbie Foushee's signature is not accompanied by an official notary seal. (*See* Exhibit "B").

10.

Under O.C.G.A § 45-17-6 notaries are required to provide a seal for authentication of their notarial acts, but the failure to provide the seal may be cured by aliunde testimony showing proper execution. *Glenn v. MARTA*, 158 Ga.App. 98, 279 S.E.2d 481 (1981). The exception does not apply here, because Foushee was not a notary at the time of execution. Foushee signed and notarized an assignment recorded on book 11847 page 0061 where she included her seal. The expiration date is listed as August 5, 2014. (*See* Exhibit "C").

11.

Under Georgia law, a notary public is commissioned for a term of 4 years, O.C.G.A § 45-17-5. Notary commissions are granted by the County Clerk of Court in either county where the prospective notary resides or conducts, substantially, their business. The beginning date of Debbie Foushee began on August 6, 2010 and she was commissioned in Fulton County. (*See* Exhibit "D").

12.

The Assignment also lacks the signature of two unofficial witnesses. Troy Crouse and Thomas Sears provided fraudulent and unverified signatures on the attestation clause. Crouse and Sears hold themselves out as the vice president and assistant secretary, respectively, of MERS. Both Crouse and Sears provided significantly different signatures on several other official documents including, Crouse's personal security deed recorded on book 4869 page 0166 and an affidavit signed by Sears recorded on book 45268 page 385. (*See* Exhibits "E" and "F").

5

13.

Furthermore, Crouse has provided at least four different signatures than the one used on his personal security deed as shown in a WSB.com TV news special report. See http://www.wsbtv.com/video/25636610/index.html. The issues arising from the multiple signatures from Crouse and Sears bring into question their actual attestation of said Assignment and because of the fraud would cause the transfer of Property from MERS to BAC to fail as a matter of law. Therefore, the foreclosure by BAC was wrongful as they lacked authority to transfer or dispossess Property.

14.

A security deed vests legal title to the property in the grantee, who may foreclose on the security interest. *Tomkus v.Parker*, 224 S.E.2d 353, 369 (Ga. Ct. App. 1978). A "power of sale" in a security deed grants the original grantee the power to sell the property at a foreclosure sale as attorney-in-fact for the debtor to satisfy the debtor's delinquency. An assignee of the original grantee of a security deed may exercise the power of sale contained in such security deed. O.C.G.A. §23-2-114; *Allen v. Wade*, 203 Ga. 753, 755, 48 S.E.2d 538 (1948); *Williams v. Joel*, 89 Ga. App. 329, 79 S.E.2d 401 (1953). An assignee of a security deed, however, cannot exercise the power of sale and foreclose upon the security until there has been an actual assignment complying with Georgia law. *In re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994).

15.

Georgia law requires that "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantor or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A. § 44-14-64. A deed must be attested in the manner prescribed by law for mortgages. O.C.G.A § 44-14-61. Recorded mortgages for real

6

property must be attested or acknowledged *by an official witness* and at least one additional witness. O.C.G.A § 44-14-33. Pursuant to O.C.G.A § 44-2-15, the official witness may be a notary public. The validity of an assignment of a security deed is governed by the laws applicable to the recording of mortgages, O.C.G.A § 44-14-33.

16.

Under Georgia law, "the registry of a deed not attested, proved, or acknowledged according to law, is not constructive notice to a bona fide purchaser." *Hopkins v. Va. Highlands & Assoc., LP*, 541 S.E.2d 386, 390 (Ga. Ct. App. 2000) (quoting *Connif v. Hunnicutt*, 157 Ga. 823, 826, 122 S.E. 694 (Ga. 1924)). As between the parties to the instrument, however, the deed is valid and binding absent a showing of fraud. *Duncan v. Ball*, 172 Ga. App. 750, 752, 324 S.E.2d 477, 480 (Ga. Ct. App. 1984). In *Leeds Bldg. Products, Inc. v. Sears Mtg. Corp*, the Georgia Supreme Court held that a deed that facially complies with statutory requirements provides constructive notice, but reaffirmed the general rule that a patently defective deed, a deed with a facial defect, does not constitute constructive notice to subsequent purchasers. 267 Ga. 300, 301-02, 477 S.E.2d 565 (Ga. 1996); *see also In Re Yearwood*, 318 B.R. 227, 229 (Bankr.E.D.Tenn.2002) (interpreting Georgia law to mean that a recorded instrument that is facially invalid does not constitute constructive notice to subsequent purchasers).

