| | |
|---|---|
| JOAN HAYNES AND | ) |
| TROY WAYNE HAYNES | ) |
|     PLAINTIFFS | )  CIVIL CASE NO. |
| | )1:11-CV-03149-TWT-LTW |
| V | ) |
| | ) |
| McCALLA RAYMER, LLC, | ) |
| CHARLESTROY CROUSE, ESQ., INDIVIDUALLY, | ) |
| AND | ) |
| AS AN OFFICER OF MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC, | ) |
| THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS | ) |
| AN OFFICER OF MORTGAGE ELECTRONIC | ) |
| RESGISTRATION SYSTEMS, INC., | ) |
| DEBBIE R. FOUSHEE, | ) |
| BAC HOME LOAN SERVICING, LP, | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS AND PROMMIS SOLUTIONS, LLC | ) |
|     DEFENDANTS | ) |

## ANSWER TO DEFENDANTS' MOTION TO DISMISS/AMENDED COMPLAINT FOR DAMAGES

Comes now, Joan and Troy Haynes, by and through their undersigned counsel, and complains as follows:

### PARTIES

1.

Plaintiffs Joan and Troy Haynes (hereinafter "Plaintiffs") are a married couple, over the age of majority and competent to bring this action, residing at 1156 Folkstone Drive, McDonough, Georgia 30253 (hereinafter "Property").

2.

Defendant McCalla Raymer, LLC (hereinafter "McCalla Raymer") is a law firm incorporated in the state of Georgia, their principal place of business is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

3.

Defendant Charles Troy Crouse, Esq. aka C. Troy Crouse, Esq. is a licensed attorney practicing at the Bar in the State of Georgia and an employee of MERS. He is also an employee of McCalla Raymer and conducts business at their principal place of business which is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

4.

Defendant Thomas Sears, Esq. is a licensed attorney practicing at the Bar in the State of Georgia and an employee of MERS.  He is also an employee of McCalla Raymer and conducts business at their principal place of business which is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

5.

Defendant Debbie R. Foushee is a woman over the age of majority and a notary public commissioned in the State of Georgia.

6.

Defendant Mortgage Electronic Registration Systems Inc. (hereinafter "MERS") conducts business as an electronic registry designed to track servicing rights and ownership of mortgage loans.  Their principal place of business is 1818 Liberty Street, Suite 300, Reston, Virginia, 20190.

7.

Defendant MERSCORP is the parent company of MERS and conducts business as an electronic loan registry for the mortgage finance industry.  Their principal place of business is 1595 Spring Hill Road, Suite 310, Vienna, Virginia, 22182.

8.

Defendant BAC Home Loan Servicing, LP (hereinafter "BAC") is a corporation whose principal place of business is located at 7150 Corporate Drive, Plano, Texas, 75024.

9.

Defendant Prommis Solutions, LLC (hereinafter "Prommis") is a document preparation company working with mortgage servicers and law firms with large mortgage default resolution practices, its principal place of business is 400 Northridge Road Atlanta, Georgia, 30350.

## VENUE AND JURISDICTION

### 10.

Venue is proper in this Court, as the "Subject Property" is located within this jurisdiction.

## BACKGROUND FACTS

### 11.

On or about December 18, 2007, Plaintiffs entered into a Loan Agreement with Quicken Loans, Inc., with a Security Deed (hereinafter "Deed") in the sum of $233,500.00.

### 12.

On or about July 16, 2010, Plaintiffs were served with a Notice of Default by BAC, based upon Plaintiffs' non-payment of monthly mortgage payments.

### 13.

Plaintiffs made several attempts to modify their loan but were consistently unsuccessful.  Plaintiffs took further action and hired NAARI, a home-counseling agency, to assist with obtaining a modification from BOA and were still denied.

### 14.

On or about July 24, 2010, Plaintiffs were served with a Notice of Sale from McCalla Raymer, indicating that the firm represented BAC as creditor for the loan in question.  Additionally, the letter stated that Bank of America (hereinafter

"BOA") was the servicer of such loan and the entity with which Plaintiffs were to seek a modification.  The Notice set the date for a non-judicial foreclosure on the first Tuesday in September, 2010.  (*See* Exhibit "A").

15.

On or about August 30, 2010, MERS recorded an Assignment of Security Deed (hereinafter "Assignment") of said "Deed" to BAC in Henry County deed book 11847 page 0060 for unstated consideration.  The Assignment was dated June 15, 2010.  (*See* Exhibit "B").

16.

On September 7, 2010 Plaintiffs were foreclosed on by BAC.

17.

After Plaintiffs were foreclosed they paid $2000.00 a month into the registry of the Court in order to stay in their home following an order of the Magistrate Court Appeal.   McCalla Raymer was given the authority by the Henry County Superior to collect the deposited funds.

5

ARGUMENT AND CITATION TO AUTHORITY

**COUNT I – Wrongful Foreclosure**

18.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

19.

The purported Assignment took place on June 15, 2010.  The official witness, Debbie R. Foushee, signed the document as a notary public.  However, Debbie Foushee's signature is not accompanied by an official notary seal.  (*See* Exhibit "B").

20.

Under O.C.G.A section 45-17-6 notaries are required to provide a seal for authentication of their notarial acts, but the failure to provide the seal may be cured by aliunde testimony showing proper execution.  *Glenn v. MARTA*, 158 Ga.App. 98, 279 S.E.2d 481 (1981).   The exception does not apply here, because Foushee was not a notary at the time of execution.  Foushee signed and notarized an assignment recorded on book 11847 page 0061 where she included her seal.  The expiration date is listed as August 5, 2014. (*See* Exhibit "C").

21.

Under Georgia law, a notary public is commissioned for a term of 4 years, O.C.G.A section 45-17-5.  Notary commissions are granted by the County Clerk of Court in either county where the prospective notary resides or conducts, substantially, their business.  The beginning date of Debbie Foushee began on August 6, 2010 and she was commissioned in Fulton County. (*See* Exhibit "D").

22.

