IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOAN HAYNES and TROY WAYNE
HAYNES,

     Plaintiffs,

v.

                            CIVIL ACTION NO.
                            1:11-CV-3149-TWT-LTW

MCCALLA RAYMER, LLC, et al.,

     Defendants.

## MAGISTRATE JUDGE'S NON-FINAL ORDER AND REPORT AND RECOMMENDATION

     This case is presently before the Court on Plaintiffs' Motion to Set Aside Foreclosure (Docket Entry 6), Defendants McCalla Raymer, LLC, C. Troy Crouse, and Thomas Sears' Motion to Dismiss Complaint and Motion to Dismiss Amended Complaint (Docket Entries 9, 13), Defendant Prommis Solution, LLC's Motion to Dismiss Complaint and Motion to Dismiss the Amended Complaint (Docket Entries 10, 15), Defendant Debbie Foushee's Motion to Dismiss Complaint and Motion to Dismiss the Amended Complaint (Docket Entries 11, 14), as well as Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Amended Complaint. Docket Entry [16]. For the reasons explained below, this Court **RECOMMENDS** that:

(1)    Defendants' Motions to Dismiss Plaintiffs' initial Complaint (Docket Entries 9, 10, 11) be **DEEMED MOOT**;

(2)     Plaintiffs' Motion to Set Aside Foreclosure (Docket Entry 6) be **DENIED AS PREMATURE;**

(3)     Defendants McCalla Raymer, LLC, C. Troy Crouse, and Thomas Sears' Motion to Dismiss Amended Complaint (Docket Entry 13) be **GRANTED**.  If this Court's Report and Recommendation is adopted by the district court, however, Plaintiffs may amend their FDCPA claim within ten (10) days of the district court's Order to the extent that they can allege specific facts showing that McCalla Raymer was a debt collector;

(4)     Defendant Prommis Solution, LLC's Motion to Dismiss the Amended Complaint (Docket Entry 15) be **GRANTED;**

(5)     Defendant Debbie Foushee's Motion to Dismiss the Amended Complaint (Docket Entry 14) be **GRANTED**; and

(6)     Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Amended Complaint (Docket Entry 16) be **GRANTED IN PART AND DENIED IN PART**.  Additionally, if this Court's Report and Recommendation is adopted by the district court, Plaintiffs may amend their FDCPA claim within ten (10) days of the district court's Order to the extent that they can allege specific facts showing that BAC Home Loan Servicing, LP was a debt collector.

2

## DEFENDANTS' MOTIONS TO DISMISS

### I.   BACKGROUND

Plaintiffs Joan and Troy Wayne Haynes (hereinafter "Plaintiffs") filed this lawsuit on September 6, 2011, in the Superior Court of Henry County, for claims arising out of Defendant BAC Home Loan Servicing, Inc.'s foreclosure on their residence on September 7, 2010. Therein, Plaintiffs alleged wrongful foreclosure, violations of the Real Estate Settlement Procedures Act, 15 U.S.C. § 2605(f), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"). Defendants removed the matter to this Court on September 16, 2011, and Defendants McCalla Raymer, LLC ("McCalla Raymer"), C. Troy Crouse ("Crouse"), Thomas Sears ("Sears"), Prommis Solutions, LLC ("Prommis"), and Debbie Foushee ("Foushee") moved to dismiss. Docket Entries [1, 9, 10, 11]. Plaintiffs responded by filing an Amended Complaint adding additional claims and facts as a matter of right. Docket Entry [12]. Defendants McCalla Raymer, Crouse, Sears, Prommis, Foushee, Bank of America, N.A. ("BOA"), and Mortgage Electronic Registration Systems ("MERS") filed Motions to Dismiss the Amended Complaint. Accordingly, McCalla Raymer, Crouse, Sears, Prommis, and Foushee's initial Motions to Dismiss Plaintiffs' original Complaint should be **DEEMED MOOT**.

Plaintiffs allege in the Amended Complaint that on approximately December 18, 2007, Plaintiffs entered into a Loan Agreement with Quicken Loans, Inc. to obtain a $233,500 loan and executed a Security Deed in favor of MERS, acting solely as

nominee for the Quicken Loans, Inc. (Amended Compl. ¶ 11; Security Deed, Docket Entry [17-2], p. 2). On approximately July 16, 2010, BAC served Plaintiffs with a Notice of Default for their failure to make monthly mortgage payments. (Amended Compl. ¶ 12). On approximately July 24, 2010, McCalla Raymer served Plaintiffs with a notice of foreclosure sale for the first Tuesday in September, and indicated that the firm represented BAC, the creditor, and that BOA was the Servicer of the loan from whom the Plaintiffs could seek a modification of the loan. (Amended Compl. ¶ 14). On August 30, 2010, MERS recorded an Assignment of the Security Deed which was dated June 15, 2010. (Amended Compl. ¶ 15). The Assignment indicated that MERS transferred its interest in the Security Deed to BAC. (Amended Compl. ¶ 15). Foushee signed the document as a notary public, but did not include her official notary seal on the document. (Amended Compl. ¶ 19). Plaintiffs assert that the beginning date of Foushee's notary commission was not until August 6, 2010, well after the date the Assignment was executed. (Amended Compl. ¶ 21). Plaintiffs also aver that the Assignment was not attested by two unofficial witnesses and that the signatures for the signors for MERS, Crouse, and Sears were fraudulent and unverified. (Amended Compl. ¶ 22). According to Plaintiffs, Crouse and Sears' signatures on other documents were significantly different. (Amended Compl. ¶ 22). On September 7, 2010, BAC foreclosed on Plaintiffs' home. (Amended Compl. ¶ 16).

Plaintiffs' theory is that the aforementioned defects in the Assignment renders it ineffective and therefore McCalla Raymer, LLC's letter indicating that BAC was the

4

creditor and authorized to negotiate Plaintiffs' loan was false. Plaintiffs aver that they relied to their detriment on the misrepresentation and that confused them as to who owned and serviced their loan causing them to communicate with the wrong creditor and causing them to fail to deliver loan modification information to the correct creditor. (Amended Compl. ¶¶ 40-44). Plaintiffs allege that as a result, they were not able to postpone the foreclosure sale and save their home. (Amended Compl. ¶ 44).

Plaintiffs allege in Count I of their Amended Complaint that because the Assignment was ineffective, the foreclosure was invalid and wrongful. (Amended Compl. ¶¶ 30-32). Plaintiffs allege in Count II of their Amended Complaint that Defendant Debbie Foushee committed fraud when she executed the Assignment as a notary because her notary commission had not yet begun. (Amended Compl. ¶¶ 35-37). Plaintiffs further allege in Count II that Prommis is liable for Foushee's alleged fraud due to the principal-agent relationship between Foushee and Prommis. In Count III of Plaintiffs' Amended Complaint, Plaintiffs contend that McCalla Raymer, in its July 24, 2010 letter to Plaintiffs, fraudulently misrepresented that BOA[1] was the creditor of Plaintiffs' loan, that BOA was the entity authorized to negotiate a modification of the loan, and that BAC actually owned the home. Plaintiffs contend that these statements were fraudulent because the Assignment was ineffective and had not yet been recorded, and therefore,

---

[1] In Paragraph 14 of Plaintiffs' Amended Complaint, Plaintiffs allege that McCalla Raymer represented BAC as the creditor and BOA as the servicer for the loan. In Paragraph 40 of the Plaintiffs' Amended Complaint in the discussion of Count III, Plaintiffs allege that McCalla Raymer communicated that BOA was the creditor.

BOA was not Plaintiffs' creditor.    (Amended Compl. ¶¶ 40-44, Ex. A).  In Count IV of Plaintiffs' Amended Complaint, Plaintiffs contend that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), when they filed false and fraudulent documents within the county clerks so that Plaintiffs would believe that they had standing to collect the debt when they did not. (Amended Compl. ¶¶ 51-52). In Count V, Plaintiffs allege that unspecified Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., when BAC misrepresented itself as the party in interest with legal authority to collect on the debt secured by Plaintiffs' deed even though BAC did not have legal authority to collect debt on behalf of the true party in interest. (Amended Compl. ¶¶ 53-54).

Plaintiffs further contend in Count VI that the MERS system for registering the sales and assignments of notes consists of a civil conspiracy between MERS and its shareholders, including BOA.  Plaintiffs contend that security deeds naming MERS as nominee for the lender and successors and assigns are not valid because Georgia law does not recognize the term nominee and it is not defined in their Security Deed. Plaintiffs also allege that the MERS system avoids the recordation of the transfers of security deeds with county courts and provides notice of transfers only for insider members but not the general public.  As a result, Plaintiffs allege that they are denied knowledge of the true owner of the mortgage and promissory note, that notice requirements of O.C.G.A. § 44-14-162 are ignored, and that unrecorded deeds should be rendered void.

In Count VII, Plaintiffs contend that Defendants BOA, BAC, Prommis, MERS, Sears, Crouse, and McCalla Raymer, who allegedly operated as an enterprise, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq. ("RICO") when they misrepresented that they were parties to a lawful foreclosure process, misrepresented the true parties in interest, filed illegal and fraudulent foreclosures, and caused to be prepared and filed other false documents with the courts, knowingly and with the intent to defraud the courts, delinquent homeowners and the general public in order to gain a monetary benefit. (Amended Compl. ¶¶ 81-88). In Counts VIII, Plaintiffs allege that they are entitled to actual, compensatory, punitive, and emotional distress damages, for the wrongful foreclosure of their home. In Count IX, Plaintiffs allege that they are entitled to punitive damages for Defendants' fraud. Defendants have filed four separate motions to dismiss Plaintiffs' Amended Complaint.

