# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOAN HAYNES AND<br>TROY WAYNE HAYNES<br>    PLAINTIFFS<br><br>V<br><br>McCALLA RAYMER, LLC,<br>CHARLESTROY CROUSE, ESQ., INDIVIDUALLY,<br>AND<br>AS AN OFFICER OF MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC,<br>THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS<br>AN OFFICER OF MORTGAGE ELECTRONIC<br>RESGISTRATION SYSTEMS, INC.,<br>DEBBIE R. FOUSHEE,<br>BAC HOME LOAN SERVICING, LP,<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS AND PROMMIS SOLUTIONS, LLC<br>    DEFENDANTS | CIVIL CASE NO.<br>1:11-CV-03149-TWT-LTW |

**PLINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**

COME NOW, Joan and Troy Haynes, by and through their undersigned counsel, and, pursuant to Judge's Order adopted on August 14, 2004, issue their Second Amended Complaint.  In following with Judge's order, Plaintiffs are expanding their Fair Debt Collection Practices claim and seek to amend their Wrongful Foreclosure Claim, for economy and efficiency, are omitting previously plead facts and claims, while not renouncing them.  Additionally, all referenced

1

Exhibits refer back to Exhibits posted with the document on Docket Number 12 (*Plaintiff's First Amended Complaint*).

PARTIES

1.

Plaintiffs Joan and Troy Haynes (hereinafter "Plaintiffs") are a married couple, over the age of majority and competent to bring this action, residing at 1156 Folkstone Drive, McDonough, Georgia 30253 (hereinafter "Property").

2.

Defendant McCalla Raymer, LLC (hereinafter "McCalla Raymer") is a law firm incorporated in the state of Georgia, their principal place of business is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

3.

Defendant Charles Troy Crouse, Esq. aka C. Troy Crouse, Esq. is a licensed attorney practicing at the Bar in the State of Georgia.  He is an employee of McCalla Raymer and conducts business at their principal place of business, which is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

4.

Defendant Thomas Sears, Esq. is a licensed attorney practicing at the Bar in the State of Georgia.  He is an employee of McCalla Raymer and conducts

business at their principal place of business, which is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

5.

Defendant Debbie R. Foushee is a woman over the age of majority and a notary public commissioned in the State of Georgia.

6.

Defendant Mortgage Electronic Registration Systems Inc. (hereinafter "MERS") conducts business as an electronic registry designed to track servicing rights and ownership of mortgage loans.  Their principal place of business is 1818 Liberty Street, Suite 300, Reston, Virginia, 20190.

7.

Defendant MERSCORP is the parent company of MERS and conducts business as an electronic loan registry for the mortgage finance industry.  Their principal place of business is 1595 Spring Hill Road, Suite 310, Vienna, Virginia, 22182.

8.

Defendant BAC Home Loan Servicing, LP (hereinafter "BAC") is a corporation whose principal place of business is located at 7150 Corporate Drive, Plano, Texas, 75024.

9.

Defendant Prommis Solutions, LLC (hereinafter "Prommis") is a document preparation company working with mortgage servicers and law firms with large mortgage default resolution practices, its principal place of business is 400 Northridge Road Atlanta, Georgia, 30350.

## VENUE AND JURISDICTION

10.

Venue is proper in this Court, as the "Subject Property" is located within this jurisdiction.

## BACKGROUND FACTS

11.

On or about December 18, 2007, Plaintiffs entered into a Loan Agreement with Quicken Loans, Inc., with a Security Deed (hereinafter "Deed") in the sum of $233,500.00.

12.

On or about July 16, 2010, Plaintiffs were served with a Notice of Default by BAC, based upon Plaintiffs' non-payment of monthly mortgage payments.

13.

Plaintiffs made several attempts to modify their loan but were consistently unsuccessful. Plaintiffs took further action and hired NAARI, a home-counseling agency, to assist with obtaining a modification from BOA and were still denied, however were making trail payments.

14.

On or about July 24, 2010, Plaintiffs were served with a Notice of Sale from McCalla Raymer, indicating that the firm represented BAC as creditor for the loan in question.  Additionally, the letter stated that Bank of America (hereinafter "BOA") was the servicer of such loan and the entity with which Plaintiffs were to seek a modification.  The Notice set the date for a non-judicial foreclosure on the first Tuesday in September, 2010.  Finally, the letter plainly stated that "this is an attempt to *collect a debt*.  Any information obtained will be used for that purpose" (*See* Exhibit "A").

15.

