IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOAN HAYNES and TROY WAYNE
HAYNES,

      Plaintiffs,

v.

                             CIVIL ACTION NO.
                             1:11-CV-3149-TWT-LTW

MCCALLA RAYMER, LLC, et al.,

      Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is presently before the Court on Defendant McCalla Raymer, LLC's Motion to Dismiss Second Amended Complaint. Docket Entry [39]. For the reasons explained below, this Court **RECOMMENDS** that McCalla Raymer, LLC's Motion be **DENIED**. Docket Entry [39].

## MCCALLA RAYMER, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

### I.   BACKGROUND

Plaintiffs Joan and Troy Wayne Haynes (hereinafter "Plaintiffs") filed this lawsuit on September 6, 2011, for claims arising out of Defendant BAC Home Loan Servicing, Inc.'s foreclosure on their residence on September 7, 2010. Docket Entry [1]. Plaintiffs subsequently amended their Complaint. Docket Entry [12]. Defendants McCalla Raymer, LLC ("McCalla Raymer"), Crouse, Sears, Prommis, Foushee, Bank of America, N.A. ("BOA"), and Mortgage Electronic Registration Systems ("MERS") filed a motion

requesting the dismissal of Plaintiffs' Amended Complaint.  The district court granted in part and denied in part Motions to Dismiss filed by Defendants Bank of America, N.A. and MERS, but granted the Motions to Dismiss filed by Promiss Solutions, LLC, Debbie Foushee, as well as McCalla Raymer, Troy Crouse, and Thomas Sears.  Docket Entry [33].

The district court's also ordered the dismissal of Plaintiffs' claim against McCalla Raymer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692f(6)(A) ("FDCPA"), because Plaintiffs failed to allege sufficient facts making it plausible that McCalla Raymer was a debt collector.  In this Court's Report and Recommendation, this Court stated that if the District Court adopted the Report and Recommendation, Plaintiffs could amend their Complaint within ten days of the district court's Order to allege specific facts showing that McCalla Raymer was a debt collector.  (Docket Entry [31], p. 39).

Plaintiffs have now amended their Complaint to add additional facts regarding their FDCPA claim.  Plaintiffs allege in their Second Amended Complaint that McCalla Raymer violated Section 1692f(6)(A) when it acted as a debt collector on behalf of BAC and threatened to take non-judicial action to effect dispossession of Plaintiffs' property on July 24, 2010, and September 7, 2010, when BAC did not have the right to possession of Plaintiffs' property.  (Am. Compl. ¶ 35).  According to Plaintiffs, on July 24, 2010, McCalla Raymer served them with a Notice of Sale indicating that the firm represented BAC as the creditor for Plaintiffs' loan.  (Am. Compl. ¶ 14).  Plaintiffs aver that the Notice of Sale set the date for non-judicial foreclosure as the first Tuesday in

September, 2010, and specified that the Notice was "an attempt to collect a debt." (Am. Compl. ¶ 14). Plaintiffs further allege that McCalla Raymer is a debt collector because McCalla Raymer clearly states on its phone answering services that it is acting as a debt collector, and McCalla Raymer has stated in its correspondence with Plaintiffs that it is attempting to collect a debt and any information obtained will be used for that purpose. (Am. Compl. ¶ 37). McCalla Raymer has moved to dismiss Plaintiffs' amended FDCPA claim. Docket Entry [39]. McCalla Raymer argues that Plaintiffs' amended FDCPA claim should be dismissed because Plaintiffs still fail to allege sufficient facts showing that it is a debt collector.

## II.   LEGAL ANALYSIS

### A.   Rule 12(b)(6) Motion to Dismiss Standard

Dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief or it is based on an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford Cnty., 960 F.2d 1002, 1009-10 (11th Cir. 1992). A Rule 12(b)(6) motion to dismiss also tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim with sufficient specificity requires that the complaint have enough

3

factual matter taken as true to suggest the required elements of the claim.  Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1296 (11th Cir. 2007); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)).

### B.    Plaintiffs' FDCPA Claim

McCalla Raymer argues Plaintiffs' amended FDCPA claim should be dismissed because Plaintiffs still fail to allege sufficient facts showing that it is a debt collector. In support, McCalla Raymer argues Plaintiffs fail to allege facts showing that it uses an instrumentality of interstate commerce or the mails in operating a business that has the principal purpose of collecting debts or that it regularly attempts to collect debts. McCalla Raymer also argues the facts of this case fall short of those supporting the Eleventh Circuit's decision in Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211 (2012).  Specifically, McCalla Raymer contends that the facts in this case are different from those presented in Reese decision because the Plaintiffs here do not allege facts concerning McCalla Raymer's collection activity over a period of one year, facts regarding the actual number of similar communications McCalla Raymer sent out during the year, facts showing that McCalla Raymer's principle purpose is to collect debts, or facts showing that McCalla Raymer regularly attempts to collect debts.  In response, Plaintiffs argue McCalla Raymer's motion to dismiss should be denied because it is

4

untimely.  Plaintiffs also contend that McCalla Raymer is a debt collector because its website lists collections as one of the services McCalla Raymer engages in, its correspondence to Plaintiffs unequivocally states that it was attempting to collect a debt and that information obtained would be used for that purpose, and McCalla Raymer's phone answering service makes the statement that it is a debt collector.  Plaintiffs also assert that McCalla Raymer regularly collects or attempts to collect debts owed another, McCalla Raymer has not denied that it is a debt collector, and McCalla Raymer has been sued repeatedly for FDCPA claims.