17.

A patent defect is a defect that is "obvious and easily detectable," such as an unofficial witness's signature on the face of the instrument. *In Re Codrington*, 430 B.R. 287, 292 (N.D. Ga. 2009)

18.

For example, in *In Re Yearwood*, the debtor executed a security to her residence in favor of the defendant. 318 B.R. 227, 228 (N.D. Ga. 2004). The security deed was notarized by an official witness, but did not bear the signature of an unofficial witness. *Id.* The court found that the Chapter 7 Trustee could avoid the defendant's interest in the property because the lack of unofficial witness's signature was a patent defect in the security deed, and thus there was no constructive notice to third parties of its invalidity.

19.

The assignment of the security deed must comply with the attestation requirements of deeds, O.C.G.A. § 44-14-61, and thus the signature of an *official witness* was required to create a valid assignment of the security interest. O.C.G.A § 44-14-33. Just as a deed missing the signature of an unofficial witness is patently defective, an assignment missing the signature of an *official witness* is likewise patently defective.

20.

A foreclosure of the security in the absence of a valid assignment is null and void. *In Re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994). For example, in *Cummings*, the foreclosing creditor claimed that it was entitled to foreclose on the property because it had acquired a security interest prior to the foreclosure sale by assignment from the original grantee of the security deed. *In Re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994). There were two documents at issue in that case. The first document was a hand-written assignment, which stated that the original grantee "agrees to assign its interest" in the subject property to the foreclosing creditor, but did not contain language of conveyance. The evidence before the court demonstrated that the assignment was not executed with the same formalities as the original deed containing the power

8

of sale. *Id.* In addition, the second document entitled "Transfer and Assignment" from the original grantee to the foreclosing party was executed by the appropriate officers of the parties to the assignment with the same formalities as the security deed, but the parties failed to proffer evidence concerning when the documents were executed and delivered with respect to the foreclosure date. *Id.* In the absence of evidence of execution and delivery, the court concluded that the note and the security deed were not actually assigned to the foreclosing party before the date of the foreclosure sale. *Id.* at 963. Since there was no proof of a valid assignment of the note and security deed, the foreclosure of the property was declared null and void. *Id.*

21.

The purported assignment does not comply with O.C.G.A § 44-5-64 because it did not satisfy the attestation formalities prescribed by O.C.G.A § 44-5-33, the purported assignment is not a valid assignment under Georgia law. Thus any foreclosure of the security interest covered by the assignment is null and void and therefore subsequent foreclosure should be set aside.

## FRAUD

22.

The Defendants' fraudulent assignment created both patently and latently defective deeds, which slanders the title of any property foreclosed upon that relied upon an assignment with the fraudulent attestation causing plaintiffs' damages.

23.

Plaintiffs specifically, aver, that a fraudulently created Assignment confers no rights at all, let alone the right to foreclose.

9

24.

O.C.G.A. § 44-2-43, declares 'Any person who (1) fraudulently obtains or attempts to obtain a degree of registration of title of any land or interest therein; (2) knowingly offers in evidence any forged or fraudulent document in the course of any proceedings with regard to registered lands or any interest therein, (3) makes or utters other paper, writing, or document used in connection with any of the proceedings required for the registration of lands or the notation of entries upon the register of titles; (4) steals or fraudulently conceals any owner's certificate, creditor's certificate, or other certificate of title provided for under this article; (5) fraudulently alters, changes, or mutilates any writing, instrument, documents, record, registration, or register provided for under this article; (6) makes any false oath or affidavit with respect to any matter or thing provided for in this article; or (7) makes or knowingly uses any counterfeit of any certificate provided for by this article shall be guilty of a felony and shall be punished by imprisonment for not less than one nor more than ten years."

## **CONCLUSION**

WHEREFORE, Plaintiffs pray that the Foreclosure, which took place on September 7, 2010 regarding Property be set aside due to the above actions of the Defendants that amount to wrongful foreclosure, fraud, and other complaints as more fully described in Complaint. With respect to the foregoing, Plaintiffs pray that this Court grant this Motion to Set Aside Foreclosure. Plaintiffs are entitled to relief, and for such and other further relief as the Court deems equitable and appropriate under the circumstances.