The Assignment also lacks the signature of two unofficial witnesses.  Troy Crouse and Thomas Sears provided fraudulent and unverified signatures on the attestation clause.  Crouse and Sears hold themselves out as the vice president and assistant secretary, respectively, of MERS.  Both Crouse and Sears provided significantly different signatures on several other official documents including, Crouse's personal security deed recorded on book 4869 page 0166 and an affidavit signed by Sears recorded on book 45268 page 385. (*See* Exhibits "E" and "F").

23.

Furthermore, Crouse has provided at least four different signatures than the one used on his personal security deed as shown in a WSB.com TV news special report. See http://www.wsbtv.com/video/25636610/index.html i.e. robo-signing. The issues arising from the multiple signatures from Crouse and Sears bring into question their actual attestation of said Assignment and because of the fraud would

7

cause the transfer of property from MERS to BAC to fail as a matter of law and therefore cause the foreclosure by BAC to be wrongful.

24.

Moreover, a security deed vests legal title to the property in the grantee, who may foreclose on the security interest. *Tomkus v.Parker*, 224 S.E.2d 353, 369 (Ga. Ct. App. 1978). A "power of sale" in a security deed grants the original grantee the power to sell the property at a foreclosure sale as attorney-in-fact for the debtor to satisfy the debtor's delinquency. An assignee of the original grantee of a security deed may exercise the power of sale contained in such security deed. O.C.G.A. §23-2-114; *Allen v. Wade*, 203 Ga. 753, 755, 48 S.E.2d 538 (1948); *Williams v. Joel*, 89 Ga. App. 329, 79 S.E.2d 401 (1953). An assignee of a security deed, however, cannot exercise the power of sale and foreclose upon the security until there has been an actual assignment complying with Georgia law. *In re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994).

25.

Georgia law requires that "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantor or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A. § 44-14-64. A deed must be attested in the manner prescribed by law for mortgages. O.C.G.A § 44-14-61. Recorded mortgages for real property must be

8

attested or acknowledged by an official witness and at least one additional witness.

O.C.G.A § 44-14-33.  Pursuant to O.C.G.A section 44-2-15, the official witness

may be a notary public.  The validity of an assignment of a security deed is

governed by the laws applicable to the recording of mortgages, O.C.G.A § 44-14-

33.

26.

Under Georgia law, "the registry of a deed not attested, proved, or

acknowledged according to law, is not constructive notice to a bona fide

purchaser." *Hopkins v. Va. Highlands & Assoc., LP*, 541 S.E.2d 386, 390 (Ga. Ct.

App. 2000) (quoting *Connif v. Hunnicutt*, 157 Ga. 823, 826, 122 S.E. 694 (Ga.

1924)).  As between the parties to the instrument, however, the deed is valid and

binding absent a showing of fraud.  *Duncan v. Ball*, 172 Ga. App. 750, 752, 324

S.E.2d 477, 480 (Ga. Ct. App. 1984).  In *Leeds Bldg. Products, Inc. v. Sears Mtg.

Corp*, the Georgia Supreme Court held that a deed that facially complies with

statutory requirements provides constructive notice, but reaffirmed the general rule

that a patently defective deed, a deed with a facial defect, does not constitute

constructive notice to subsequent purchasers.  267 Ga. 300, 301-02, 477 S.E.2d

565 (Ga. 1996); *see also In Re Yearwood*, 318 B.R. 227, 229

(Bankr.E.D.Tenn.2002) (interpreting Georgia law to mean that a recorded

instrument that is facially invalid does not constitute constructive notice to subsequent purchasers).

27.

A patent defect is a defect that is "obvious and easily detectable," such as an unofficial witness's signature on the face of the instrument. *In Re Codrington*, 430 B.R. 287, 292 (N.D. Ga. 2009).

28.

For example, in *In Re Yearwood*, the debtor executed a security to her residence in favor of the defendant. 318 B.R. 227, 228 (N.D. Ga. 2004). The security deed was notarized by an official witness, but did not bear the signature of an unofficial witness. *Id*. The court found that the Chapter 7 Trustee could avoid the defendant's interest in the property because the lack of unofficial witness's signature was a patent defect in the security deed, and thus there was no constructive notice to third parties of its invalidity.

29.

The assignment of the security deed must comply with the attestation requirements of deeds, O.C.G.A. section 44-14-61, and thus the signature of an *official witness* was required to create a valid assignment of the security interest. O.C.G.A § 44-14-33. Just as a deed missing the signature of an unofficial witness

is patently defective, an assignment missing the signature of an actual official
witness is likewise patently defective.

30.

A foreclosure of the security in the absence of a valid assignment is null and
void.  *In Re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994).  For example, in
*Cummings*, the foreclosing creditor claimed that it was entitled to foreclose on the
property because it had acquired a security interest prior to the foreclosure sale by
assignment from the original grantee of the security deed.  *In Re Cummings*, 173
B.R. 959, 962 (N.D. Ga. 1994).  There were two documents at issue in that case.
The first document was a hand-written assignment, which stated that the original
grantee "agrees to assign its interest" in the subject property to the foreclosing
creditor, but did not contain language of conveyance.  The evidence before the
court demonstrated that the assignment was not executed with the same formalities
as the original deed containing the power of sale.  *Id.*  In addition, the second
document entitled "Transfer and Assignment" from the original grantee to the
foreclosing party was executed by the appropriate officers of the parties to the
assignment with the same formalities as the security deed, but the parties failed to
proffer evidence concerning when the documents were executed and delivered
with respect to the foreclosure date.  *Id.*  In the absence of evidence of execution
and delivery, the court concluded that the note and the security deed were not

actually assigned to the foreclosing party before the date of the foreclosure sale. *Id.* at 963.  Since there was no proof of a valid assignment of the note and security deed, the foreclosure of the property was declared null and void.  *Id.*

31.

The purported assignment does not comply with section 44-5-64 because it did not satisfy the attestation formalities prescribed by section 44-5-33, the purported assignment is not a valid assignment under Georgia law.  Thus any foreclosure of the security interest covered by the assignment is null and void.

32.