### A.    **Defendant Prommis' Motion to Dismiss**

In Defendant Prommis' Motion to Dismiss the Amended Complaint (Docket Entry 15), it contends that it should be dismissed because (1) Plaintiffs do not allege any wrongdoing by Prommis; (2) Plaintiffs' wrongful foreclosure claim fails as a matter of law because Prommis did not owe Plaintiffs any legal duty, and Plaintiffs did not allege any facts showing that Prommis owed Plaintiffs a legal duty, that Prommis breached that duty, that Prommis caused Plaintiffs' an injury, that Prommis had any connection to their foreclosure whatsoever, or that Prommis could even foreclose on their mortgage; (3) Plaintiffs' fraud claim fails as a matter of law because it cannot be liable for

Foushee's acts as a notary and Plaintiffs have failed to plead a fraud claim with particularity against Foushee, Plaintiffs fail to allege any false misrepresentation by Prommis, and Plaintiffs fail to allege any justifiable reliance on any misstatements within the Assignment; (4) Plaintiffs' constructive fraud claim fails because Plaintiffs do not allege that they were in a fiduciary or confidential relationship with Prommis or that Prommis has a controlling influence over Plaintiffs' conduct; (5) Plaintiffs' RESPA claim against Prommis fails because RESPA only applies to servicers; (6) Plaintiffs' FDCPA claim against Prommis fails because Plaintiffs do not allege facts showing that Prommis is a debt collector; (7) Plaintiffs' RICO claim fails because Plaintiffs do not allege the existence of an enterprise or a pattern of racketeering. In response, Plaintiffs concede that they are not asserting wrongful foreclosure (Count I), fraudulent misrepresentation claims (Count III), RESPA violations (Count IV), or conspiracy claims (Count VI) against Prommis. Accordingly, to the extent that Count I, Count III, Count IV, and Count VI could be interpreted as asserting wrongful foreclosure claims, fraudulent misrepresentation claims, RESPA violations, and conspiracy claims against Prommis, they should be **DISMISSED** as to Prommis.

### B.    Defendant Foushee's Motion to Dismiss

In Defendant Foushee's Motion to Dismiss the Amended Complaint (Docket Entry 14), Foushee contends that she should be dismissed because (1) Plaintiffs' wrongful foreclosure claim fails as a matter of law because Foushee did not owe Plaintiffs any legal duty and because Plaintiffs did not allege any facts showing that

Foushee owed Plaintiffs a legal duty, that Foushee breached that duty, that Foushee caused Plaintiffs to suffer an injury, or that Foushee could even foreclose on their mortgage; (3) Plaintiffs' actual fraud claim fails as a matter of law because Plaintiffs fail to allege any misrepresentation by Foushee and Plaintiffs fail to allege any justifiable reliance on any misstatements within the Assignment; (4) Plaintiffs' constructive fraud claim fails because Plaintiffs do not allege that they were in a fiduciary or confidential relationship with Foushee or that Foushee has a controlling influence over Plaintiffs' conduct; (5) Plaintiffs' RESPA claim fails because RESPA only applies to loan servicers; (6) Plaintiffs' FDCPA claim fails because Plaintiffs do not allege facts showing that Foushee is a debt collector; and (7) Plaintiffs' RICO claim fails because Plaintiffs do not allege the existence of an enterprise or a pattern of racketeering by Foushee.   Plaintiffs, who are represented by counsel, have not filed a response in opposition to Foushee's Motion.   Under this Court's Local Rule 7.1(B), Plaintiffs' failure to respond to the motion indicates that they do not oppose it. LR 7.1(B), NDGa. Additionally, Plaintiffs' claims against Foushee fail, for the most part, for the same reasons Plaintiffs' claims against Prommis fail as outlined below.   Therefore, given Plaintiffs' failure to pursue their claims against Foushee and their apparent acquiescence to the Motion to Dismiss, the Court concludes that the action against Foushee should be **DISMISSED**. LR 7.1(B), NDGa; see also Magluta v. Samples, 162 F.3d 662, 664 (11th Cir. 1998) (recognizing that court may exercise discretion to dismiss action for failure

to respond to motion under LR 7.1, NDGa); <u>Fuller v. Home Depot Servs., LLC</u>, No. 1:07-cv-1268-RLV, 2007 WL 2345257 (N.D. Ga. Aug. 14, 2007).

## C. **Defendants BOA and MERS' Motion to Dismiss**

In Defendants BOA[2] and MERS' Motion to Dismiss (Docket Entry 16), they contend that (1) Plaintiffs' wrongful disclosure claim against them fails as a matter of law because the formalities required for executing assignments were met, the missing notary seal can only render the Assignment insufficient to give notice to subsequent purchasers of the Security Deed, and Plaintiffs fail to aver facts supporting any of the required elements of a wrongful foreclosure; (2) the fraud claim in Count II of the Amended Complaint should be dismissed as to them because it is only directed against Prommis and Foushee and Plaintiffs fail to present any particularized facts supporting a fraud claim against BOA and MERS; (3) Plaintiffs' fraudulent misrepresentation claim set forth in Count III fails because Plaintiffs' Amended Complaint alleges that McCalla Raymer made the misrepresentation and not BOA or MERS, Plaintiffs fail to allege any facts indicating that BAC was not entitled to the debt at the time of the July 24, 2010 letter, Plaintiffs fail to allege facts supporting the notion that their reliance on McCalla Raymer's letter was justifiable, and Plaintiffs fail to show that they were damaged by the alleged misrepresentation; (4) Plaintiffs' RESPA claim fails because it is inadequately pled and they fail to allege any damages resulting from a violation of

---

[2] Defendant BOA has responded to claims brought against Defendant BAC because it is its successor in interest due to a merger.

RESPA; (5) Plaintiffs' FDCPA claim fails because BOA and MERS are not debt collectors and foreclosure on a security interest is not debt collection activity; (6) Plaintiffs' civil conspiracy claim fails because the underlying predicate torts for fraud and misrepresentation fail, Plaintiffs do not allege a specific tort from which the conspiracy claim stems, MERS' position as nominee has been held valid by courts, and the documents Plaintiffs signed at closing contain unequivocal language giving MERS legal title and ability to act as nominee; (7) Plaintiffs' RICO claim fails because they have not pled a fraud claim with particularity and the MERS system is not unlawful; (8) Plaintiffs' claims for damages fail because they have not alleged a basis for actual, compensatory, or punitive damages or an underlying tort meriting damages; and (9) Plaintiffs' claim for attorneys' fees and costs should be dismissed because Plaintiffs cannot prevail on their substantive claims.

### D.   McCalla Raymer, Crouse, and Sears' Motion to Dismiss

Defendants McCalla Raymer, Crouse, and Sears contend in their Motion to Dismiss that Plaintiffs' (1) wrongful foreclosure claim should be dismissed because Plaintiffs do not allege wrongful foreclosure and instead allege that the foreclosure sale was invalid, Plaintiffs do not explain how differences amongst Crouse and Sears' signatures affect the validity of the Assignment, anomalies within the notary attestation do not invalidate the Assignment, and McCalla Raymer, as attorneys effecting the foreclosure have acted on behalf of their principal, BAC and are not responsible for the actions of their principal; (2) fraud claim in Count II of their Complaint should be

11

dismissed as to McCalla Raymer, Crouse, and Sears because Plaintiffs do not allege that they are responsible for the fraud discussed in Count II; (3) fraudulent misrepresentation claims in Count III should be dismissed for the same reasons as their wrongful foreclosure claims; (3) RESPA claim should be dismissed because Plaintiffs' claims are not covered by the RESPA statute and McCalla Raymer, Crouse, and Sears are not covered by RESPA because they are not loan servicers; (4) FDCPA claim should be dismissed because McCalla Raymer, Crouse, and Sears are not debt collectors and have not engaged in debt collection activity; (5) civil conspiracy claims should be dismissed as to McCalla Raymer, Crouse, and Sears because these claims are not alleged against them; (5) RICO claim fails because it is not pled with particularity; and (6) punitive damages claim fails because they have not alleged wilful misconduct, malice, fraud, wantonness or oppression by McCalla Raymer, Crouse, or Sears and the underlying substantive tort claims should be dismissed.

Plaintiffs concede in response that the wrongful foreclosure claim in Count I, the fraud claim in Count II, the RESPA claim in Count IV, and the civil conspiracy claim in Count VI  do not apply to McCalla Raymer, Crouse, or Sears.  Accordingly, these claims should be **DISMISSED** as to McCalla Raymer, Crouse, and Sears.

## II.    <u>Motion to Dismiss Standard</u>

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. <u>Neitzke v. Williams</u>, 490

U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough factual matter taken as true to suggest required elements of the claim. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

## III.   Count I:  Plaintiffs' Wrongful Foreclosure Claim

In Count I of Plaintiffs' Complaint, they contend that Defendants wrongfully foreclosed on their home because the Assignment of their Security Deed from MERS to BAC was invalid. In support, Plaintiffs argue that the Assignment was invalid because the signatures of the individuals executing the Assignment on behalf of MERS were fraudulent and the Assignment was notarized by Foushee before she became a notary and she failed to seal her signature with a notary seal. In support, Plaintiffs argue that the Assignment's omission of a notary seal was a patent defect on the face of the

13

Assignment. As a result, the Assignment never gave BOA a "real interest in the property" and therefore BOA never had a legal right to foreclose. As discussed above, Plaintiffs concede that they did not intend to assert a wrongful foreclosure claim against Prommis, McCalla Raymer, Crouse, or Sears. Accordingly, to the extent that Plaintiffs' Complaint can be read to assert a wrongful foreclosure claim against Defendants Prommis, McCalla Raymer, Crouse, and Sears, the claim should be **DISMISSED**.