On or about August 30, 2010, MERS recorded an Assignment of Security Deed (hereinafter "Assignment") of said "Deed" to BAC in Henry County deed book 11847 page 0060 for unstated consideration.  The Assignment was dated June 15, 2010.  (*See* Exhibit "B"). Further, this official transfer did not take place until a

month after Plaintiffs received their notice of foreclosure sale indicating that BAC was the creditor of Property.

16.

On September 7, 2010 Plaintiffs were foreclosed on by BAC.

17.

However, Fannie Mae held the Deed prior to these assignments (through an unrecorded assignment), which in turn renders them invalid.  Fannie Mae was given a Special Warranty Deed following the sale is a red herring; the assignments and foreclosure sale were all conducted wrongfully. (*See* Exhibits)

18.

After Plaintiffs were foreclosed on they paid $2,000.00 a month into the registry of the Court in order to stay in their home following an order of the Magistrate Court Appeal.  McCalla Raymer was given the authority by the Henry County Superior Court to collect the deposited funds.

## COUNT I – Wrongful Foreclosure

19.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

20.

The purported Assignment took place on June 15, 2010. The official witness, Debbie R. Foushee, signed the document as a notary public. However, Debbie Foushee's signature is not accompanied by an official notary seal. (*See* Exhibit "B").

21.

Under O.C.G.A section 45-17-6 notaries are required to provide a seal for authentication of their notarial acts, but the failure to provide the seal may be cured by aliunde testimony showing proper execution. *Glenn v. MARTA*, 158 Ga.App. 98, 279 S.E.2d 481 (1981). The exception does not apply here, because Foushee was not a notary at the time of execution. Foushee signed and notarized an assignment recorded on book 11847 page 0061 where she included her seal. The expiration date is listed as August 5, 2014. (*See* Exhibit "C").

22.

Under Georgia law, a notary public is commissioned for a term of 4 years, O.C.G.A section 45-17-5. Notary commissions are granted by the County Clerk of Court in either county where the prospective notary resides or conducts, substantially, their business. The beginning date of Debbie Foushee began on August 6, 2010 and she was commissioned in Fulton County. (*See* Exhibit "D").

23.

The Assignment also lacks the signature of two unofficial witnesses.  Troy Crouse and Thomas Sears provided fraudulent and unverified signatures on the attestation clause.  Crouse and Sears hold themselves out as the vice president and assistant secretary, respectively, of MERS.  Both Crouse and Sears provided significantly different signatures on several other official documents including, Crouse's personal security deed recorded on book 4869 page 0166 and an affidavit signed by Sears recorded on book 45268 page 385. (*See* Exhibits "E" and "F").

24.

Furthermore, Crouse has provided at least four different signatures than the one used on his personal security deed as shown in a WSB.com TV news special report.  See  http://www.wsbtv.com/video/25636610/index.html  i.e. robo-signing. The issues arising from the multiple signatures from Crouse and Sears bring into question their actual attestation of said Assignment and because of the fraud would cause the transfer of property from MERS to BAC to fail as a matter of law and therefore cause the foreclosure by BAC to be wrongful.

25.

Moreover, a security deed vests legal title to the property in the grantee, who may foreclose on the security interest.  *Tomkus v.Parker*, 224 S.E.2d 353, 369 (Ga. Ct. App. 1978).  A "power of sale" in a security deed grants the original grantee the power to sell the property at a foreclosure sale as attorney-in-fact for the debtor

to satisfy the debtor's delinquency. An assignee of the original grantee of a security deed may exercise the power of sale contained in such security deed. O.C.G.A. §23-2-114; *Allen v. Wade*, 203 Ga. 753, 755, 48 S.E.2d 538 (1948); *Williams v. Joel*, 89 Ga. App. 329, 79 S.E.2d 401 (1953). An assignee of a security deed, however, cannot exercise the power of sale and foreclose upon the security until there has been an actual assignment complying with Georgia law. *In re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994).

26.

Georgia law requires that "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantor or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A. § 44-14-64. A deed must be attested in the manner prescribed by law for mortgages. O.C.G.A § 44-14-61. Recorded mortgages for real property must be attested or acknowledged by an official witness and at least one additional witness. O.C.G.A § 44-14-33. Pursuant to O.C.G.A section 44-2-15, the official witness may be a notary public. The validity of an assignment of a security deed is governed by the laws applicable to the recording of mortgages, O.C.G.A § 44-14-33.

27.