This Court finds that Plaintiffs have alleged enough facts to make it plausible that McCalla Raymer is a debt collector.  The FDCPA was passed in 1977 in order to protect consumers from unfair debt collection practices.  15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors . . . [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."); Acosta v. Campbell, 309 F. App'x 315, 320 (11th Cir. 2009).  The Act's prohibitions on improper collection methods only apply to debt collectors.  The FDCPA generally precludes "'*debt collectors*' from making false or misleading representations and from engaging in various abusive and unfair practices." Acosta, 309 F. App'x at 320; see also Heintz v. Jenkins, 514 U.S. 291 (1995).  Under Title 15, Section 1692f(6), a *debt collector* may not take or threaten to take nonjudicial action to effect dispossession or disablement of property if there is no

5

present right to possession of the property claimed as collateral through an enforceable security interest.  15 U.S.C. § 1692(f)(6).

Thus, Plaintiffs' Second Amended Complaint must plausibly allege that McCalla Raymer is a debt collector within the meaning of the FDCPA.  Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211, 1216, 1218 (11th Cir. 2012) (explaining that "in order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things . . . that the defendant is a debt collector"); see also Goia v. CitiFinancial Auto, 499 F. App'x 930, 938 (11th Cir. 2012).  The Act generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  For purposes of Section 1692f(6), the definition of debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests."  15 U.S.C. § 1692a(6).  The three ways in which a law firm may be a debt collector are: (1) if its principal purpose is to collect debts; (2) if it regularly attempts to collect, directly or indirectly debts owed another; or (3) if the principal purpose of its business is the enforcement of security interests.  15 U.S.C. § 1692a(6); Reese, 678 F.3d at 1218.

In this case, the allegations in Plaintiffs' Second Amended Complaint, in combination with judicially noticed facts, are sufficient to make it plausible that McCalla Raymer is a debt collector.  According to the Plaintiffs, McCalla Raymer has

6

referred to itself as a debt collector in its correspondence to the Plaintiffs and on their phone answering service. As Plaintiffs point out, McCalla Raymer states in its firm profile on its website that collections is one of the services it provides to its clients.[1] McCalla Raymer further advertises that it is "a leading provider of legal services to the mortgage banking industry" and that it "has earned a reputation as a leader in the r e s i d e n t i a l   m o r t g a g e   d e f a u l t   i n d u s t r y ."   S e e http://www.mccallaraymer.com/index.php/2012-06-08-13-14-50/firm-profile   (last visited May 6, 2013). Under these circumstances, it is plausible that McCalla Raymer "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" and is therefore a debt collector pursuant to 15 U.S.C. § 1692a. See, e.g., Reese, 678 F.3d at 1218 (holding that complaint that alleged

_____

[1] Although these statements have not been included in Plaintiffs' Complaint, the Court may still consider them on a Motion to Dismiss because the Court may consider matters of which it may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007); Lozman v. City of Riviera Beach, No. 11–15448, 2013 WL 1285868, at *6 (11th Cir. Apr. 1, 2013). The Court may take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999); Fed. R. Evid. 201(b). In this case, it is not capable of reasonable dispute that McCalla Raymer's firm profile contains these representations. Boyd v. Ga., No. 12–14202, 2013 WL 950474, at *1 (11th Cir. Mar. 13, 2013) (concluding that district court properly took judicial notice of website showing publicly available information concerning plaintiff's ongoing criminal case and dismissed plaintiff's complaint). The Court therefore takes judicial notice that there is a website indicating it is for the McCalla Raymer law firm, the website indicates that the McCalla Raymer law firm is "a leading provider of legal services to the mortgage banking industry," McCalla Raymer "has earned a reputation as a leader in the residential mortgage default industry," and that collections is one of the services McCalla Raymer provides to its clients.

7

that law firm was "engaged in the business of collecting debts owed to others incurred for personal, family, or household purposes" and had sent more than five hundred people dunning notices during the past year plausibly suggested that firm was a debt collector).

McCalla Raymer argues that the information on its website does not show that it is a debt collector because the website does not indicate that collections is the main practice area of the firm.  Plaintiffs need not show, however, that collections is a main practice area of the firm.  McCalla Raymer's firm meets the definition of debt collector under 15 U.S.C. § 1692a if it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," regardless of whether collections is a main practice area.  Furthermore, Plaintiffs need only present a short and plain statement of their claim which includes enough factual material to make their claim plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Fed. R. Civ. P. 8.  In this Court's view, because McCalla Raymer refers to itself as having "earned a reputation as a leader in the residential mortgage default industry" and advertises collections as one of the services it provides to its clients, it is plausible, giving reasonable inferences to the Plaintiffs, that McCalla Raymer's collection activities are of a more regular nature.  Accordingly, McCalla Raymer's Motion to Dismiss Second Amended Complaint should be **DENIED**.  Docket Entry [39].

AO 72A
(Rev.8/82)

## CONCLUSION

Based on the foregoing reasons, McCalla Raymer's Motion to Dismiss Second Amended Complaint should be **DENIED**.  Docket Entry [39].

**SO REPORTED AND RECOMMENDED** this _____ day of May, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)