This _____ day of September, 2011.

Respectfully Submitted,

JOSHUA G. DAVIS
Bar No.: 514674

**J.G. Davis & Associates, LLC**
P.O. Box 7309
Atlanta, GA 30357
Cell:   (202) 446-8854
Office: (770) 322-6007 ext. 232
Fax:   (770) 322-6449

11

Exhibit "A"

7113 8267 1474 4525 9434

**CERTIFIED COPY**

LAW OFFICES
# MCCALLA RAYMER, LLC
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE: (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

July 24, 2010

Joan C Haynes
Troy Wayne Haynes
1156 Folkstone Dr
Mcdonough, GA 30253

RE:     NOTICE OF FORECLOSURE SALE - Note and Security Deed - BAC Home Loans Servicing, LP
fka Countrywide Home Loans Servicing LP vs. Joan C Haynes and Troy Wayne Haynes

| | |
|---|---|
| Servicing Lender's #: | 175368902 |
| Our File #: | 52069910-FT10 |
| Original Borrower: | Joan C Haynes and Troy Wayne Haynes |
| Current Borrower: | Joan C Haynes and Troy Wayne Haynes |
| Property: | 1156 Folkstone Dr |
| | Mcdonough, Georgia 30253 |
| | Henry County, Georgia |
| PMI Certificate No.: | 1705939324 |

Dear Borrower:

By letter dated July 16, 2010 (the "Initial Communication Letter") we notified you that the above-referenced loan had been referred to this law firm for handling. That letter also advised you of certain rights (the "Borrowers Rights" - - which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

Please be advised that if you are not obligated on this loan, or if you have received a discharge in a bankruptcy case where your personal liability on this loan was extinguished, then any action we take would be limited to the foreclosure of the above referenced property. If you are currently under bankruptcy protection, please fax your bankruptcy case information to us at (866) 812-4732.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges is now due and payable. Additionally, the terms of your note call for the addition of attorneys' fees to the debt in case of collection by or through an attorney. Georgia law (O.C.G.A. Section 13-1-11) requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without having to pay attorneys' fees. After that time the full attorneys' fees allowed by Georgia law may be added to the debt.

 **THIS IS AN ATTEMPT TO COLLECT A DEBT.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Enclosed is a copy of the Notice of Sale submitted for publication in the legal newspaper. Note that the sale is scheduled for the first Tuesday in September, 2010, and will be held within the legal hours of sale at the Henry County Courthouse.

Please be advised that if the default is not cured and the property is sold at foreclosure to an outside investor (other than your lender), there may be excess proceeds from the sale for distribution to lienholders and/or the owner of record. Neither lienholders nor owners have to sign any contracts or pay any fees to outside agencies to recover these funds! If an outside investor contacts you after foreclosure advising they have purchased your property at sale, please call our Excess Proceeds department between 45 - 60 days after the foreclosure sale to determine if any such funds exist.

For further information regarding this foreclosure, you may call our office at (770) 643-2148, and ask for Team FT10 of Prommis Solutions, LLC. The lender may be able to allow you to reinstate the loan and stop the foreclosure. You may call our office to find out if reinstatement is allowed; and if allowed, to find out the amount of money which you must pay in order to cure the default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.

When telephoning this office please identify yourself as the borrower, and refer to our file number.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is:

Bank of America
2270 Lakeside Blvd
Richardson, TX 75082.
1-888-219-7773

Please understand that the secured creditor is not *required* by law to negotiate, amend, or modify the

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated July 16, 2010.

Sincerely,


McCalla Raymer, LLC


/xxl     9/7/10
Enclosure

Original via certified mail - return receipt requested
Copy also sent by first class mail


**THIS IS AN ATTEMPT TO COLLECT A DEBT.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# Exhibit "B"

```
BOOK      PAGE
011847  0060
```

```
DOC# 018811
FILED IN OFFICE
08/30/2010   03:26 PM
BK:11847  PG:60-60
BARBARA A. HARRISON
CLERK OF SUPERIOR COURT
HENRY COUNTY
```

Our File No.: 52069910-FT10
Debtor: Joan C Haynes and Troy Wayne Haynes
Sale Date: 09/07/2010

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

## ASSIGNMENT

STATE OF

COUNTY OF

For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, whose address is 2270 Lakeside Blvd, Richardson, TX 75082, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Joan C Haynes and Troy Wayne Haynes to Mortgage Electronic Registration Systems, Inc., dated December 18, 2007, recorded in Deed Book 10681, Page 265, Henry County, Georgia Records.