The defendants' fraudulent assignment created both patently and latently defective deeds, which slanders the title of any property foreclosed upon that relied upon an assignment with the fraudulent attestation causing plaintiffs' damages.

**COUNT II- FRAUD**

33.

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

34.

O.C.G.A. section 23-2-51(b) states that actual fraud requires proof of five elements: a false representation, scienter, intent to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damages.

35.

Debbie Foushee committed fraud when she signed the Assignment as a notary when her notary commission had not in fact begun.  Foushee falsely represented herself to Plaintiffs as a notary for the state of Georgia when she knew or should have known that her commission had not begun.  By "notarizing" the Assignment, Foushee intended to induce Plaintiff into believing that her notarized signature was effective for the intended purpose.  Plaintiffs justifiably relied on Foushee's signature and suffered damages as a result of her fraudulent act.

36.

Assuming Foushee did not know her commission was not yet effective, her acts constitute constructive fraud.  Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. O.C.G.A. section 23-2-51(b).  Constructive fraud may be consistent with innocence.  O.C.G.A. § 23-2-51(c).

37.

Because of its principle-agent relationship with Foushee, Defendant Prommis is liable for fraud.  Foushee acted as an agent of Prommis when she was instructed to notarize the Assignment. Prommis knew or should have known that Foushee was not a notary at the time of attestation.

13

38.

As a result of the Defendants' fraud the Assignment is patently defective and any property foreclosed upon that relied upon the Assignment is invalid.

## COUNT III- FRAUDULENT MISREPRESENTATION

39.

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

40.

MCalla, which was the attorney in fact for BOA and BAC prior to the time BAC was assumed by BOA, communicated to Plaintiffs, through letter dated July 24, 2010, that BOA was the creditor of Plaintiffs loan and the entity authorized to negotiate Plaintiffs' loan. See Exhibit "A."

41.

Further, the notice of foreclosure sale section in the above mentioned July 24, 2010 letter stated that BAC actually owns the home.

42.

On July 24, 2010, the Assignment from MERS to BAC had yet to be recorded. In fact the Assignment was recorded on August 30, 2010. This shows that BAC through its attorney's McCalla Raymer, falsely misrepresented to Plaintiffs with knowledge that such Assignment had not yet been recorded and

further gave the wrong creditor information for Plaintiff to proceed with

modification.  The letter of counsel fails to comply with the notice provisions of

O.C.G.A section 44-14-162 (b) "The security instrument or assignment thereof

vesting the secured creditor with the title to the security instrument shall be filed

prior to the time of sale in the office of the clerk of Superior Court of the county in

which the real property is located."

43.

Furthermore. O.C.G.A. section 44-14-162.2 requires in pertinent part, that

"notice…shall include the name, address, and telephone number of the individual

or entity who shall have the full authority to negotiate, amend, and modify all

terms of the mortgage with the debtor."   The July 24, 2010 letter listed BOA as the

entity with whom to negotiate.  However, due to the defective assignment, BOA

did not have this power.  Plaintiffs never received notice of the correct name,

address, and telephone number of the entity who had the full authority to negotiate.

44.

This misrepresentation, which arose from the July 24, 2010 letter confused

Plaintiffs as to who in fact actually owned and serviced their loan, jeopardizing and

wasting precious time, influencing Plaintiffs to communicate with the wrong

creditor.  Because of this misrepresentation, Plaintiffs failed to get the necessary

15

modification information into the correct creditor in order to postpone the foreclosure sale and save their home.

45.

Defendants have acted with intent to deceive Plaintiffs or to induce Plaintiffs into acting or refraining from acting in their best interest, by providing misleading and incorrect information with regard to the correct party with the authority to negotiate the default.

46.

Plaintiffs have been damaged by Defendants' fraudulent misrepresentations and concealments in an amount to be determined.

47.

Where a creditor does not comply with the statuary duty to exercise fairly the power of sale in a deed to secure debt, the debtor may pursue a cause of action for wrongful foreclosure under O.C.G.A. § 23-2-114. *DeGloyer v. Green Tree Servicing, LLC,* 662 S.E.2d 141 (Ga. Ct. APP 2008).

48.

Additionally, section 44-14-162 of the Georgia code requires that notice of the intention to exercise the power of the sale in a security deed of residential property be given the debtor by the secured creditor no later than thirty (30) days before the date of the proposed foreclosure sale. O.C.G.A. § 44-14-162 *et seq.*

49.

The notice requirement, being in derogation of the common law, is strictly construed.  See *Breitzman v. Heritage Bank*, 180 Ga. App. 171, 348 S. E. 2d 713 (1986).

50.

Georgia statutes require notice by the "secured creditor" to the "debtor". Foreclosures conducted by Defendants pursuant to illegal assignments are wrongful foreclosure, are tortuous conduct and Plaintiffs are entitled to recover damages for same.

## COUNT IV – RESPA Violation

51.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

52.

All Defendants willfully, wantonly and knowingly filed false and fraudulent documents with county clerks and courts in a deliberate attempt to defraud the Plaintiffs into believing that a legal collection of debt was attempted when the defendants knew, or should have known, that they had no legal standing to collect debt from Plaintiffs and that the documents used to effect such transfers were

fraudulently executed and attested in violation of state and federal laws.  Plaintiff

demand damages pursuant to 12 U.S.C. § 2605(f) and FDCPA 15 U.S.C. § 1692K

*et seq.*

### COUNT V – Violation of the Fair Debt Collection Practices Act (FDCPA)

53.

Plaintiffs hereby incorporate by reference the above paragraphs of its

Complaint as if same were fully set forth at length herein.

54.

BAC improperly misrepresented themselves to Plaintiffs to be the party in

interest with legal authority to collect on debts secured by a deed when in fact they

are not authorized to collect debts on behalf of the true party in interest in violation

of 15 U.S.C. § 1692 *et seq.*.  Because of said actions of defendants, Plaintiffs are

entitled to damages.

### COUNT VI-CIVIL CONSPIRACY AND FRAUD (MERSCORP AND MERS

55.

The contents of the paragraph set forth above are incorporated here as if

fully set forth herein.

56.