Defendants BOA and MERS contend that Plaintiffs' wrongful foreclosure claim fails as a matter of law because the Assignment was valid. In support, BOA and MERS contend that formalities required for executing assignments were met and that despite the fact that the missing notary seal can render the Assignment insufficient to give notice to subsequent purchasers of the Security Deed, the Assignment remains valid as to the parties to the Assignment. BOA and MERS further contend that Plaintiffs fail to allege facts supporting any of the required elements of a wrongful foreclosure.

Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and damages. Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *3 (N.D. Ga. Apr. 20, 2010); All Fleet Refinishing, Inc. v. West Georgia Nat. Bank, 280 Ga. App. 676, 681 (2006); Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371 & n. 4 (2004) (citing Calhoun First Nat. Bank v. Dickens, 264 Ga. 285, 286 (1994)). Alternatively, the plaintiff may forego damages and seek to set aside the

14

foreclosure. Innocent v. Wachovia Mortg. Corp., No. 1:10-CV-03799-RWS, 2012 WL 602129, at *3 (N.D. Ga. Feb. 22, 2012); Roylston v. Bank of Am., N.A., 290 Ga. App. 556 (2008). Plaintiffs sufficiently state a claim for wrongful foreclosure.

First, Plaintiffs allege that Defendants have breached to duty to fairly exercise the power of sale because they allege that Defendants foreclosed when they did not have a legal interest in the property due to the invalid Assignment. A violation of the foreclosure statute is necessary to establish breach of duty constituting a wrongful foreclosure. See O.C.G.A. §§ 23-2-114, 44-14-160 et seq.; McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000); Clark v. West, 196 Ga. App. 456,  456-57 (1990). To that end, Georgia Courts have found breach of duty when the creation of a promissory note was fraudulently induced, when the lender failed to satisfy liens against the property and made usurious charges, when lender fraudulently altered a security deed by substituting a different property description, and when the foreclosure sales price was so grossly inadequate and the sale was accompanied by "fraud, mistake, misapprehension, surprise or other circumstances which might authorize a finding that such circumstances contributed to bringing about the inadequacy of price." Roylston, 290 Ga. App. at 559; Bassett v. Jasper Banking Co., 278 Ga. App. 698, 702 (2006) (bank allegedly breached duty by falsely advising blind man that his note would automatically renew and that he would be lent $200,000 in order to induce him to agree to loan terms); Boaz v. Latson, 260 Ga. App. 752, 757 (2003) (holding that commencement of foreclosure proceedings based on fraudulent debt and failure to

comply with foreclosure notice requirements states a claim for breach of duty in support of wrongful foreclosure claim), opinion vacated in part on other grounds, 269 Ga. App. 589 (2004); Aikens v. Wagner, 231 Ga. App. 178, 180 (1998); Brown v. Freedman, 222 Ga. App. 213 (1996) (unfair exercise of power of sale could be breach of duty); Gilbert v. Cherry, 136 Ga. App. 417 (1975); Rapps v. PHH US Mortg. Corp., 220 Ga. App. 602 (1996).

O.C.G.A. § 23-2-114 places creditors under the duty to exercise the power of sale fairly. When the grantee does not comply with the statutory duty under O.C.G.A. § 23-2-114 to exercise the power of sale in a deed to secure debt fairly, the debtor may sue for wrongful foreclosure. Stimus v. CitiMortgage, Inc., No. 5:10–CV–435(MTT), 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011); DeGolyer v. Green Tree Servicing, LLC, 291 Ga. App. 444, 448-49 (2008). The Georgia Court of Appeals has concluded that the power of sale is not exercised fairly under O.C.G.A. § 23-2-114 when the creditor has no legal right to foreclose and that under such circumstances, a claim for wrongful foreclosure arises. DeGolyer, 291 Ga. App. at 449; Brown, 222 Ga. App. at 214.

In this case, Plaintiffs argue that BAC had no legal right to foreclose on their residence because the Assignment from MERS to BAC failed to convey the rights within the Security Deed because the signatures of the individuals executing it on behalf of MERS were forged, their signatures were not properly witnessed by a notary with an active notary commission, and the notary failed to seal her signature with the notary seal. As a result, Plaintiffs claim a breach of the statutory duty to exercise fairly and in

16

good faith the power of sale in a deed to secure debt. (Compl. ¶¶ 96-97). This Court agrees with Plaintiffs that, accepting the facts as alleged in the Amended Complaint as true, Defendant BAC has breached the duty to exercise the power of sale fairly. Again, accepting the facts in Plaintiffs' Amended Complaint as true and the reasonable inferences therefrom, Defendants Crouse and Sears' signatures executing the Assignment on behalf of MERS were forged,[3] and thus, the Assignment was a nullity and failed to give BAC a legal right to foreclose. A forged deed is a nullity and vests no title in the grantee. Aurora Loan Servs., LLC v. Veatch, 288 Ga. 808, 809 (2011) ("[E]ven a bona fide purchaser for value without notice of a forgery cannot acquire good title from a grantee in a forged deed, or those holding under such a grantee, because the grantee has no title to convey."); Brock v. Yale Mortg. Corp., 287 Ga. 849, 852 (2010) (forged quit claim deed was a nullity and did not convey title to grantee). Because Assignments or transfers of deeds must also be signed by the grantee, it follows that an Assignment containing forged signatures of the grantee would also be a nullity. See O.C.G.A. § 44-14-64 (providing that all transfers or assignments of a deed to secure debt shall be in writing, shall be signed by the grantee, or if the deed has been previously transferred, by the last transferee, and shall be witnessed as required for

---

[3] Under the common law of Georgia, "a forgery occurs where one person signs the name of another person while holding out that signature to be the actual signature of the other person." Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A., 307 Ga. App. 307, 313 (2010). Plaintiffs repeatedly allege that Crouse and Sears' signatures were fraudulent and radically different on other documents. (Am. Compl. ¶¶ 22-23; Pl. Br. 5, Docket Entry [18]).

deeds); <u>Brock</u>, 287 Ga. at 852 (forged quit claim deed was a nullity and did not convey title to grantee).   Thus, a cause of action for wrongful foreclosure lies against a foreclosing creditor who claims right to the bundle of interests under the security deed based on a forged assignment.[4]  <u>See</u> <u>Morgan v. Ocwen Loan Serv., LLC</u>, 795 F. Supp. 2d 1370, 1377 (N.D. Ga. 2011) ("A court may enjoin a nonjudicial foreclosure sale in a wrongful foreclosure action where the authority to foreclose is in question"); <u>Jackman v. Hasty</u>, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *2-3 (N.D. Ga. Mar. 8, 2011) (declining to dismiss wrongful foreclosure claim after concluding that it was not clear to the Court that there had been a proper assignment of the security deed or note from MERS to bank or that bank had any authority to foreclose on property because law firm employees executed assignment and stated that they were its Assistant Vice President and Secretary, but did not allege in the motion to dismiss that they were ever employees of MERS); <u>Cary v. Guiragossian</u>, 270 Ga. 192, 194 (1998) (holding that mortgage

---

[4] BAC and MERS argue that because Plaintiffs were not parties to the Assignment, they do not have standing to contest defects in the Assignment. This would be the case if the defects were mere defects in attestation because the Assignment would still be valid between the parties to the Assignment and Plaintiffs are not a party to the assignment.  However, because Plaintiffs allege that the signatures were forged, the Assignment would have no effect, and under Georgia law, the Plaintiffs may seek to set aside the foreclosure when the instrument transferring the property interest to the party exercising the power of sale is a nullity.  Plaintiffs alleging wrongful foreclosure under these circumstances would meet the requirements of an injury (the foreclosure of their home and likely impending dispossession), that is traceable to BAC's action (foreclosure without legal authority to do so), and redressable by a favorable ruling (set aside the foreclosure).  <u>See, e.g.</u>, <u>Henry v. Guaranteed Rates, Inc.</u>, 415 F. App'x 985 (11th Cir. 2011); <u>Jackman v. Hasty</u>, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *2-3 (N.D. Ga. Mar. 8, 2011); <u>Budget Charge Accounts, Inc. v. George</u>, 214 Ga. 312, 313-14 (1958).

company which owned security deed that had been assigned to a succession of mortgage companies could not validly exercise a power of sale contained in security deed where there had been no execution of a transfer and assignment of the security deed and promissory note to mortgage company); Budget Charge Accounts, Inc. v. George, 214 Ga. 312, 313-14 (1958) (holding that since the evidence was sufficient to authorize finding that the security deed which contained the power of sale was a forgery and was not ratified, temporary injunction enjoining defendants from selling owner's land at public auction under power of sale was properly issued by trial judge). In this case, Plaintiffs allege sufficient facts indicating that Crouse and Sears' signatures were forged. Plaintiffs allege that their signatures were fraudulent, that their signatures varied between documents signed by them, and presented documents showing drastic variations in the forms of their signatures. (Amended Compl. ¶¶ 22-23, Exs. B, E, F). Plaintiffs further allege that the individual who witnessed their signatures on the Assignment as a notary was not a notary at the time. Although Defendants MERS and BAC challenge Plaintiffs' allegations in this regard as "unsupported, non-expert, and irrelevant," they provide no authority for the proposition that Plaintiffs must allege more than they have. These factual allegations, and the reasonable inferences therefrom, plausibly support the conclusion that Sears' and Crouse's signatures were forged.