Under Georgia law, "the registry of a deed not attested, proved, or acknowledged according to law, is not constructive notice to a bona fide purchaser." *Hopkins v. Va. Highlands & Assoc., LP*, 541 S.E.2d 386, 390 (Ga. Ct. App. 2000) (quoting *Connif v. Hunnicutt*, 157 Ga. 823, 826, 122 S.E. 694 (Ga. 1924)).  As between the parties to the instrument, however, the deed is valid and binding absent a showing of fraud.  *Duncan v. Ball*, 172 Ga. App. 750, 752, 324 S.E.2d 477, 480 (Ga. Ct. App. 1984).  In *Leeds Bldg. Products, Inc. v. Sears Mtg. Corp*, the Georgia Supreme Court held that a deed that facially complies with statutory requirements provides constructive notice, but reaffirmed the general rule that a patently defective deed, a deed with a facial defect, does not constitute constructive notice to subsequent purchasers.  267 Ga. 300, 301-02, 477 S.E.2d 565 (Ga. 1996); *see also In Re Yearwood*, 318 B.R. 227, 229 (Bankr.E.D.Tenn.2002) (interpreting Georgia law to mean that a recorded instrument that is facially invalid does not constitute constructive notice to subsequent purchasers).

28.

A patent defect is a defect that is "obvious and easily detectable," such as an unofficial witness's signature on the face of the instrument. *In Re Codrington*, 430 B.R. 287, 292 (N.D. Ga. 2009).  For example, in *In Re Yearwood*, the debtor

executed a security to her residence in favor of the defendant. 318 B.R. 227, 228 (N.D. Ga. 2004). The security deed was notarized by an official witness, but did not bear the signature of an unofficial witness. *Id*. The court found that the Chapter 7 Trustee could avoid the defendant's interest in the property because the lack of unofficial witness's signature was a patent defect in the security deed, and thus there was no constructive notice to third parties of its invalidity.

29.

The assignment of the security deed must comply with the attestation requirements of deeds, O.C.G.A. section 44-14-61, and thus the signature of an *official witness* was required to create a valid assignment of the security interest. O.C.G.A § 44-14-33. Just as a deed missing the signature of an unofficial witness is patently defective, an assignment missing the signature of an actual official witness is likewise patently defective.

30.

A foreclosure of the security in the absence of a valid assignment is null and void. *In Re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994). For example, in *Cummings*, the foreclosing creditor claimed that it was entitled to foreclose on the property because it had acquired a security interest prior to the foreclosure sale by assignment from the original grantee of the security deed. *In Re Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994). There were two documents at issue in that case.

The first document was a hand-written assignment, which stated that the original grantee "agrees to assign its interest" in the subject property to the foreclosing creditor, but did not contain language of conveyance. The evidence before the court demonstrated that the assignment was not executed with the same formalities as the original deed containing the power of sale. *Id.* In addition, the second document entitled "Transfer and Assignment" from the original grantee to the foreclosing party was executed by the appropriate officers of the parties to the assignment with the same formalities as the security deed, but the parties failed to proffer evidence concerning when the documents were executed and delivered with respect to the foreclosure date. *Id.* In the absence of evidence of execution and delivery, the court concluded that the note and the security deed were not actually assigned to the foreclosing party before the date of the foreclosure sale. *Id.* at 963. Since there was no proof of a valid assignment of the note and security deed, the foreclosure of the property was declared null and void. *Id.*

31.

The purported assignment does not comply with section 44-5-64 because it did not satisfy the attestation formalities prescribed by section 44-5-33, the purported assignment is not a valid assignment under Georgia law. Thus any foreclosure of the security interest covered by the assignment is null and void.

32.

Additionally, BAC lacked standing to foreclose because they were not even the owner of the loan. Fannie Mae, had interest in the Deed, though this interest was never even recorded. Though Fannie Mae came to hold a Special Warranty Deed after the illegitimate foreclosure sale, they in fact claimed ownership for some time prior. Fannie Mae is owner of the loan, Plaintiff was not provided with notice in the Notice of Sale (see O.C.G.A §44-14-162). The foreclosure, as a result, was wrongfully conducted.

33.

The defendants' fraudulent assignment created both patently and latently defective deeds, leading to a subsequently wrongful foreclosure. Furthermore, defendants were not even the entities with authority to foreclose, nor were Plaintiffs properly noticed. As a result of this wrongful foreclosure, Plaintiffs have not only suffered through loss of property, but also has suffered mental and emotional damages. The undue burden of wrongful foreclosure has been odious for Plaintiffs, having afflicted them with stress and having created marital difficulties due to the fear and uncertainty constantly, which they continually face. Therefore, Plaintiffs should be awarded a rescission of foreclosure sale and damages in an amount to be determined at trail.

## COUNT II – Violation of the Fair Debt Collection Practices Act (FDCPA)

34.

Plaintiffs hereby incorporate by reference the above paragraphs of its Complaint as if same were fully set forth at length herein.