Property Address: 1156 Folkstone Dr, Mcdonough, GA 30253

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this June 15, 2010.

Signed, sealed and delivered
in the presence of:

Unofficial Witness

Notary Public
My Commission Expires:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By:
Printed Name: C, Troy Crouse
Title: Vice President

By:
Printed Name: Thomas Sears
Title: Assistant Secretary
(Corporate Seal)

Exhibit "C"

BOOK    PAGE

011847  0061

```
DOC# 018812
FILED IN OFFICE
08/30/2010   03:26 PM
BK:11847   PG:61-61
BARBARA A. HARRISON
CLERK OF SUPERIOR COURT
HENRY COUNTY
```

Our File No.: 52036710-FT10
Debtor: Paul Capozzoli
Sale Date: 09/07/2010

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

## ASSIGNMENT

STATE OF

COUNTY OF

For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, whose address is 2270 Lakeside Blvd, Richardson, TX 75082, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Paul Capozzoli to Mortgage Electronic Registration Systems, Inc., dated June 16, 2007, recorded in Deed Book 10454, Page 91, Henry County, Georgia Records.

Property Address: 420 Southmoor Cir, Stockbridge, GA 30281-4976

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this June 13, 2010.

Signed, sealed and delivered
in the presence of:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____
Printed Name: C. Troy Crouse
Title: Vice President

Unofficial Witness

By: _____
Printed Name: Thomas Sears
Title: Assistant Secretary
(Corporate Seal)

Notary Public
My Commission Expires:

DEBBIE R. FOUSHEE
NOTARY
EXPIRES
GEORGIA
AUG. 06, 2014
PUBLIC
FULTON COUNTY

Exhibit "D"



# GSCCCA.org
## THE GEORGIA SUPERIOR COURT CLERKS' COOPERATIVE AUTHORITY



Log In | Help | Site Map | Glossary | Comments

## GEORGIA NOTARY INDEXES

 

**Notary Search**

Search Criteria
Name: **Foushee Debbie**

Table Display Type:
1 Record Found Page 1 of 1

Display: results per page.

| Name | City | County | Zip Code | Appointment Date | Expiration Date | * Email Address |
|------|------|--------|----------|------------------|-----------------|-----------------|
| FOUSHEE, DEBBIE R | ROSWELL | FULTON | 30076 | 8/6/2010 | 8/5/2014 | No Email |

**1 Record Found Page 1 of 1**

Display: results per page.

* Click here to read our e-mail policy.



### Search Disclaimer

Copyright 2011 © Georgia Superior Court Clerks' Cooperative Authority. All rights reserved. Terms of Use.
This site is best viewed with Internet Explorer 5.5 or higher or Netscape 7.0 or higher.

Exhibit "E"

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires:

_____ (Seal)
CHARLES T CROUSE         -Borrower

_____ (Seal)
ECATERINA CROUSE         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Georgia Security Deed-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       MERS Modified Form 3011 01/01
---THE COMPLIANCE SOURCE, INC.---                    Page 14 of 14                          14301GA 08/00
www.compliancesource.com                                                       © 2000, The Compliance Source, Inc.

+ 0 2 0 8 2 1 4 0 1 7 + 0 0 A D + 1 4 + 1 4

Exhibit "F"

Deed Book 45268 Pg 385
Filed and Recorded Jun-28-2007 12:51pm
2007-0190080
Georgia Intangible Tax Paid $592.51
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Return to: Jason Tennant
    MR Default Services, LLC
    1544 Old Alabama Road
    Roswell, GA 30076

Note to Clerk: Cross-reference to
Security Deed recorded in Deed Book 24249, Page 104,
Loan Modification Agreement recorded in
Deed Book 29475, Page 142, Fulton County,
Georgia records.