Defendant MERS and its parent company, MERSCOP at the direction of the "founding shareholders" which include Bank of America, Wells Fargo, Fannie Mae, Freddie Mac, and other parties, which may include defendant Does 1-100 Colluded to create a fictitious corporation, designed and designated a "bankruptcy remote" vehicle, acting at all times as a strawman, and designed specifically to avoid paying county clerk filing fees which are routinely required when recording any type of transfers of security deed.

57.

In 1996, mortgage lenders created Mortgage Electronic Registration Systems, Inc.  MERS in order to internally track secondary market sales of promissory notes and home loan servicing rights by and between its members. Mortgage Electronic Recording Systems, Inc. subsequently changes its name to MERSCORP and used the name Mortgage Electronic Recording Systems, Inc., commonly known as "MERS".

58.

When a mortgage is registered under the MERS system, MERS holds bare legal title acting "solely as nominee" for their members, which may be banks, mortgage lenders, title companies, or even Government Sponsored Entities.

59.

MERS maintains an electronic registry that purports to track the various sales and assignments of notes when they are sold from the original lenders to third parties.  MERS' theory is that as long as the subsequent sale of the servicing rights of the promissory note is sold to another "insider" member, MERS can remain the "nominee" for security deeds and the "beneficiary" for deed of trust on behalf of the new owner.

60.

To the courts, county clerks and general public, it appears as if one person continues to hold the deed and thus no recordation fees are incurred by MERS members even though the sale of promissory notes and servicing rights occur multiple times within a single mortgage transaction over the life of the loan.

61.

The role of MERS is not properly disclosed to borrowers in their loan documents.  MERS provides that it is a "nominee", but the term "nominee" is never defined in the security deed and no disclosures regarding MERS' role in the transaction were provided to homeowners prior to executing the security deed.

62.

Homeowners were and are never informed prior to arrival at the closing that MERS is a party to the transaction.  Upon arrival at the closing, homeowners are given an untenable "take it or leave it" choice in regards to MERS.  They may only accept giving legal title to MERS if they wish to close the transaction for a home for themselves and their families.

63.

MERS lacks the capacity to act as a Trust or Corporate Fiduciary in the State of Georgia, thereby rendering void the security deeds of the Plaintiff that named MERS, acting solely as "nominee" for the Lender and the Lender's successor and assigns.

64.

The term "nominee" is not defined in the security deed.

65.

Georgia law does not recognize the term "nominee" in a real estate transaction wherein the grantee holds legal title for the benefit of another.

66.

Black Law Dictionary defines "nominee" as "[a] person designated to act in the place of another, usually in a very limited way" and as "[b] party who holds

bare legal title for the benefit of others or who receives and distributes funds for the benefit of others. "Blacks Law Dictionary 1076(8111 ed. 2004).

67.

A "beneficiary" is defined as "one designated to benefit from an appointment, disposition, or assignment or to receive something as a result of a legal arrangement or instrument." Black Law Dictionary 165 (8111 ed. 2004).

68.

According to MERS own admission in a Nebraska Court: "[MERS] does not acquire mortgage loans and is therefore not a mortgage banker under section 45-702(6) because it only holds legal title to members' mortgages in a nominee capacity and is contractually prohibited from exercising any rights with respect to the mortgages without the authorization of the members. Further, MERS argues that it does not own the promissory notes secured by the mortgages and has no right to payments made on the notes. MERS explains that it merely "immobilizes the mortgage lien while transfers of the promissory notes and servicing rights continue to occur". (*See Mortgage Elec. Reg. Sys. Inc. v. Nebraska Department of Banking,* 270 Neb. 529, 704 N. W. 2d 74 (2005). The Nebraska court found that MERS was not a mortgage banker and held that MERS is a legal title holder in nominee capacity that permits lenders to sell and assign their interests in notes and servicing rights to third party investors without recording each transaction.

69.

Payment of county clerk fees are deliberately avoided for each MERS transaction, which as a consequence, destroys the traditional notice given through recordation to third parties and destroying any chain of title relating to such transactions, except as such transfers or assignments are saved and held in the MERS electronic database and therefore available only to "insider" members but not to the Courts or the general public.  In exchange for its services, MERS is paid through membership fees charged to its members.

70.

The creation of MERS had the foreseeable effect of avoiding transfer fees associated with the traditional recording of assignments and transfers in the county clerk's deed books and evading disclosure of the time, nature and circumstances of assignments and transfers as well as the identity of the true owner of the mortgage and promissory note.

71.

By its own admission, MERS is not a secured creditor because it does not hold a security for the subject real properties and it never has any beneficial interest in the debt instrument. Therefore, MERS has never been entitled to collect any debt from Plaintiffs, enforce collection of any debt against Plaintiffs or initiate foreclosure proceedings against Plaintiffs because MERS never had legal standing

to do same. MERS is not a secured creditor under Georgia law because it is barred from acting in fiduciary capacity with respect to the note.

72.

Any deeds that were prepared, filed and/or recorded in violation of the notice requirements of O.C.G.A section 44-14-162 *et seq* should be rendered void in order to restore title to the owner who held title at the time of the wrongful foreclosure.

73.

Defendant MERSCORP and its shareholder, Bank of America have at all times relevant been in direct control of the Defendants MERS who operates, controls, owns and manage the operations and business activities of Defendant MERS.

74.

MERSCORP and its shareholders deliberately created MERS, a "bankruptcy remote" company, to act as a strawman, and present itself as a "nominee" for purposes of assignments and transfers of servicing rights.

75.

MERSCORP and its founding members have used MERS, Inc. as the instrumentality through which they (1) avoid paying court and county clerk recordation fees for assignments and transfers (2) conduct fraudulent transfers and

assignments, (3) outsource foreclosure paperwork to foreclosure law firms who they knew or should have known were unlawfully robo-signing mortgage assignments and conveyances for use in conducting wrongful foreclosures.

76.

Defendants MERSCORP and its member shareholders created MERS, Inc. to promote injustice, protect fraud a defeat the purpose of law, to provide a uniform system of recordation of assignments and transfers which would serve as proper constructive notice to all third parties and bona-fide purchasers.