Furthermore, while this Court agrees that the Assignment would remain binding and valid between the parties to the Assignment (MERS and BAC) if the only defect within the Assignment was the issues with the notarization, because the Assignment is

19

alleged to contain forged signatures, the Assignment is rendered a nullity and not binding between the parties to the Assignment absent evidence of ratification by MERS. Compare Aurora Loan Servs., 288 Ga. at 809 (forged quit claim deed was a nullity and did not convey title to grantee); Second Refuge Church of Our Lord Jesus Christ, Inc. v. Lollar, 282 Ga. 721, 726-27 (2007) with Bramblett v. Bramblett, 252 Ga. 21, 22 (1984); Hooten v. Goldome Credit Corp., 224 Ga. App. 581, 582 (1997) ("Despite a statutory requirement that the signature of the maker of a deed must be attested by two witnesses, the requirement relates only to the recordability of the instrument, and a deed may be valid between the parties without attestation."); Duncan v. Ball, 172 Ga. App. 750, 752 (1984); Moody v. Moody, 241 Ga. 286 (1978) ("The fact that a deed is not recorded, and may not be recordable for lack of attestation does not render it invalid, nor inadmissible in evidence if the proper foundation is laid"); Budget Charge Accounts, Inc. v. Peters, 213 Ga. 17, 18 (1957) ("The allegation that the deed was improperly witnessed by an agent of the lender as notary public is insufficient to void the deed to secure debt, since a deed without attestation conveys the title as against the grantor and his heirs."). Moreover, no factual allegations within the Amended Complaint indicate that MERS ratified the alleged forged signatures within the Assignment. Ratification of a forged signature occurs if a principal, with full knowledge of all the material facts, accepts the benefits of an unauthorized acts or retains such benefits after discovering the material facts. Brock, 287 Ga. at 855 ("Under Georgia law, a forged signature is nonetheless binding if ratified by the person whose name was signed."). Whether

ratification occurs is usually a fact question for the jury.  Brock, 287 Ga. at 854.

Because ratification is an affirmative defense, Plaintiffs do not have the duty to plead

facts to defeat the defense in their Amended Complaint, and their wrongful foreclosure

claim is subject to dismissal only if the defense is apparent on the face of the Complaint.

Hudson Drydocks Inc. v. Wyatt Yachts Inc., 760 F.2d 1144, 1146 n.3 (11th Cir. 1985)

(holding that "[a]n affirmative defense may be raised in a Rule 12(b)(6) motion to

dismiss for failure to state a claim, but only if the defense is apparent on the face of the

complaint"); R.W. Holdco, Inc. v. Johnson, 267 Ga. App. 859, 859 (2004) (noting that

ratification is an affirmative defense); Hendrix v. First Bank of Savannah, 195 Ga. App.

510, 511 (1990) ("Ratification, the confirmation by one of an act performed by another

without authority, is an affirmative defense, and the burden of proving it is on the party

asserting it.").

Defendants further contend that Plaintiffs failed to establish the remaining

elements of their claim or that the alleged breach proximately caused damages.  Where

a grantee does not comply with the statutory duty to exercise fairly the power of sale in

a deed to secure debt, under O.C.G.A. § 23-2-114, the debtor may seek to set aside the

foreclosure or sue for damages for the tort of wrongful foreclosure, but not both.

Calhoun First Nat'l Bank, 264 Ga. at 285-86.  If the debtor elects to sue for damages,

the recovery allowed is the full difference between the fair market value of the property

at the time of the sale and the indebtedness to the seller if the fair market value exceeded

the amount of indebtedness. Roylston, 290 Ga. App. at 559-60.  While Plaintiffs' assert

AO 72A
(Rev.8/82)

legal conclusions that they are entitled to compensatory, punitive, actual, emotional distress damages, Plaintiffs do not allege any specific facts supporting their claim that Defendants' alleged breach of duty caused them damages.  Thus, Plaintiffs' claim for damages should be **DISMISSED**.  However, Plaintiffs also seek to set aside their foreclosure and are not required to prove any resultant damages to do so.  (Amended Compl. ¶ 100).  Accordingly, Defendants' Motion to Dismiss should be **DENIED** as to Plaintiffs' claim to set aside the foreclosure.  Because Plaintiffs do not allege that MERS was involved in any actions to foreclose on their property, Plaintiffs fail to state any cognizable claim for wrongful foreclosure against MERS and to the extent that Plaintiffs were attempting to state a wrongful foreclosure claim against MERS, the claim should be **DISMISSED**.

## IV.   Count II: Fraud

Plaintiffs contend in Count II of their Amended Complaint that Defendant Debbie Foushee committed fraud when she executed the Assignment as a notary when her notary commission had not yet begun.  (Amended Compl. ¶¶ 35-37).  Plaintiffs further contend in Count II that Prommis, a document preparation company working with mortgage servicers and law firms which have large mortgage default resolution practices, is liable for Foushee's fraud because she acted as an agent of Prommis when it instructed her to notarize the Assignment.  Additionally, Plaintiffs allege that Prommis knew or should have known that Foushee was not a notary at the time of her attestation.  (Amended Compl. ¶ 37).

22

### A.    Defendants BAC and MERS

Defendants BAC and MERS contend that the fraud claims in Count II of Plaintiffs' Amended Complaint should be dismissed as to them because it only pertains to Defendants Foushee and Prommis. Plaintiffs do not respond in opposition. Because the claim for fraud in Count II of Plaintiffs' Complaint is only asserted against Defendants Foushee and Prommis, there are no claims against Defendants BAC and MERS to dismiss.

### B.    Defendant Prommis

Prommis contends that Plaintiffs' Amended Complaint fails to state a claim for fraud against it because under Georgia law, it cannot be held vicariously liable for a notary's discharge of her public duties. Prommis further contends that Plaintiffs have not stated a claim for actual fraud because they have not alleged any misrepresentation or omission by Prommis to them, Plaintiffs did not rely upon any statements by Prommis, and any reliance by Plaintiffs was unjustified. Prommis contends that Plaintiffs also have not stated a claim for constructive fraud because they allege no facts tending to show that Plaintiffs and Prommis were in a confidential or fiduciary relationship or that Prommis exercised a controlling influence over Foushee.

This Court agrees with Defendant Prommis that Plaintiffs have not alleged facts showing that they reasonably relied to their detriment on Foushee's attestation that she was a notary. To state a claim for actual fraud against Prommis, Plaintiffs must allege facts showing that Prommis knowingly made false statements, that it made those

statements with an intention to induce Plaintiffs to act or refrain from acting in reliance on the statements, that Plaintiffs justifiably relied on the false statements, and that Plaintiffs were damaged as a result. See, e.g., Eason Publ'ns, Inc. v. NationsBank of Ga., 217 Ga. App. 726, 730 (1995); Maddox v. S. Eng'g Co., 216 Ga. App. 6, 7 (1994). Similarly, to state a claim for constructive fraud, Plaintiffs must also allege facts indicating that they justifiably relied on the false statements. Whiteside v. Infinity Cas. Ins. Co., No. 4:07-CV-87, 2008 WL 3456508, at *15 (M.D. Ga. Aug. 8, 2008); Prime Mgm't Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London, No. 1:07-CV-1578-WSD, 2007 WL 4592099, at *6 (N.D. Ga. Dec. 28, 2007); Eason Publ'ns, Inc., 217 Ga. App. at 730.  Plaintiffs appear to argue that they were misled by Foushee's representations that she was a notary by her attestation in the Assignment. Plaintiff also appears to argue that they believed as a result of the Assignment's indication that the interest in the Security Deed had been transferred to BAC, that BAC was the creditor from whom they would obtain a loan modification.  Consequently, Plaintiffs allege that they attempted to obtain a loan modification from BAC, which never had authority to modify their loan terms, and BAC denied their request. (Pl.'s Br. 4).

Plaintiffs' argument that Foushee's alleged misrepresentation that she was a Notary in the Assignment caused them to miss out on an opportunity to obtain a loan modification, however, is contradicted by their allegations in their Amended Complaint. Plaintiffs allege in their Amended Complaint that McCalla Raymer served them with a

Notice of Sale dated July 24, 2010, indicating that the firm represented Bank of America or BAC as the creditor. (Amended Compl. ¶¶ 14, 40-44). According to Plaintiffs, it was the Notice of Sale which misled them as to the proper creditor and caused them to attempt to obtain a loan modification from the wrong entity. (Amended Compl. ¶¶ 40-44). Plaintiffs do not allege that they received a copy of the Assignment before they were denied a modification. Indeed, the Amended Complaint indicates that the Assignment in question was not even recorded until August 30, 2010, and that the foreclosure sale occurred a little more than a week later on September 7, 2010. (Amended Compl. ¶¶ 14-16, 42). Prommis correctly points out that it would not be proper for this Court to consider this contradictory allegation from outside the pleadings in connection with the instant Motion to Dismiss. See, e.g., GSW, Inc. v. Long Cnty., 999 F.2d 1508, 1510 (11th Cir. 1993) (Court is required to accept the facts as set forth in the complaint as true and limit its consideration to the pleadings and exhibits attached thereto); In re Androgel Antitrust Litigation, 687 F. Supp. 2d 1371, 1381 (N.D. Ga. Feb. 22, 2010) (holding that "in the post-Twombly world," a plaintiff cannot amend his complaint by argument of counsel made in opposition to motion to dismiss because the complaint is judged as is and not on whether a set of facts would be imagined that would support the claim). Accordingly, there are no facts in the Amended Complaint which support Plaintiffs' theory that they relied on representations within the Assignment to their detriment. Accordingly, Plaintiffs' fraud claim against Prommis should be **DISMISSED**.