35.

Defendants believe that they are not qualified as a debt collector. However, Plaintiff asserts the FDCPA is applicable to BAC. Plaintiff first cites the exception to the rule where a party can be found in violation of the code if the debt collector "takes or threatens to take any non-judicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 *U.S.C.* §1692f(6)(A).

36.

BAC did not have a valid interest in the Plaintiff's property due to a patent defect in the attempted assignment from MERS to BAC and that Fannie Mae was the silent creditor of Property. Not only did BAC not have rights to possession of Plaintiff's property, McCalla Raymer acted on behalf of BAC as a debt collector, and both threatened to take non-judicial action to effect dispossession of Plaintiff's property. These actions took place on July 24, 2010 and again on September 7, 2010. These facts place Defendants in violation of the FDCPA.

37.

Defendants BAC and McCalla Raymer are in fact debt collectors. They both clearly state on their phone answering services that they are acting as debt collectors or that this is a "debt collector." They further purport to be debt collectors in their letters to Plaintiff that unequivocally state "this is an attempt to *collect a debt*. Any information obtained will be used for that purpose" (emphasis added). They are debt collectors, by their own admission. McCalla Raymer has been contracted by BAC and is working as an agent to that extent. As such, both parties are debt collectors subject to the FDCPA.

38.

The letter on July 24, clearly states that McCalla Raymer is attempting to collect a debt on behalf of BAC, by their own assertion they are a "debt collector." They are utilizing instrumentalities to collect upon a debt. By hiring McCalla Raymer to collect on owed debts, BAC is still themselves attempting to unfairly act as a debt collector. Being that they do not have proper authority and that they are debt collectors gives Plaintiffs the right under the code to bring this action and succeed upon it. Moreover, once BAC enacted the foreclosure proceedings against Plaintiffs' property without proper authority they were again receiving or attempting to take monetary compensation for a debt; this displays stronger

evidence of debt collection activities on their part. BAC and McCalla Raymer did not have the rights to enact foreclosure or collection proceedings. Furthermore, when calling to speak with BAC it states clearly that they "are a debt collector." As such it is undisputable that BAC and McCalla Raymer are debt collectors and are hence bound by 15 U.S.C. § 1692f(6)(A) and that their actions constitute a violation of the FDCPA.

39.

Therefore, Defendants Motion to Dismiss should not be granted; and Plaintiffs' request for relief should be determined and granted by this Court.

## **JURY DEMAND**

40.

Plaintiffs would also like to reassert their demand for a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the relief herein sought as follows:

- As to Count I, recession of foreclosure, compensatory damages in an amount to be determined at the time of trial, attorney's fees and costs;

- As to Count II, compensatory damages in an amount to be determined at the time of trial, attorney's fees and costs;

- That Plaintiffs have such other and further relief as is just and proper.

*Signature On Next Page*

Respectfully Submitted,

/s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674

**J.G. DAVIS & ASSOCIATES, LLC**
P.O. Box 7309
Atlanta, GA 30357
Phone:  (855) 543-2847
Fax:    (855) 814-3619
swordandshieldlaw@gmail.com

This 24th day of August, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOAN HAYNES AND ) | |
| TROY WAYNE HAYNES ) | |
|     PLAINTIFFS ) | CIVIL CASE NO. |
| ) | 1:11-CV-03149-TWT-LTW |
| V ) | |
| ) | |
| McCALLA RAYMER, LLC, ) | |
| CHARLESTROY CROUSE, ESQ., INDIVIDUALLY, ) | |
| AND ) | |
| AS AN OFFICER OF MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC, ) | |
| THOMAS SEARS, ESQ., INDIVIDUALLY, AND AS ) | |
| AN OFFICER OF MORTGAGE ELECTRONIC ) | |
| RESGISTRATION SYSTEMS, INC., ) | |
| DEBBIE R. FOUSHEE, ) | |
| BAC HOME LOAN SERVICING, LP, ) | |
| MORTGAGE ELECTRONIC REGISTRATION ) | |
| SYSTEMS AND PROMMIS SOLUTIONS, LLC ) | |
|     DEFENDANTS ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, I electronically filed the foregoing *Amended Complaint for Damages* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record. I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

*Signature On Next Page*

                              J. G. DAVIS & ASSOCIATES, LLC

                              By: /s/Joshua G. Davis
                                   JOSHUA G. DAVIS (#514674)
                                   Attorney for Plaintiff(s)
                                   P. O. Box 7309
                                   Atlanta, GA 30357
                                   Phone:  (855) 543-2847
                                   Fax:     (855) 814-3619

Dated: August 24th, 2012