NOTE: $256.50 Intangible tax being paid on the amount of $85,296.92 (plus penalty and interest through August 1, 2007) because it was not paid at the time of the Loan Modification recording.

**AFFIDAVIT**
Pursuant to O.C.G.A. §48-6-62

STATE OF Georgia, Fulton County

    Personally appeared before the undersigned officer authorized by law to administer oaths in said State and County, comes the undersigned, who states on oath as follows:

1.

    The undersigned, for McCalla Raymer, LLC, foreclosing attorneys for the senior lienholder of record, CitiMortgage, Inc. sbm Principal Residential Mortgage, Inc. (hereinafter called the "Holder"), am authorized to make this Affidavit on behalf of the Holder and being duly sworn, deposes and states as follows:

2.

    Deponent states that Fredricka Griggs executed that certain Promissory Note dated January 28, 1998, in the principal amount of $82,600.00, which Note was secured by that certain Security Deed in favor of United Mortgage Investors, Inc., dated January 28, 1998, recorded in Deed Book 24249, Page 104, Fulton County, Georgia Records.

3.

    Said Security Deed was modified by that certain Loan Modification Agreement dated August 1, 2000, between Fredricka Griggs and Principal Residential Mortgage, recorded in Deed Book 29475, Page 142, aforesaid records.

4.

    Said Loan Modification Agreement increased the principal balance to $85,296.92 and changed the maturity date to February 1, 2028.

5.

    Deponent states that upon recording the Loan Modification Agreement, intangible tax was due on the entire amount of "unpaid principal balance" ($85,296.92) because the loan modification was not between the same parties as the security deed. The amount of $256.50 was due and was apparently unpaid.

6.

    Deponent states that intangible tax due at this time is $592.52 consisting of (I) intangible tax due on the Loan Modification Agreement of $256.50 and of (ii) a penalty in the amount of $128.25 and (iii) interest being paid through August 1, 2007 in the amount of $207.77. Deponent files this Affidavit for the purpose of paying the intangible tax as permitted under O.C.G.A. §48-6-62(b).

Sworn to and subscribed before
me this _____ day of
_____, 2007.

_____
Notary Public
My Commission Expires:

Thomas A. Sears

5375400/jmt

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

JOAN HAYNES AND )
TROY WAYNE HAYNES )
    PLAINTIFFS ) CIVIL CASE
     ) NO.:11-CV-3396-WC
V )
     )
     )
McCALLA RAYMER, LLC, )
CHARLESTROY CROUSE, ESQ., INDIVIDUALLY, )
AND )
AS AN OFFICER OF MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC, )
THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS )
AN OFFICER OF MORTGAGE ELECTRONIC )
RESGISTRATION SYSTEMS, INC., )
DEBBIE R. FOUSHEE, )
BAC HOME LOAN SERVICING, LP, )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS AND PROMMIS SOLUTIONS, LLC )
    DEFENDANTS )

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served Defendants through their counsel with a copy of

the within *PLAINTIFFS COMPLAINT* by depositing the same with the United States Postal

Service, properly addressed and with adequate postage thereon to:

McCalla Raymer, LLC
Agent: Marty Stone
6 Concourse Parkway,
Suite 3200,
Atlanta, GA 30328

Charles Troy Crouse
1544 Old Alabama Road
Roswell, GA 30076

Thomas Sears
1544 Old Alabama Road
Roswell, GA 30076

Debbie R. Foushee
118 Weatherburne Dr
Roswell, GA 30076

BAC Home Loan Services, LP
CT Corporation System/ Shakinah Edwards
Atlanta, GA 30361

Mortgage Electronic and Registration Systems
P.O. Box 2026
Flint, MI 48501

Mortgage Electronic and Registration Systems
1595 Spring Hill Road
Suite 310
Vienna, Virginia 22182

Prommis Solutions, LLC
3675 Crestwood Pkwy
Suite 350
Duluth, GA 30096

This _____ day of September, 2011.

Respectfully submitted,

JOSHUA G. DAVIS
Bar No.: 514674

**J.G. Davis & Associates, LLC**
P.O. Box 7309
Atlanta, GA 30357
Cell:   (202) 446-8854
Office: (770) 322-6007 ext. 232
Fax:    (770) 322-6449

13