77.

For these reasons, the corporate veil of MERS, Inc. and MERSCORP should be pierced, and these Defendants should be disgorged of any profits and interests earned as a result of its tortuous and illegal conduct.

78.

Its members, officers and directors should be held personally liable for any and all fraud occurring through the acts of MERS, Inc. and MERSCORP.

## COUNT VII-RICO VIOLATIONS

79.

The contents of the paragraph set forth above are incorporated here as if fully set forth herein.

80.

Plaintiffs and all members of the class are considered persons within the meaning of 18 U.S.C. section 1961 (3) and 1964. Defendants are also considered persons within the meaning of 18 U.S.C. section 1961(3).

81.

Collectively, Defendants BOA, BAC, Prommis, MERS, Sears, Crouse and McCalla Raymer, are an "enterprise" under the meaning of 18 U.S.C. section 1961(4) because they have been and are presently engaging in foreign and interstate commerce.

82.

Defendants BOA, in their capacity as shareholders of MERS and "clients" of Prommis Solutions and McCalla Raymer filed illegal and fraudulent foreclosures and caused to be prepared and filed other false documents with courts of this state knowingly and with the intent defraud the Courts, delinquent homeowners and the general public for their own sole benefit and without standing.

83.

Defendants BOA, BAC, Prommis, MERS, Sears, Crouse and McCalla Raymer gained a monetary benefit from their fraudulent conduct, and profits made from racketeering activities were used to continue a scheme to further defraud Plaintiffs and violate RICO laws.

84.

Plaintiffs suffered actual, real damages when Defendants knowingly misrepresented to Plaintiffs that they were parties to a lawful foreclosure process. In fact the documents presented by Defendants to Plaintiffs were executed unlawfully as a part of a process operated to produce income for the Defendants to use in further perpetuation of their fraudulent scheme and provided income for the Defendants to continue their racketeering activities.

85.

The Racketeer Influenced and Corrupt organizations Act states, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." U.S.C. § 1962 (c).

86.

The Defendants BOA, BAC, Prommis, MERS, Sears, Crouse and McCalla Raymer are collectively engaged in an enterprise whose course of conduct and activities affect interstate and foreign commerce within the meaning of 18 U.S.C. sections 1961(4) and 1962. The enterprise created by the Defendants maintains an existence separate from the allegations of racketeering activity.

87.

Defendants BOA, BAC, Prommis, MERS, Sears, Crouse and McCalla Raymer knowingly and in consensus participated, directly and indirectly, engage in, managed and directed the affairs of the enterprise by continuing a pattern of racketeering activity over a span of years, including but not limited to knowingly preparing fraudulent documents, filing false documents the County Clerks and continuously misrepresenting the true party in interest with the intent to further perpetuate the fraud and racketeering activities which gave rise to the allegations of violation of 18 U.S.C.  section 1962(c).

88.

Defendants Crouse and Sears were employed by Defendant MERS.  By providing "signatures" on a fraudulent assignment, Crouse and Sears participated in Defendants' racketeering activity and collection of unlawful debt, thus violating the Racketeer Influenced and Corrupt Organizations Act.  Therefore, Plaintiffs are entitled to damages.

## COUNT VIII-DAMAGES

89.

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

90.

Where a creditor does not comply with the statutory duty to exercise the power of sale in a deed to secure debt, the debtor may pursue a cause of action for wrongful foreclosure under O.C.G.A. section 23-2-144. *DeGloyer v. Green Tree servicing, LLC.* 662 S.E. 2d 141 (Ga. Ct. App. 2008).

91.

Where a foreclosing creditor fails to comply with the notice requirements of section 44-12-162.1, the residential debtor may pursue a claim for wrongful foreclosure. *Roylston v. Bank of America, N.A.,* 290 Ga. App. 566, 660 S.E.. 2d 412, Ga. App. 2008.

92.

The fact that the foreclosing party did not have legal interest in the property and thus did not have a valid power to sell the property is a cognizable defense for a wrongful foreclosure claim. *Id.* "a claim for wrongful exercise of power of sale under section 23-2-114 can arise when the creditor has no legal right to foreclose." *Id* . (reversing trial court ruling that creditor's lack of legal interest in the foreclosed property barred a wrongful foreclosure claim); *see also Rapps v. PHH US Mtg. corp,* (allowing appellant to maintain wrongful foreclosure claim based on allegations that appellee altered deed so that it could foreclose on property that was never subject to the deed).

93.

Where a grantee creditor does not comply with the statutory duty to exercise fairly the power of the sale in a deed to secure debt, O.C.G.A. section 23-2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure. *Calhoun First Nat. Bank v. Dickens,* 264 Ga. 285, 286, 443 S.E.2d 837,838 *(Ga. 1994) (citing Clark v. west* 196 Ga. App. 456, 457, 395 S.E.2d 884 (1990)*; Curl v. First Federal,* 243 Ga. 842, 843, 257 S.E.2d 264 (1979)*.* If the debtor elects to set aside the foreclosure sale, the debtor cannot also recover damages for the value of the property; the debtor may seek both cancellation of the foreclosure sale and recovery of damages "not associated with the value of the property for other wrongful conduct by a mortgagor." *Calhoun, 443 S.E.2d at 838; Clark*, 395 S.E.2d at 885-86 (explaining that damages "for other breaches of duty and other losses" are allowed in action to cancel foreclosure sale).

94.

In a wrongful foreclosure action, the injured party may seek damages for mental anguish in addition to the cancellation of the foreclosure. *DeGolyer v. Green Tree Servicing*, LLC, 291 Ga. App. 444,662 S.E.2d 141,147 9Ga. Ct. App. 2008) "As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence.

However, when the claim is for intentional; misconduct, damages for mental distress may be recovered without proof of physical injury." *Clark,* 196 Ga. App at 457-58; 395 S.E. 2d at 886 *(quoting Hamilton v. Powell, Goldstien, Frazier & Murphy,* 252 Ga. 149, 150, 311 S.E.2d 818 (Ga. 1984)).

95.