AO 72A
(Rev.8/82)

## V.   **Count III: Fraudulent Misrepresentation**

In Count III of Plaintiffs' Amended Complaint, they contend that Defendant McCalla Raymer, as the attorney in fact for BOA and BAC, falsely communicated, via its July 24, 2010 letter, that BOA was the creditor of Plaintiffs' loan and that BOA was the entity authorized to negotiate a modification of their loan.  Plaintiffs contend that these representations were fraudulent because no valid Assignment had actually been recorded, and therefore BOA was not their creditor. (Amended Compl. ¶¶ 40-44, Ex. A).  Plaintiffs allege that as a result, they were confused as to who owned and serviced their loan, causing them to communicate with the wrong creditor and submit loan modification information to the wrong creditor.

### A.   **Defendant Prommiss**

Plaintiffs concede that they are not asserting fraudulent misrepresentation claims against Defendant Prommis.  Accordingly, to the extent that Count III, could be interpreted as asserting fraudulent misrepresentation claims against Defendant Prommis, such claims should be **DISMISSED**.

### B.   **Defendants BAC and MERS**

Defendants BAC and MERS contend that Plaintiffs' fraudulent misrepresentation claims should be dismissed because (1) McCalla Raymer made the fraudulent representations and not them; (2) Plaintiffs did not plead a factual basis to establish any of the elements required to prove fraud; (3) the letter contained no fraudulent statements because the Assignment was effective between the parties even though it was

26

unrecorded; (4) Plaintiffs did not justifiably rely on the misrepresentations within the Assignment because they could have sought further information from telephone numbers on the letter and Plaintiffs have not alleged that they did so; and (5) Plaintiffs do not show that they suffered any damages as a result of the misrepresentations within the letter.

Plaintiffs' fraudulent misrepresentation claim against BAC fails as a matter of law because as MERS and BOA point out, Plaintiffs fail to plead facts supporting the required elements of their claim with particularity. Plaintiffs do not allege particularized facts tending to show that BAC or McCalla Raymer made fraudulent representations with scienter or that Plaintiffs relied on the statements to their detriment. Rule 9 requires that Plaintiffs' fraud claim be described with particularity. Fed. R. Civ. P. 9; Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291-92 (11th Cir. 2010); Serefex Corp. v. Hickman Holdings, LP, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010) (dismissing fraud claim because plaintiff failed to plead the "who, what, when, where, and how" of the fraud). In order to state a claim for fraudulent misrepresentation, the plaintiff must allege (1) a false representation by a defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) resulting damage to the plaintiff. Bassett v. Jasper Banking Co., 278 Ga. App. 698, 700 (2006); Potts v. UAP-GA AG CHEM, Inc., 256 Ga. App. 153, 155 (2002).

Applying the law to the facts of this case, Plaintiffs have failed to plead

particularized facts showing that BAC made fraudulent statements with scienter. Plaintiffs claim that BAC had scienter regarding alleged fraud within the Assignment because it was easily detectable. Although BAC and McCalla Raymer may have learned upon reviewing the Assignment that the Assignment was not properly recorded or properly attested by a notary prior to the July 24, 2010 letter, knowledge of these issues with the Assignment would not equate to knowledge that the Assignment was invalid because, even with defects in recording or attestation, the Assignment would remain effective as between MERS and BAC. Bramblett, 252 Ga. at 22; Hooten, 224 Ga. App. at 582; Duncan, 172 Ga. App. at 752; Moody, 241 Ga. 286; Peters, 213 Ga. at 18. Thus, these alleged anomalies within the Assignment would not cause statements that BAC was Plaintiffs' creditor and that BAC or BOA had the authority to modify their loan to be false. Furthermore, although the presence of forged signatures on behalf of MERS within the Assignment would render it invalid, Plaintiffs plead no specific facts indicating that either McCalla Raymer or BAC knew that the signatures were forged or knew that BAC was not the creditor. There are no statements within the Complaint even indicating who prepared the Assignment.

Additionally, Plaintiffs failed to plead facts showing that they relied on any fraudulent statements by McCalla Raymer or BAC to their detriment. Although Plaintiffs allege that as a result of the July 24, 2010 letter they "were confused as to who . . . owned and serviced their loan," which caused them to waste time and present loan modification information to the wrong creditor, Plaintiffs failed to allege any facts

AO 72A
(Rev.8/82)

supporting the theory that they communicated with the "wrong entity," that they would have obtained a loan modification if they had communicated with a different entity, and that BOA would not have foreclosed on their loan had they communicated with another entity. (Amended Compl. ¶¶ 43-44). Furthermore, Plaintiffs do not allege sufficient facts to indicate that they did not communicate with the correct creditor. While Plaintiffs indicate that the Assignment of the Security Deed was invalid as of the time McCalla Raymer sent its July 24, 2010 letter, Plaintiffs do not allege any facts indicating that BOA had not purchased their loan prior to that time or showing that BOA was not the proper party from whom they should seek a modification of their loan. Therefore, Plaintiffs' fraud claim against BAC should be **DISMISSED**. See, e.g., Minnifield v. Johnson & Freedman, LLC, 448 F. App'x 914,  917 (11th Cir. 2011) (dismissing fraud claim because plaintiff failed to plead any facts with sufficient particularity to demonstrate scienter on the part of defendant). Furthermore, because there are no allegations that the alleged statements about the identity of the creditor within the July 24, 2010 letter were made on behalf of MERS or that MERS made false statements about the identity of Plaintiffs' creditor, any fraudulent misrepresentation claims asserted against MERS within Count III should also be **DISMISSED**.

## C. **Defendants McCalla Raymer, Crouse, and Sears**

Defendants McCalla Raymer, Crouse, and Sears contend that Plaintiffs' fraudulent misrepresentation claim should be dismissed for the same reasons given for dismissal of Plaintiffs' wrongful foreclosure claims. Thus, McCalla Raymer, Crouse,

and Sears argue that the Assignment was valid, and therefore, McCalla Raymer properly identified the creditor in the July 24, 2010 letter to Plaintiffs. In support, Defendants argue that Plaintiffs do not explain how differences in Crouse and Sears' signatures affect the validity of the Assignment and that anomalies within the notary attestation do not invalidate the Assignment. Additionally, McCalla Raymer argues that it, as legal counsel effecting the foreclosure, acts on behalf of their principal, BAC/BOA, and is not responsible for the actions of their principal. Plaintiffs respond only that Defendants fail to provide any connection between the fraudulent misrepresentation claim and the wrongful foreclosure claim.

This Court agrees with Defendants Crouse and Sears that Plaintiffs' fraudulent misrepresentation claim must be dismissed as to these Defendants. First, Count III of Plaintiffs' Complaint is predicated on the notion that the letter McCalla Raymer sent to Plaintiffs in July 2010 contained fraudulent misrepresentations because it indicated that BAC or BOA was the creditor for Plaintiffs' loan. Count III of Plaintiffs' Complaint does not discuss any fraudulent misrepresentations on behalf of Crouse and Sears.[5] Accordingly, Plaintiffs' fraudulent misrepresentation claim, to the extent it is asserted against Sears and Crouse should be **DISMISSED**. Secondly, Plaintiffs' fail to respond to McCalla Raymer's argument that McCalla Raymer's actions on behalf of BOA/BAC are considered acts by their principal and that McCalla Raymer is therefore not

---

[5] Even if it is assumed that Defendants Crouse and Sears' signatures were forged, this does not show fraudulent behavior on the part of Crouse or Sears. At most, it shows fraudulent behavior on behalf of whoever forged their signatures.

30

responsible for them. Thus, Plaintiffs have abandoned the fraudulent misrepresentation claim against BOA/BAC. Furthermore, as discussed above, Plaintiffs do not allege particularized facts tending to show that McCalla Raymer made fraudulent representations with scienter or that Plaintiffs justifiably relied on such statements to their detriment. Accordingly, Plaintiffs' fraudulent misrepresentation claim against McCalla Raymer should also be **DISMISSED**.

## VI.    Count IV: RESPA

The extent of Plaintiffs' RESPA claim is as follows:

> All Defendants willfully, wantonly and knowingly filed false and fraudulent documents with county clerks and courts in a deliberate attempt to defraud the Plaintiffs into believing that a legal collection of debt was attempted when the Defendants knew, or should have known, that they had no legal standing to collect debt from Plaintiffs and that the documents used to effect such transfers were fraudulently executed and attested in violation of state and federal laws. Plaintiffs demand damages pursuant to 12 U.S.C. § 2605(f). . . .  (Amended Compl. ¶ 52).

Plaintiffs concede that their RESPA claim in Count IV does not apply to Defendants Prommis, McCalla Raymer, Crouse, or Sears. Accordingly, Plaintiffs' RESPA claims should be **DISMISSED** as to Defendants Prommis, McCalla Raymer, Crouse, and Sears.