An Action for damages for emotional distress in a wrongful foreclosure action is treated as an action for intentional infliction of emotional distress, and the plaintiff has the burden to prove intentional conduct to cause harm. *McCarter v. Banker Trust Co.* , 543 S.E.2d 755,758 (Ga. Ct. App. 2000).

96.

Breach of the statutory duty upon mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt is a tort compensable at law, and entitles the debtor to punitive damages where appropriate. *Clark v. West,* 196 Ga. App. 456, 457, 395 S.E. 2d 884, 886 (Ga. Ct. App. 1990); see, e.g., *Curl V. First Federal Savings & Loan Assn*., 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirming award of actual and punitive damages in an action for wrongful foreclosure); *Decatur Investments Co. v. McWilliams*, 162 Ga. App 181, 181, 290 S.E.2d526,527 (1982) (affirming award of punitive damages in a wrongful foreclosure action where debtor provided sufficient evidence of creditor's bad faith).

31

97.

Because an improperly attested deed does not provide constructive notice of the assignee's security interest, the bonafide purchaser has priority of title to the disputed property as against the assignee, and thus, the assignee's deed should be canceled as a cloud upon the superior title of the purchase. *See Higdon v. Gates*, 238 Ga. 105, 231 S.E.2d 345 (Ga. 1976) (affirming trial court's cancellation of bank's security deed as a cloud upon title subsequent purchaser where the deed was not properly attested because it showed on its face that the tax had not been paid to entitle to be recorded).

98.

As a result of all Defendants' illegal and tortuous conduct in conducting wrongful foreclosures, Plaintiffs request, actual, compensatory, intentional infliction of emotional distress and punitive damages. *See Curl v. First Federal Savings & Loan Assn.*, *West*,. 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirming award of actual and punitive damages in an action for wrongful).

99.

Plaintiffs further pray that all Defendants be disgorged from any profits obtained as a direct or indirect result of their illegal, intentional and tortuous conduct and that a constructive trust be imposed thereon.

100.

Plaintiffs request that all wrongful foreclosure sales are deemed void and set aside and that the court impose and issue restraining orders and/or protective orders against Defendants on behalf of Plaintiffs.

101.

Plaintiffs respectfully request that attorney fees be paid by Defendant in all appropriate stages of the proceedings, if any.

## COUNT IX-PUNITIVE DAMAGES

102.

The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

103.

Defendants are banking institutions, mortgage servicers and licensed attorneys who are held to a high standard of honesty.

104.

Defendants' frauds and other misconduct upon the public and the judiciary for their financial benefit is reprehensible outrageous and demands serious punitive damages to deter Defendants from further harming the public and deceiving the judiciary.

105.

Defendants' conduct described herein was done with conscious and intentional disregard of Plaintiffs' rights and with the intent to injure, vex and annoy and take Plaintiff's without due process of law and the same constituted oppression, fraud or malice, entitling Plaintiffs to an award of punitive damages in than amount appropriate to punish or set an example of defendants and to deter them from such conduct.

## JURY DEMAND

106.

Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court grant the relief herein sought as follows:

- As to Count I, compensatory and punitive damages in an amount to be determined  at the time of trial, attorney's fees and cost and that the foreclosure be set aside;

- As to Count II, compensatory damages and punitive damages in an amount to be

determined at the time of trial, attorney's fees and costs;

- As to Count III, compensatory damages in an amount to be determined at the time     of trial, attorney's fees and costs;

- As to Count IV, compensatory damages in an amount to be determined at the time     of trial, attorney's fees and costs;

- As to Count V, compensatory damages in an amount to be determined at the time    of trial, attorney's fees and costs;

- As to Count VI, compensatory damages in an amount to be determined at the time     of trial, attorney's fees and costs;

- As to Count VII, compensatory damages in an amount to be determined at the   time of trial, attorney's fees and costs;

- As to all Counts, attorney's fees as allowed by law, interest at the statutory rate        and all other costs of this proceeding allowed by law.

- For other and further relief as Plaintiffs may be entitled as provided under Georgia and Federal law;

- That Plaintiffs have such other and further relief as is just and proper.

Respectfully Submitted,

This 25th day of October, 2011.

**Signature On Next Page**

_____/s/_____
JOSHUA G. DAVIS
Bar No.: 514674

**J.G. DAVIS & ASSOCIATES, LLC**
P.O. Box 7309
Atlanta, GA 30357
Phone:  (855) 543-2847
Office:  (770) 322-6007 ext. 232
Fax:    (855) 814-3619
swordandshieldlaw@gmail.com

# IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JOAN HAYNES AND | ) |
| TROY WAYNE HAYNES | ) |
|     PLAINTIFFS | )  CIVIL CASE NO. |
| | )1:11-CV-03149-TWT-LTW |
| V | ) |
| | ) |
| McCALLA RAYMER, LLC, | ) |
| CHARLESTROY CROUSE, ESQ., INDIVIDUALLY, | ) |
| AND | ) |
| AS AN OFFICER OF MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC, | ) |
| THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS | ) |
| AN OFFICER OF MORTGAGE ELECTRONIC | ) |
| RESGISTRATION SYSTEMS, INC., | ) |
| DEBBIE R. FOUSHEE, | ) |
| BAC HOME LOAN SERVICING, LP, | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS AND PROMMIS SOLUTIONS, LLC | ) |
|     DEFENDANTS | ) |

## CERTIFICATE OF SERVICE

    I hereby certify that on this day, I served Defendants through their counsel with a copy of the within ***ANSWER TO DEFENDANTS' MOTION TO DISMISS/AMENDED COMPLAINT FOR DAMAGE*** by depositing the same with the United States Postal Service, properly addressed and with adequate postage thereon to:

McCalla Raymer, LLC
Agent: Marty Stone
6 Concourse Parkway,
Suite 3200,

Atlanta, GA 30328

Charles Troy Crouse
1544 Old Alabama Road
Roswell, GA 30076

Thomas Sears
1544 Old Alabama Road
Roswell, GA 30076

Debbie R. Foushee
118 Weatherburne Dr
Roswell, GA 30076

BAC Home Loan Services, LP
CT Corporation System/ Shakinah Edwards
Atlanta, GA 30361

Mortgage Electronic and Registration Systems
P.O. Box 2026
Flint, MI 48501

Mortgage Electronic and Registration Systems
1595 Spring Hill Road
Suite 310
Vienna, Virginia 22182

Prommis Solutions, LLC
3675 Crestwood Pkwy
Suite 350
Duluth, GA 30096

This 25th day of October, 2011.