Defendants MERS and BAC contend that Plaintiffs' RESPA claim is insufficiently pled because Plaintiffs fail to provide Defendants with notice of the substance of their alleged RESPA violations or to allege facts showing that Defendants MERS and BAC were servicers subject to RESPA's requirements. Defendants further argue that to the extent that Plaintiffs are attempting to state a claim pursuant to 12

31

U.S.C. § 2605(b)(2), their claim fails as a matter of law because Plaintiffs fail to allege actual damage from a nondisclosure of the assignment of a mortgage loan or a pattern or practice of nondisclosure warranting statutory damages. In response, Plaintiffs only state generally that the allegations in their Complaint are enough to put Defendants on notice of their claim.

This Court disagrees. Plaintiffs' RESPA claim fails as a matter of law because Plaintiffs fail to identify in what way Defendants violated the statute and any factual allegations supporting such a violation. If this Court were to infer that because Plaintiffs are seeking damages pursuant to Section 2605(f), their claim must relate to the requirement that a loan servicer give notice to the borrower at the time of a transfer of loan servicing under Section 2605(b), Plaintiffs' claim would still fail because Plaintiffs fail to allege any facts supporting the theory that any servicer failed to give them notice of a transfer of servicing of the loan. Accordingly, Plaintiffs' RESPA claim should be **DISMISSED**.

## VII.   Count V: FDCPA

Plaintiffs assert that BAC misrepresented itself to Plaintiffs as having legal authority to collect the debt secured by Plaintiffs' Security Deed in violation of the FDCPA. (Amended Compl. ¶ 54). Plaintiffs further imply in their Amended Complaint that all of the other Defendants are responsible for BAC's alleged misrepresentation and resultant damages. (Amended Compl. ¶ 54). Plaintiffs now concede that their FDCPA claims are not applicable to MERS. Therefore, Plaintiffs' FDCPA claims against MERS

32

or Defendants Crouse and Sears in their official capacity should be **DISMISSED**.

## A.    **Defendant Prommis**

Defendant Prommis contends that Plaintiffs fail to state a FDCPA against it because it is not a debt collector.  Plaintiffs simply state in response that "violations of FDCPA is [sic] applicable to Prommis."  (Pl.'s Br. p. 5, Docket Entry [22]).  Plaintiffs' minimal response, however, fails to address Prommis' legal contentions.  The law is well settled in this circuit that a legal claim or argument that has not been briefed is deemed abandoned and the mere mention of an argument without any supporting substantive analysis is not sufficient.  See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 459 (11th Cir. 2009); Dawkins v. Glover, 308 F. App'x 394, 395 (11th Cir. 2009); Seay v. United States, 166 F. App'x 422 (11th Cir. 2006) (Petitioner's mere statement that the district court improperly dismissed his complaint on res judicata grounds without any substantive argument in support amounted to abandonment of his claims even though he argued the merits of his underlying claims).  Moreover, issues cryptically raised in passing and not clearly raised are deemed abandoned.  APA Excelsior III L.P. v. Premiere Techs., Inc., 476 F.3d 1261, 1270 (11th Cir. 2007).

Furthermore, this Court agrees that Plaintiffs have failed to allege facts indicating that Prommis is a debt collector.  The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection

33

practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009). The FDCPA generally precludes "'*debt collectors*' from making false or misleading representations and from engaging in various abusive and unfair practices." Acosta, 309 F. App'x at 320; see also Heintz v. Jenkins, 514 U.S. 291 (1995). The Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In this case, Plaintiffs' fail to assert any facts about Prommis indicating that Prommis regularly attempts to collect debts owed to another or that Prommis' principle business purpose was the collection of debts owed to others. Indeed, to the contrary, Plaintiffs allege that Prommis is a "document preparation company," not a debt collector. Because Plaintiffs have failed to include any facts in their Amended Complaint tending to indicate that Prommis was a debt collector and because Plaintiffs have abandoned their FDCPA claim against Prommis, their FDCPA claim against Prommis should be **DISMISSED**.

### B. Defendants BAC and MERS

Defendants BAC and MERS contend that the FDCPA claims against them should be dismissed because mortgage originators, lenders, and servicers are not debt collectors as defined by the FDCPA and that foreclosing on a security interest is not engaging in debt collection activity. Plaintiffs further contend that while they concede that generally "enforcement of a security interest through the foreclosure process is not debt collection

for the purposes of the FDCPA," their claims fall within an exception under Section 1692f(6) which applies when the debt collector "takes or threatens to take any non-judicial action to effect the dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." Plaintiffs contend that BANA and BAC took or threatened to take non-judicial action to effect the dispossession of their property despite not having a legal interest in the property due to the defects within the Assignment.

As stated above, Section 1692a(6) of the Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Courts have found that this definition excludes loan servicers because 15 U.S.C. § 1692a(6)(F) provides that the term debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985); Oppong v. First Union Mortg. Corp., 215 F. App'x 114, 118-19 (3d Cir. 2007); Stroman v. Bank of Am. Corp., No. 1:10-CV-4080-AT, 2012 WL 1123730, at *6 (N.D. Ga. Mar. 30, 2012). Conversely, when the loan is in default at the time the loan servicer begins servicing the loan, however, courts have concluded that a loan servicer may be a debt collector. Allen v. Bank of Am. Corp., No. CCB–11–33, 2011 WL 3654451, at *7 n.9 (D. Md. Aug. 18,

2011) (concluding that because BAC serviced loans that were in default at the time they began servicing them, BAC was a debt collector under the FDCPA); <u>Weigel v. BAC Home Loans Servicing, LP</u>, No. 09–CV–02546–WDM–KMT, 2011 WL 1135319, at *4 (D. Colo. Mar. 29, 2011) (same).  Additionally, some courts have inferred an entity's status as a loan servicer supported the notion that it is a debt collector when the loan at issue was in default at the time the servicer began servicing the loan.  For instance, in <u>Bridge v. Ocwen Fed. Bank, FSB</u>, 681 F.3d 355(6th Cir. 2012), the Sixth Circuit concluded as follows:

> A definition of a "loan servicer" is available under the related federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–2617, which defines "loan servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3). Based on this definition, and in light of its corporate name, principal business, the timing of the transfer, Ocwen LS's treatment of the loan as in default, and Ocwen LS's debt collection activities against Plaintiffs, we may plausibly infer that Plaintiffs alleged that Ocwen LS is a debt collector within the meaning of the FDCPA.

<u>Id.</u> at 366.

In this case, Plaintiffs have not pled sufficient facts to support the conclusion that BAC was a debt collector.  While Plaintiffs indicate in their Amended Complaint that the interests within the Security Deed were assigned to BAC around the time of the foreclosure, Plaintiffs fail to allege any facts indicating that they were in default at the time BAC began servicing their loan or facts indicating when BAC began servicing their loan.  Furthermore, Plaintiffs have not alleged any facts indicating that the principal purpose of BAC's business was to collect debts or that BAC "regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Additionally, while Plaintiffs argue that their FDCPA claim is brought pursuant to Section 1692f(6), and the Act specifies that for purposes of Section 1692f(6) of the FDCPA, the term debt collector "also includes any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the enforcement of security interests," Plaintiffs do not allege any facts tending to show that the principal purpose of BAC's business is the enforcement of security interests. 15 U.S.C. § 1692a(6). Accordingly, Plaintiffs' FDCPA claim against BOA should be **DISMISSED**. If this Court's Report and Recommendation is adopted by the district court, Plaintiffs may amend the FDCPA claim in their Amended Complaint within ten (10) days of the district court's Order to the extent that they can allege specific facts tending to show that BAC was a debt collector.[6]

---

[6] In this Court's view, had Plaintiffs sufficiently alleged specific facts indicating that BAC was a debt collector, Plaintiffs' Amended Complaint could state a claim for violation of Section 1692f(6) the FDCPA. As discussed in part III above, Plaintiffs' Complaint adequately alleges that BAC attempted to foreclose on their property when it had no right of possession of the property because the Assignment was null. See, e.g., Jackman, 2011 WL 854878, at *4 (declining to dismiss Section 1692f(6) claim after noting that if the assignment was invalid, servicer did not have present right to possession of the property and attempt to foreclose on the property constituted an unfair or unconscionable means to collect a debt); In re Pullen, 451 B.R. 206, 212 (concluding that attorney's threats of foreclosure prior to complying with notice provisions of deed to secure debt violated Section 1692f(6)(A) because attorney threatened foreclosure when he had no legal right to do so). Furthermore, enforcing a security interest, such as foreclosure of a mortgage, can be debt collection activity for purposes of Section 1692f(6) the FDCPA. See Warren, 342 F. App'x at 460-61; see also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1217-18 (11th Cir. 2012).

AO 72A
(Rev.8/82)

### C.    Defendants McCalla Raymer, Crouse, and Sears

Defendants McCalla Raymer, Crouse, and Sears contend that the FDCPA claims against them should be dismissed because they are not debt collectors and have not engaged in debt collection activity. In response, Plaintiffs contend that their FDCPA claim is applicable to McCalla Raymer, but make no argument in opposition to the dismissal of the FDCPA claim against Defendants Crouse and Sears. In addition, Plaintiffs' Amended Complaint does not include any facts tending to show that Crouse and Sears are debt collectors. Accordingly, to the extent that Plaintiffs intended to assert an FDCPA claim against Crouse and Sears, it has been abandoned and should be **DISMISSED**.

Plaintiffs argue, however, that they have stated a claim for violation of Section 1692f(6) against McCalla Raymer because it took or threatened to take non-judicial action to foreclose on their property when BANA and BAC did not have a legal interest in their property due to the defects within the Assignment.