***Signature On Next Page***

Respectfully submitted,

_____/s/_____
JOSHUA G. DAVIS
Bar No.: 514674

**J.G. Davis & Associates, LLC**
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Office: (770) 322-6007 ext. 232
Fax:   (855) 814-3619

Exhibit "A"

FROM : JOAN HAYNES          FAX NO. : 404+759+2811          Aug. 02 2011 11:46AM  P2

7113 8269 1474 4525 9434

**CERTIFIED COPY**

LAW OFFICES
## MCCALLA RAYMER, LLC
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076

TELEPHONE: (770) 643-2148
TELEFAX: (770) 643-4062
1-800-845-8633

July 24, 2010

Joan C Haynes
Troy Wayne Haynes
1156 Folkstone Dr
Mcdonough, GA 30253

RE:    NOTICE OF FORECLOSURE SALE - Note and Security Deed - BAC Home Loans Servicing, LP
fka Countrywide Home Loans Servicing LP vs. Joan C Haynes and Troy Wayne Haynes

|  |  |
|---|---|
| Servicing Lender's #: | 175368902 |
| Our File #: | 52069910-FT10 |
| Original Borrower: | Joan C Haynes and Troy Wayne Haynes |
| Current Borrower: | Joan C Haynes and Troy Wayne Haynes |
| Property: | 1156 Folkstone Dr |
|  | Mcdonough, Georgia 30253 |
|  | Henry County, Georgia |
| PMI Certificate No.: | 1705939324 |

Dear Borrower:

By letter dated July 16, 2010 (the "Initial Communication Letter") we notified you that the above-referenced loan had been referred to this law firm for handling. That letter also advised you of certain rights (the "Borrowers Rights"- - which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrower's Rights as explained in the Initial Communication Letter.

Please be advised that if you are not obligated on this loan, or if you have received a discharge in a bankruptcy case where your personal liability on this loan was extinguished, then any action we take would be limited to the foreclosure of the above referenced property. If you are currently under bankruptcy protection, please fax your bankruptcy case information to us at (866) 812-4732.

The entire amount of the outstanding balance of principal and interest owed on the loan and any other authorized charges is now due and payable. Additionally, the terms of your note call for the addition of attorneys' fees to the debt in case of collection by or through an attorney. Georgia law (O.C.G.A. Section 13-1-11) requires that you be allowed ten (10) days from your receipt of this letter to pay the entire amount owed without having to pay attorneys' fees. After that time the full attorneys' fees allowed by Georgia law may be added to the debt.



**THIS IS AN ATTEMPT TO COLLECT A DEBT.    ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

FROM : JOAN HAYNES                FAX NO. : 404+759+2811            Aug. 02 2011 11:47AM  P4

Enclosed is a copy of the Notice of Sale submitted for publication in the legal newspaper. Note that the sale is scheduled for the first Tuesday in September, 2010, and will be held within the legal hours of sale at the Henry County Courthouse.

Please be advised that if the default is not cured and the property is sold at foreclosure to an outside investor (other than your lender), there may be excess proceeds from the sale for distribution to lienholders and/or the owner of record. Neither lienholders nor owners have to sign any contracts or pay any fees to outside agencies to recover these funds! If an outside investor contacts you after foreclosure advising they have purchased your property at sale, please call our Excess Proceeds department between 45 - 60 days after the foreclosure sale to determine if any such funds exist.

For further information regarding this foreclosure, you may call our office at (770) 643-2148, and ask for Team FT10 of Prommis Solutions, LLC. The lender may be able to allow you to reinstate the loan and stop the foreclosure. You may call our office to find out if reinstatement is allowed; and if allowed, to find out the amount of money which you must pay in order to cure the default. If you reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.

When telephoning this office please identify yourself as the borrower, and refer to our file number.

The entity that has full authority to negotiate, amend, and modify all terms of the mortgage with the debtor is:

Bank of America
2270 Lakeside Blvd
Richardson, TX 75082.
1-888-219-7773

Please understand that the secured creditor is not *required* by law to negotiate, amend, or modify the

Please note that this letter is being sent to you in order to comply with Georgia statutory foreclosure law requirements. Nothing in this letter should be considered as preventing you from exercising the Borrower's Rights as explained in the Initial Communications Letter dated July 16, 2010.

Sincerely,

McCalla Raymer, LLC

/xx1     9/7/10
Enclosure

Original via certified mail - return receipt requested
Copy also sent by first class mail

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit "B"

BOOK        PAGE

011847     0060

DOC# 018811
FILED IN OFFICE
08/30/2010   03:26 PM
BK:11847   PG:60-60
BARBARA A. HARRISON
CLERK OF SUPERIOR COURT
HENRY COUNTY

Our File No.: 52069910-FT10
Debtor:  Joan C Haynes and Troy Wayne Haynes
Sale Date: 09/07/2010

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

ASSIGNMENT

STATE OF

COUNTY OF

    For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, whose address is 2270 Lakeside Blvd, Richardson, TX 75082, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Joan C Haynes and Troy Wayne Haynes to Mortgage Electronic Registration Systems, Inc., dated December 18, 2007, recorded in Deed Book 10681, Page 265, Henry County,  Georgia Records.

    Property Address: 1156 Folkstone Dr, Mcdonough, GA 30253

    The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

    The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

    IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this June 15, 2010.