Plaintiffs have alleged sufficient facts for a plausible showing that McCalla Raymer assisted BAC in foreclosing on their property when BAC had no right to possession of the property, and that for purposes of Section 1692f(6), McCalla Raymer engaged in debt collection activity when it did so.[7] However, Plaintiffs fail to allege any

---

[7] It is worth noting that McCalla Raymer's July 24, 2010 letter, attached to Plaintiffs' Amended Complaint, provides in the bottom margins, "This is an attempt to collect a debt," discusses Plaintiffs' rights to have the debt validated upon their request within thirty days, advises that the full amount under the loan is due, threatens imposition of attorneys' fees if full amount is not paid, and threatens foreclosure if the

specific facts indicating that McCalla Raymer was a debt collector. Under 15 U.S.C. § 1692a(6), there are three ways in which a law firm may be a debt collector for purposes of Section 1692f(6) the FDCPA: (1) if its principal purpose is to collect debts; (2) if it regularly attempts to collect, directly or indirectly debts owed another; or (3) if the principal purpose of its business is the enforcement of security interests. 15 U.S.C. § 1692a(6); Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012). Plaintiffs fail to allege any specific facts indicating that McCalla Raymer regularly attempts to collect debts, that the principal purpose of its business is the collection of debts, or that the principal purpose of its business is the enforcement of security interests. Accordingly, Plaintiffs' FDCPA claim against McCalla Raymer should be **DISMISSED**. If this Court's Report and Recommendation is adopted by the district court, however, Plaintiffs may amend the FDCPA claim in their Amended Complaint within ten (10) days of the district court's Order to the extent that they can allege specific facts tending to show that McCalla Raymer was a debt collector.

## VIII.  Civil Conspiracy

Plaintiffs further contend in Count VI of their Complaint that the MERS system for registering the sales and assignments of notes consists of a civil conspiracy between

---

default is not cured. Docket Entry [12], pp. 41-42. The Eleventh Circuit has recently concluded that a similar notice was an attempt at debt collection. See Reese, 678 F.3d at 1217 (holding that law firm engaged in debt collection activity when it sent letter indicating that it was attempting to collect a debt, indicating that it was acting as a debt collector, and threatening foreclosure if demand for amount owed under loan was not met); Bourff v. Rublin Lublin, LLC, 674 F.3d 1238, 1240-41 (11th Cir. 2012).

MERS and its shareholders, including Bank of America. Plaintiffs claim that Security Deeds naming MERS as nominee for the lender and successors and assigns are not valid because Georgia law does not recognize the term nominee and it is not defined in the Security Deed. Plaintiffs also claim that the MERS system avoids the recordation of the transfers of Security Deeds with county courts and provides notice of transfers only for insider members but not the general public. As a result, Plaintiffs claim that they are denied knowledge of the true owner of the mortgage and promissory note, that notice requirements of O.C.G.A. § 44-14-162 are ignored, and that unrecorded deeds should be rendered void. As discussed above, Plaintiffs concede that they did not intend to assert a civil conspiracy claim against Prommis, McCalla Raymer, Crouse, or Sears. Therefore, to the extent that Plaintiffs' Amended Complaint could be interpreted to assert claims for civil conspiracy against those Defendants, Plaintiffs' civil conspiracy claim should be **DISMISSED**.

Defendants BAC and MERS argue that Plaintiffs' civil conspiracy claim should be dismissed because Plaintiffs fail to allege an underlying predicate tort, their underlying fraud and fraudulent misrepresentation claims fail, the system where MERS acts as nominee has been upheld by courts throughout the country, and Plaintiffs voluntarily executed the Security Deed which vests MERS with legal title and authorizes MERS to act as nominee for the lender and its successors and assigns. Plaintiffs respond only that "[c]ivil [c]onspiracy is not argued as it [sic] sufficiently pled in Plaintiffs['] Amended Complaint." (Pl.'s Br. 7). Because Plaintiffs have not

provided any argument or law in opposition to Defendants' arguments for dismissal, Plaintiffs' civil conspiracy claim is abandoned and should be **DISMISSED**.  See Warren, 342 F. App'x at 459 (holding that a legal claim or argument that has not been briefed is deemed abandoned and that mentioning an issue without providing specific argument in support is not sufficient); Seay, 166 F. App'x 422.

## IX.   Count VII: RICO

Plaintiffs contend in Count VII of their Amended Complaint that Defendants BOA, BAC, Prommis, MERS, Sears, Crouse, and McCalla Raymer, who allegedly operated as an enterprise, violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") when they misrepresented that they were parties to a lawful foreclosure process, misrepresented the true parties in interest, filed illegal and fraudulent foreclosures, and caused to be prepared and filed other false documents with the courts knowingly and with the intent to defraud the courts, delinquent homeowners, and the general public, in order to gain a monetary benefit. (Amended Compl. ¶¶ 81-88).

### A.   Defendant Prommis

Defendant Prommis contends that Plaintiffs do not state a claim for a RICO violation because they fail to state facts showing an enterprise or a pattern of racketeering activity, or ongoing criminal activity.  Plaintiffs argue in response that Defendant Prommis is itself an enterprise for purposes of RICO because it has been and is presently engaging in foreign and interstate commerce and it is "a known affiliate of

41

McCalla Raymer." (Pl.'s Br. p. 10, Docket Entry [22]). Plaintiffs further argue that Prommis engaged in predicate acts of racketeering activity because it has not only used Foushee's false notarization signature on the Assignment of their Security Deed, but also a second assignment on June 13, 2010.

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern or racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). To assert a RICO claim, Plaintiffs must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000); Brooks v. SunTrust Mortg., Inc., No. 6:10-CV-821-Orl-31GJK, 2010 WL 3340311, at *2 (M.D. Fla. Aug. 25, 2010).

       1.     No Enterprise

An enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Boyle v. United States, 556 U.S. 938, 944 (2009). Moreover, "an enterprise under RICO includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1284 (11th Cir. 2006). In addition, an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function

as a continuing unit." Id.; see also United States v. Turkette, 452 U.S. 576, 583 (1981). "[T]he definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation." Williams, 465 F.3d at 1284. Plaintiffs must show that members of the alleged enterprise participate in the operation or the management of the enterprise itself, and not just their own affairs. Reves v. Ernst & Young, 507 U.S. 170, 178-79, 185 (1993); Williams, 465 F.3d at 1285.

Plaintiffs have failed to state a claim for RICO because they fail to allege facts supporting the existence of an ongoing enterprise. Plaintiffs' Amended Complaint and brief in response to Prommis' Motion to Dismiss is contradictory as to which entities Plaintiffs contend comprise the enterprise. Plaintiffs' Amended Complaint states that "Defendants BOA, BAC, Prommis, MERS, Sears, Crouse, and McCalla Raymer are collectively engaged in an enterprise." (Amended Compl. ¶ 81). Plaintiffs' Amended Complaint fails to allege sufficient facts showing that the aforementioned entities were part of an enterprise, however, because it fails to allege any specific factual details indicating that the various Defendants operated as an ongoing organization, formal or informal, that the entities within the organization functioned as a continuing unit, and that each of the Defendants participated in the operation or the management of the enterprise itself and not just their own affairs. Grant v. Shapiro & Burson, LLP, No. DKC 11-1724, 2012 WL 1632867, at *6 (D. Md. May 8, 2012) (dismissing because

43

complaint did not include factual averments regarding the relationships among defendants or indicate how they functioned as a continuing unit); Garcia v. Am. Home Mortg. Servicing, Inc., No. 11–CV–03678–LHK, 2011 WL 6141047, at *8 (N.D. Cal. Dec. 9, 2011) (dismissing RICO claim because plaintiff who merely pled that defendants acted in association with each other did not sufficiently plead that an enterprise existed because the enterprise element requires that the entity be separate and apart from the pattern of racketeering activity); Orcilla v. Bank of Am., N.A., No. C10-03931 HRL, 2011 WL 1558140, at *3 (N.D. Cal. Apr. 25, 2011) (dismissing civil RICO claim because plaintiffs did not allege anything about the nature of the alleged enterprise, each defendant's role in it, or facts indicating that different banking entities acted as a cohesive unit); Saba v. Caplan, No. C 10–02113 SBA, 2010 WL 2681987, at *3 (N.D. Cal. July 6, 2010) (dismissing RICO claim because plaintiff failed to plead that defendants acted as an ongoing organization). While Plaintiffs generally plead that Defendants BOA, BAC, Prommis, MERS, Sears, Crouse, and McCalla Raymer "participated, directly and indirectly, engage in, managed and directed the affairs of the enterprise" and allege that "[t]he enterprise created by the Defendants maintains an existence separate from the allegations of racketeering activity," these bare legal conclusions are not sufficient to nudge their claim past the line of conceivable to plausible. (Amended Compl. ¶¶ 86-87); see also Twombly, 550 U.S. at 570 (requiring that complaint's factual allegations are sufficient to nudge the claim across the line from conceivable to plausible).