Signed, sealed and delivered
in the presence of:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

Unofficial Witness

By: _____
Printed Name: C. Troy Crouse
Title: Vice President

Notary Public
My Commission Expires:

By: _____
Printed Name: Thomas Sears
Title: Assistant Secretary
(Corporate Seal)

Exhibit "C"

BOOK      PAGE
011847  0061

FILED IN OFFICE
08/30/2010   03:26 PM
BK:11847   PG:61-61
BARBARA A. HARRISON
CLERK OF SUPERIOR COURT
HENRY COUNTY

Our File No.: 52036710-FT10
Debtor: Paul Capozzoli
Sale Date: 09/07/2010

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

ASSIGNMENT

STATE OF

COUNTY OF

For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP, whose address is 2270 Lakeside Blvd, Richardson, TX 75082, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Paul Capozzoli to Mortgage Electronic Registration Systems, Inc., dated June 16, 2007, recorded in Deed Book 10454, Page 91, Henry County, Georgia Records.

Property Address: 420 Southmoor Cir, Stockbridge, GA 30281-4976

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this June 13, 2010.

Signed, sealed and delivered
in the presence of:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

Unofficial Witness

By:_____
Printed Name: C. Troy Crouse
Title: Vice President

Notary Public
My Commission Expires:

By:_____
Printed Name: Thomas Sears
Title: Assistant Secretary
(Corporate Seal)

DEBBIE R. FOUSHEE
NOTARY
EXPIRES
GEORGIA
AUG. 05, 2014
PUBLIC
FULTON COUNTY

**Exhibit "D"**



# GSCCCA.org
## THE GEORGIA SUPERIOR COURT CLERKS' COOPERATIVE AUTHORITY



Log In | Help | Site Map | Glossary | Comments

**GSCCCA Application**

**UCC Index**

**Real Estate Index**

**Lien Index**

**Notary Index**

**Notary Search**

**Plat Index**

**PT-61 Index**

**Carbon Registry Index**

**Return to Previous Page**

**GSCCCA Home**

## GEORGIA NOTARY INDEXES

[ Fullscreen View ]    [ Back ]

Search Criteria
Name: **Foushee Debbie**

Table Display Type: [ 1 Line ]

1 Record Found Page 1 of 1

Display: [ 10 ] results per page.

| Name | City | County | Zip Code | Appointment Date | Expiration Date | * Email Address |
|---|---|---|---|---|---|---|
| FOUSHEE, DEBBIE R | ROSWELL | FULTON | 30076 | 8/6/2010 | 8/5/2014 | No Email |

1 Record Found Page **1** of **1**

Display: [ 10 ] results per page.

* Click here to read our e-mail policy.



**Search Disclaimer**

Copyright 2011 © Georgia Superior Court Clerks' Cooperative Authority. All rights reserved. Terms of Use.
This site is best viewed with Internet Explorer 5.5 or higher or Netscape 7.0 or higher.

Exhibit "E"

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

Signed, sealed and delivered in the presence of:

_____          _____ (Seal)
Unofficial Witness                                   CHARLES T CROUSE              -Borrower

_____          _____ (Seal)
Notary Public                                      ECATERINA CROUSE              -Borrower
My Commission Expires:
County: FORSYTH                                  _____ (Seal)
                                                                             -Borrower

                                                  _____ (Seal)
                                                                             -Borrower

Georgia Security Deed-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          MERS Modified Form 3011 01/01
—THE COMPLIANCE SOURCE, INC.—                        Page 14 of 14                               14301GA 08/00
www.compliancesource.com                                                                © 2000, The Compliance Source, Inc.

Exhibit "F"

Deed Book 45268 Pg 385
Filed and Recorded Jun-28-2007 12:51pm
2007-0190080
Georgia Intangible Tax Paid $592.51
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

Return to: Jason Tennant
MR Default Services, LLC
1544 Old Alabama Road
Roswell, GA 30076

Note to Clerk: Cross-reference to
Security Deed recorded in Deed Book 24249, Page 104,
Loan Modification Agreement recorded in
Deed Book 29475, Page 142, Fulton County,
Georgia records.

NOTE: $256.50 Intangible tax being paid on the amount of $85,296.92 (plus penalty and interest through August 1, 2007) because it was not paid at the time of the Loan Modification recording.

**AFFIDAVIT**
Pursuant to O.C.G.A. §48-6-62

STATE OF Georgia, Fulton County

Personally appeared before the undersigned officer authorized by law to administer oaths in said State and County, comes the undersigned, who states on oath as follows:

1.

The undersigned, for McCalla Raymer, LLC, foreclosing attorneys for the senior lienholder of record, CitiMortgage, Inc. sbm Principal Residential Mortgage, Inc. (hereinafter called the "Holder"), am authorized to make this Affidavit on behalf of the Holder and being duly sworn, deposes and states as follows:

2.

Deponent states that Fredricka Griggs executed that certain Promissory Note dated January 28, 1998, in the principal amount of $82,600.00, which Note was secured by that certain Security Deed in favor of United Mortgage Investors, Inc., dated January 28, 1998, recorded in Deed Book 24249, Page 104, Fulton County, Georgia Records.

3.

Said Security Deed was modified by that certain Loan Modification Agreement dated August 1, 2000, between Fredricka Griggs and Principal Residential Mortgage, recorded in Deed Book 29475, Page 142, aforesaid records.

4.

Said Loan Modification Agreement increased the principal balance to $85,296.92 and changed the maturity date to February 1, 2028.

5.

Deponent states that upon recording the Loan Modification Agreement, intangible tax was due on the entire amount of "unpaid principal balance" ($85,296.92) because the loan modification was not between the same parties as the security deed. The amount of $256.50 was due and was apparently unpaid.

6.

Deponent states that intangible tax due at this time is $592.52 consisting of (i) intangible tax due on the Loan Modification Agreement of $256.50 and of (ii) a penalty in the amount of $128.25 and (iii) interest being paid through August 1, 2007 in the amount of $207.77. Deponent files this Affidavit for the purpose of paying the intangible tax as permitted under O.C.G.A. §48-6-62(b).

Sworn to and subscribed before
me this ___ day of
April___, 2007.

_____
Notary Public
My Commission Expires:

_Thomas A. Sears_

STACY L. ROBERTS
NOTARY
GEORGIA
MAY 22, 2008
PUBLIC
FULTON COUNTY

5375400/jmt