44

In direct contradiction to Plaintiffs' Amended Complaint, Plaintiffs also allege in their brief, that Prommis itself is an enterprise "because it has been and is presently engaging in foreign and interstate commerce." (Pl.'s Br. 6). Prommis correctly points out that it would be not be proper for this Court to consider this contradictory allegation from outside the pleadings in connection with the instant Motion to Dismiss. See, e.g., GSW, Inc., 999 F.2d at 1510; In re Androgel Antitrust Litig., 687 F. Supp. 2d at 1381. Even if this Court were to consider Plaintiffs' new allegation, however, Plaintiffs' RICO claim against Prommis would still fail as a matter of law because Prommis cannot both be the enterprise and the Defendant under 18 U.S.C. § 1962(c). Title 18, Section 1962(c) provides that "[i]t shall be unlawful for any *person* employed by or associated with *any enterprise* engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c) (emphasis added). Thus, to establish liability under Section 1962(c), a plaintiff must "allege and prove the existence of two distinct entities: (1) a '*person*'; and (2) an '*enterprise*' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161-62 (2001); United States v. Goldin Indus., Inc., 219 F.3d 1268, 1270-71 (11th Cir. 2000) (en banc). As noted by the Supreme Court, the Act "says that it applies to '*persons*' who are 'employed by or associated with' the '*enterprise*.'" Cedric Kushner Promotions, Ltd., 533 U.S. at 161. Thus, Plaintiffs' identification of Prommis as both the person

45

liable and the enterprise fails to state a claim.

### 2.    No Predicate Acts of Racketeering Activity

Plaintiffs must also allege at least two predicate acts of racketeering activity that are related within a ten-year time-frame that amount to or pose a threat of continued criminal activity. <u>Am. Dental Ass'n</u>, 605 F.3d at 1290-91; <u>Langford</u>, 231 F.3d at 133; <u>Brooks</u>, 2010 WL 3340311, at *2. The phrase "racketeering activity" is defined as including any act which is indictable under a lengthy list of criminal offenses. 18 U.S.C. § 1961(1); <u>Langford</u>, 231 F.3d at 1311-12. Thus, Plaintiffs must identify "the specific federal criminal statute(s)" that they claim Prommis violated and plead facts to support the elements of the crime. <u>Brooks</u>, 2010 WL 3340311, at *2. When the racketeering activity consists of criminalized fraud, the plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. <u>Am. Dental Ass'n</u>, 605 F.3d at 1291. The plaintiff must also allege facts with respect to each defendant's participation in the fraud. <u>Am. Dental Ass'n</u>, 605 F.3d at 1291. Here, Plaintiffs' effort to plead a pattern of racketeering activity fails because they fail to plead a criminal statute violated by Prommis. Additionally, even if Plaintiffs' Complaint could be construed to plead a violation of a criminal fraud statute, Plaintiffs' still fail to state a claim because they do not allege a manner in which they were misled by the alleged fraud. Although Plaintiffs allege that Foushee notarized more than one

46

assignment before obtaining her notary commission, as discussed above, Plaintiffs failed to allege facts within their Amended Complaint indicating that they were misled by Foushee's alleged improper notary attestation. Because Plaintiffs have failed to allege sufficient facts supporting the theory that the RICO Defendants acted as an enterprise, that Plaintiffs were misled by Foushee's notarization, and that Prommis violated criminal laws, Plaintiffs' RICO claim against Defendant Prommis should be **DISMISSED**.

### B.   Defendants BAC, MERS, McCalla Raymer, Crouse, and Sears

Defendants BAC and MERS argue that Plaintiffs' RICO claim fails because Plaintiffs do not plead factual allegations sufficient to meet the heightened pleading standard for RICO claims based on fraud, and because Plaintiffs cannot show that the MERS system is invalid. Defendants McCalla Raymer, Crouse, and Sears argue that Plaintiffs' RICO claim fails as a matter of law because Plaintiffs fail to plead fraud with particularity. As discussed above, Plaintiffs' RICO claims fails because they have failed to allege sufficient facts supporting the theory that the RICO Defendants acted as an enterprise, that Plaintiffs were misled by any alleged misrepresentations or falsehoods, that BAC, McCalla Raymer, Crouse, or Sears engaged in fraudulent activity with scienter, that Plaintiffs justifiably relied on Defendants' alleged fraud, or that Defendants violated criminal laws. Accordingly, Plaintiffs' RICO claim should be **DISMISSED**.

AO 72A
(Rev.8/82)

## X.   **Count VIII, IX:  Punitive Damages**

Plaintiffs contend that they are entitled to punitive damages under Georgia law due to Defendants' fraud and wrongful foreclosure. (Amended Compl. ¶¶ 96, 98, 102-05).  Defendants BAC, MERS, McCalla Raymer, Crouse, and Sears contend that Plaintiffs' claims for punitive damages should also be dismissed because Plaintiffs have not alleged any willful misconduct, malice, fraud, wantonness or reckless indifference on the part of Defendants and the underlying tort claims should be dismissed.  Plaintiffs generally respond that Defendants' alleged wrongful foreclosure and fraud supports a basis for punitive damages.

Because this Court has recommended dismissal of all of Plaintiffs' state law claims against Defendants MERS, Prommis, McCalla Raymer, Crouse, and Sears, Plaintiffs' claims for punitive damages against them should also be **DISMISSED**.  Similarly, Plaintiffs' claims for punitive damages against BOA should also be **DISMISSED** because Plaintiffs fail to allege facts showing that BAC engaged in sufficiently egregious behavior meriting an award of punitive damages.  Under Georgia law, "[s]omething more than the mere commission of a tort is always required for an award of punitive damages.  There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton." Gaither v. Barclaysamerican/Fin. of Ga., 194 Ga. App. 188, 188-89 (1990); see also Cullen v. Novak, 201 Ga. App. 459 (1991) (explaining that

punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression). "Negligence, even gross negligence, is inadequate to support a punitive damage award." Tower Fin. Servs. v. Smith, 204 Ga. App. 910, 918 (1992).

The only remaining tort which has not been dismissed and thus could form the basis for punitive damages is Plaintiffs' wrongful foreclosure claim which lies only against BAC/BOA. Plaintiffs, however, have not alleged factual allegations that BAC's foreclosure of their property rose to the level of outrageousness or was motivated by a fraudulent or evil motive on the part of BAC. Compare First Union Nat'l Bank of Ga. v. Cook, 223 Ga. App. 374, 379 (1996) (explaining that bank which had a policy of "foreclose first and ask questions later" and wrongfully pursued foreclosure even though borrower made it known that Security Deed had been marked paid could be held responsible for punitive damages because conduct indicated a conscious and deliberate disregard of the rights of others), overruled on other grounds, Golden Peanut Co. v. Bass, 249 Ga. App. 224 (2001); with, e.g., Tower Fin'l Servs., 204 Ga. App. at 918 (wrongful foreclosure occurring after bank, in error, had already satisfied the debt causing the borrowers to no longer be in default, was, at most, negligent but did not support an award of punitive damages). In this case, Plaintiffs fail to allege any facts tending to show that BAC's actions in foreclosing on their residence based on the rights transferred to them in the allegedly invalid Assignment were wilful, wanton, or

malicious.  There  are no factual allegations tending to indicate that BAC/BOA knew that the Assignment was invalid or knew that they did not have a legal right to foreclose. Accordingly, Plaintiffs' claim for punitive damages should be **DISMISSED**.

**XI.**  **Plaintiffs' Claim for Attorneys' Fees and Costs Against BOA**

Defendants BAC and MERS contend that Plaintiffs' claim for attorneys' fees and costs should be dismissed because they are derivative of their substantive claims, which must be dismissed as a matter of law.  Because Plaintiffs' substantive claims for wrongful foreclosure against BOA survive, Defendants' motion should be **DENIED** as to Plaintiffs' claim for attorneys' fees and costs against Defendant BOA. However, because all of the substantive claims against Defendant MERS have been dismissed, Plaintiffs' claim for attorneys' fees against Defendant MERS should be **DISMISSED**.

## **PLAINTIFFS' MOTION TO SET ASIDE FORECLOSURE**

In Plaintiffs' Motion to Set Aside Foreclosure, Plaintiffs contend that the foreclosure of their mortgage should be set aside because, due to the allegedly invalid Assignment, Defendants did not have the legal right to foreclose.  Given that at this stage of the proceedings, Plaintiffs have not engaged in discovery and produced sufficient evidence in support of their claim, Plaintiffs' Motion to Set Aside Foreclosure should be **DENIED** as premature.  Docket Entry [6].

## **CONCLUSION**

For the reasons stated above, For the reasons explained below, this Court **RECOMMENDS** that:

(1)    Defendants' Motions to Dismiss Plaintiffs' initial Complaint (Docket Entries 9, 10, 11) be **DEEMED MOOT**;

(2)    Plaintiffs' Motion to Set Aside Foreclosure (Docket Entry 6) be **DENIED AS PREMATURE**;

(3)    Defendants McCalla Raymer LLC, C. Troy Crouse, and Thomas Sears' Motion to Dismiss Amended Complaint (Docket Entry 13) be **GRANTED**.  If this Court's Report and Recommendation is adopted by the district court, however, Plaintiffs may amend their FDCPA claim within ten (10) days of the district court's Order to the extent that they can allege specific facts showing that McCalla Raymer was a debt collector;

(4)    Defendant Prommis Solution, LLC's Motion to Dismiss the Amended Complaint (Docket Entry 15) be **GRANTED**;

(5)    Defendant Debbie Foushee's Motion to Dismiss the Amended Complaint (Docket Entry 14) be **GRANTED**; and

(6)    Defendants Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Amended Complaint (Docket Entry 16) be **GRANTED IN PART AND DENIED IN PART**.  Additionally, if this Court's Report and Recommendation is adopted by the district court, Plaintiffs may amend their FDCPA claim within ten (10) days of the district court's Order to the extent that they can allege specific facts showing that BAC Home Loan Servicing, LP was a debt collector.

51

**SO ORDERED AND REPORTED AND RECOMMENDED** this _12_ day
of July, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

52