**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOAN HAYNES AND | ) | |
| TROY WAYNE HAYNES | ) | |
|     PLAINTIFFS | ) | CIVIL CASE NO. |
| | ) | 1:11-CV-03149-TWT-LTW |
| v. | ) | |
| | ) | |
| McCALLA RAYMER, LLC, | ) | |
| BAC HOME LOAN SERVICING, LP, | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS and FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION | ) | |
|     DEFENDANTS | ) | |

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff
303 Perimeter Center North
Suite 300
Atlanta, GA 30346
Phone: (855) 543-2847
Fax:    (855) 814-3619

_____

## <u>PLAINTIFFS' THIRD AMENDED COMPLIANT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

COMES NOW, Joan and Troy Haynes, by and through their undersigned counsel, and, pursuant to Federal Rules of Civil Procedure Rule 15 subsection (a)(2) brings this Third Amended Complaint, which states as follows:

## PARTIES

### 1.

Plaintiffs Joan and Troy Haynes (hereinafter "Plaintiffs") are a married couple, over the age of majority and competent to bring this action, residing at 1156 Folkstone Drive, McDonough, Georgia 30253 (hereinafter "Property").

### 2.

Defendant Mortgage Electronic Registration Systems Inc. (hereinafter "MERS") conducts business as an electronic registry designed to track servicing rights and ownership of mortgage loans.  Their principal place of business is 1818 Liberty Street, Suite 300, Reston, Virginia, 20190.

### 3.

Defendant BAC Home Loan Servicing, LP (hereinafter "BAC"), which is as of July 1, 2011 is Bank of America, N.A. (hereinafter referred to as BANA), does business at 700 Kansas Lane, MC 800, Monroe, LA 71203, whose registered agent is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

4.

Defendant McCalla Raymer, LLC (hereinafter "McCalla") is a law firm incorporated in the state of Georgia, their principal place of business is 1544 Old Alabama Road, Roswell, Georgia, 30076-2012.

5.

Defendant Federal National Mortgage Association (hereinafter "Fannie Mae"), doing business at 3900 Wisconsin Avenue NW, Washington DC 20016, who can be served at the same.

## VENUE AND JURISDICTION

6.

This case was brought in the Superior Court of Henry County. Said Court was the proper court of venue to bring the original Complaint and Petition for Temporary and Permanent Restraining Order and Injunction as it respects the property in question which is located in Henry County, and further since the Supreme Court of Georgia has held that the Superior Court is the Court of proper jurisdiction to matters involving title over land. *Setlock v. Setlock,* 286 Ga. 384, 688 SE2d 346 (2010). ("For the purpose of enabling all persons owning real estate within this state to have the title thereto settled and registered[,] the *superior court* of the county in which the land is located shall have exclusive original jurisdiction of all petitions and

proceedings had thereupon.", which includes claims for quiet title) (Emphasis supplied) O.C.G.A.§44-2-60. However, since such original complaint was removed to the United States District Court for the Northern District of Georgia such venue and jurisdiction is proper pursuant to Diversity Jurisdiction.

## PROCEDURAL HISTORY

7.

Plaintiffs filed suit on September 6, 2011, in the Superior Court of Henry County, Georgia. See Doc.1. Defendants removed suit to the United States District Court Northern District of Georgia Atlanta Division on September 16, 2011, and moved to dismiss action. See Id. Plaintiffs filed an Amended Complaint as a matter of right in response to Defendants Motions to Dismiss. See Doc. 12. Defendants filed Motions to Dismiss Plaintiffs' Amended Complaint. See Doc 13-16.

On July 12, 2012, the U.S. Magistrate Judge Linda T. Walker entered a Non-Final Order and Report and Recommendation dismissing Plaintiffs' claims against Defendants except the Wrongful Foreclosure claim against Bank Of America. See Doc. 31. The Non-Final Order also provided Plaintiffs an ability to amend their claims under the Fair Debt Collection Practices Act against Bank of America and McCalla Raymer. See Id. On

4

August 14, 2012 the Court accepted Judge Walker's Order. See Doc. 33. On August 24, 2012 Plaintiffs filed their Second Amended Complaint. See Doc. 43. On September 10, 2012 Defendant McCalla Raymer filed a Protective Answer to Plaintiffs' Second Amended Complaint. See Doc. 36. On September 20, 2012 Defendants Bank of America and MERS filed their Answer to Plaintiffs' Second Amended Complaint.  See Doc. 37.

McCalla Raymer on September 25, 2012 filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. See Doc. 39. On May 10, 2013 Magistrate Judge Linda T. Walker entered a Non-Final Order and Report and Recommendation denying McCalla Raymer's Motion to Dismiss of Plaintiffs' Second Amended Complaint. See Doc. 60. On June 5, 2013 the Court accepted Judge Walker's Order. See Doc. 62.

## FACTS

8.

Joan Haynes obtained a loan from Quicken Loans, Inc. on December 18, 2007 in the amount of $233,500.00 for the refinance of property located at 1156 Folkstone Dr., McDonough, GA 30253 ("Property"). *See* Ex. A

9.

On December 18, 2007 Troy and Joan Haynes signed a security deed granting MERS as nominee for Quicken Loans, Inc. a secured interest in Property. *See* Ex. B

10.

Joan Haynes made her regular mortgage payments until May of 2009, where she missed a payment to loss of income as a result of the deteriorating economy. *See* Exhibit C and Doc. 82 Deposition of Joan Haynes Pg. 23 ¶ 11-15; Pgs. 90-91 ¶ 24-25, 1-12.

11.

Joan Haynes after failing to make her May 2009 mortgage payment called BANA and was directed to D&E, Group ("D&E"), an agent of Federal National Mortgage Association ("Fannie Mae"). Mrs. Haynes signed a foreclosure mitigation counseling agreement with D&E on May 7, 2009. *See* Ex. D-E. and Doc. 82 Joan Haynes Deposition Pg. 29 ¶ 2-7.

12.

Joan Haynes in July of 2009 after missing two mortgage payments was contacted by BANA, she was directed to make a modified payment of $676.11 a month in response to her current hardship. *See* Ex. C and Doc. 82 Joan Haynes Deposition Pg. 22 ¶ 17-25.

13.

On June 25, 2009 BANA sent Joan Haynes confirmation that it received D&E's authorization request to access her loan information. *See* Ex. F

14.

On August 10, 2009, BANA offered Joan Haynes a Trail Modification, which was to begin on September 1, 2009. She was to pay $1,772.27 for 3 months (September, October, November). *See* Ex. G

15.

On August 31, 2009, Joan Haynes sent BANA a letter regarding the August 10, 2009 trail modification offer. The letter indicated that she was unable to afford the $1,772.27 trial payment at that time due to her income situation. She also stated that she called BANA about the trial modification payment being to high and was directed by BANA to continue to pay the $676.11. *See* Ex. H.

16.

On May 5, 2010, BANA sent Joan Haynes a letter informing her that she was not eligible for a loan modification because of "trial plan default."

The letter also informs Mrs. Haynes that Fannie Mae[1] was the owner of her mortgage. BANA further confirms this fact in its response to Plaintiffs' First Request of Interrogatories question 8. *See* Ex. I-J.

17.

Joan Haynes continued to work with D&E, Fannie Mae's agent to obtain a loan modification in July of 2010. *See* Ex. K

18.

On July 24, 2010 McCalla[2] sent Joan and Troy Haynes a Notice of Foreclosure Sale. The sale of the Property was slated for the first Tuesday in September 2010 on the courthouse steps of Henry County Georgia. The notice indicated that BANA was the entity that had "full authority to negotiate, amend, and modify all terms of the mortgage." *See* Ex. L

19.

Neither Joan nor Troy Haynes was sent the required notice under paragraph 22 of their security deed, informing them of the default and the

---

[1] Fannie Mae's "prior approval and that of the mortgage insurer, if applicable-is required for all proposals to change the terms of a conventional first or second-lien mortgage. Fannie Mae does not permit mortgage modifications while a mortgage loan is in an MBS
[2] McCalla Raymer, LLC is a debt collector and one of its primary services is collections. McCalla advertises on its own website that it is "a leading provider of legal services to the mortgage banking industry" and that it "has earned a reputation as a leader in the residential mortgage default industry." *See* http://www.mccallaraymer.com/index.php/2012-06-08-13-14-50/firm-profile. (September 19, 2013).

necessary funds to cure the default. *See* Ex. B and Doc. 82 Joan Haynes Deposition Pgs. 44-45 ¶ 14-25, 1-4.

20.

On August 5, 2010, BANA returned Joan Haynes' August 2010 payment of $676.11. BANA returned the payment because the funds were not certified. *See* Ex. M and Ex. C.

21.

On August 6, 2010, McCalla sent Joan and Troy Haynes a letter regarding loan assistance. The letter directed the Haynes to complete and send the enclosed documents to the Loss Mitigation Team at Prommis Solutions, LLC (hereinafter "Prommis") Prommis was acting on behalf of McCalla. The Haynes responded to the request and sent in all the required information to the directed contact. *See* Ex. N and Doc. 81 Troy Haynes Deposition Pgs. 39-40 ¶ 4-25, 1-20.

22.

On August 10, 2010, Joan Haynes was received an email from Demetra Jennings a representative from Fannie Mae. The email provided Joan Haynes forms for a loan modification and directed Joan Haynes to complete the forms and return them to the Mortgage Help Center. Demetra

Jennings never directed Joan Haynes to send loan modification forms to BANA. *See* Ex. O-P.

23.

On August 17, 2010, Demetra Jennings directed an email to Troy Haynes providing him with loan modification forms. He was directed by Ms. Jennings to return the forms to her. *See* Ex. O.

24.

Plaintiffs were confused by all of the different entities asserting authority over their loan assistance needs. *See* Doc. 82 Joan Haynes Deposition Pgs. 137-138 ¶ 24-25, 1-7. Plaintiffs' confusion led them to being unable to differentiate who to trust regarding saving their home and prevented them from taking necessary actions, such as filing bankruptcy to save their home. *See* Doc. 82 Joan Haynes Deposition Pg. 161 ¶ 3-11.

25.

On August 30, 2010 Prommis recorded an assignment ("Assignment") of the Haynes' security deed in the Henry County deed book 11847 page 0060, which was to transfer the secured interest from MERS to BANA. The Assignment was to be officially witnessed by Debbie Foushee on June 15, 2010 as required by the recording of deeds. However, Deddie Foushee was not a notary and was unable to provide the required witnessing. *See* Ex. Q-R.

26.

On September 7, 2010, BANA non-judicially foreclosed on the Haynes' Property. BANA "bought" back the Property and subsequently transferred it to Fannie Mae through a Special Warranty Deed. *See* Ex. S-T.

27.

McCalla sent the Haynes a demand of possession on September 20, 2010. In response to said letter the Haynes prepared to move from the Property, but did not do so before being served with a Notice of Dispossessory by Fannie Mae in the Magistrate Court of Henry County Georgia case number MGCD2010004403. *See* Ex. U-V.

28.

Fannie Mae brought a second dispossessory action against the Haynes on February 2, 2011 after the first case was voluntarily dismissed. Fannie Mae was granted a writ of possession on February 22, 2011, however the Haynes appealed to the Superior Court of Henry County on February 22, 2011. The Haynes were directed to pay $2,000.00 a month into the court registry as rent until their appeal was heard. *See* Ex. W and Ex. V.

29.

The Haynes paid $2,000.00 a month into the Henry County Magistrate Court registry from March 2011 until September 2011, which totaled over $14,000.00 and was disbursed to Fannie Mae through their counsel McCalla. *See* Ex. X and Ex. W.

30.

The Haynes filed the current action in the Superior Court of Henry County Georgia on September 6, 2011. *See* Doc. 1.

## I.     WRONGFUL FORECLOSURE

31.

Plaintiffs hereby incorporate by reference paragraphs 8-30 of this Complaint as if same were set forth at length herein.

### A.     Failure to Provide Proper Notice Under O.C.G.A. § 44-14-162.2(a)

32.

The controlling law at the crux of Plaintiffs' wrongful foreclosure claims is O.C.G.A. § 44-14-162. O.C.G.A. § 44-14-162.2(a) in pertinent part states:

> "…Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor…"

33.

The above statute has been the focus of countless wrongful foreclosure lawsuits. The Supreme Court of Georgia, in *You, et al. v. JP Morgan Chase Bank, N.A.*, et al., 743 S.E.2d 428 (Ga. 2013) answered a certified question on the matter stating:

> "we need look no further than the plain language of the statute to determine whom the notice must name:
> 'Such notice shall be in writing and shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor.'
> (Emphasis added) Id. If that individual or entity is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must ne identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent then that person or entity must be identified. The statute requires no more and no less." *You* at 433-434.

34.

In the present action, Plaintiffs' were noticed in McCalla's July 24, 2010 Notice of Foreclosure Sale that BANA was the entity with the full authority to modify all the terms of the mortgage. See. Ex. L. Plaintiffs from the outset of their hardship to furnish regular monthly mortgage payments were directed to D&E, Group, an agent of Fannie Mae, to aid in gaining loan assistance. *See* Ex. D-E and Doc. 82 Joan Haynes Deposition Pg. 29 ¶ 2-7. Plaintiffs were repeatedly told by BANA and D&E that Fannie Mae was the owner of their loan and that it had the final authority. *See* Ex. I and Doc. 82

Joan Haynes Deposition Pg. 98 ¶ 14-19; Pg. 97 ¶ 6-21. Yet, McCalla's July 24, 2010 notice did not list Fannie Mae as an authority over Plaintiffs' loan.

35.

Plaintiffs' were in direct contact with Fannie Mae, working with Demetra Jennings, Fannie Mae's representative to help Plaintiffs' obtain a loan modification. *See* Ex. O-P. Plaintiffs also sent Prommis Solutions, LLC loan modification paper work, McCalla's agent, in response to a letter McCalla sent Plaintiffs on August 6, 2010. *See* Ex. N. The August 6, 2010 letter directed Plaintiffs to send attached forms regarding loan assistance to Prommis Solutions, LLC, not BANA. See Id.

36.

Plaintiffs were confused by all of the different entities asserting authority over their loan assistance needs. *See* Doc. 82 Joan Haynes Deposition Pgs. 137-138 ¶ 24-25, 1-7. Plaintiffs' confusion led them to being unable to differentiate who to trust regarding saving their home and prevented them from taking necessary actions, such as filing bankruptcy to save their home. *See* Doc. 82 Joan Haynes Deposition Pg. 161 ¶ 3-11.

37.

The transparency and clarity intended by O.C.G.A. § 44-14-162.2 was not achieved in this case. Plaintiffs were working with four different entities (BANA, D&E, Prommis, Fannie Mae), yet only one had the full authority to modify all terms of the loan.

38.

Fannie Mae provides in its own servicing guidelines that:

> "prior approval and that of the mortgage insurer, if applicable-is required for all proposals to change the terms of a conventional first or second-lien mortgage. Fannie Mae does not permit mortgage modifications while a mortgage loan is in an MBS pool (including Pooled from Portfolio mortgage loans." *See* https://www.fanniemae.com/content/guide/svc042810.pdf Section 602.2 Modifying Conventional Loans (04/21/09) page 706-10.

39.

Plaintiffs were not given the proper notice as to who had the full authority to modify all terms of their mortgage under O.C.G.A. § 44-14-162.2(a) in the McCalla's Notice of Foreclosure Sale. That failure confused Plaintiffs, resulting in them wasting precious time and foregoing viable options of foreclosure prevention, hence damaging them. Therefore, the September 7, 2010 foreclosure should be rescinded and Plaintiff awarded damages for their mental stress and embarrassment.

B.     **Assignment Used To Non-Judicially Foreclose Was Not Recordable Under Georgia Law In Violation of O.C.G.A. § 44-14-162(b)**

40.

The foreclosure in question was also wrongful as a matter of law because the assignment granting BANA the authority to non-judicially foreclose was not recordable. O.C.G.A. § 44-14-162(b) states:

> (b) The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located.

41.

The purported Assignment took place on June 15, 2010.   The purported official witness, Debbie R. Foushee, signed the document as a notary public.   However, Debbie Foushee was not a notary at the time of witnessing the assignment. *See* Ex. Q-R.

42.

Georgia law requires that "All transfers of deeds to secure debt shall be in writing; shall be signed by the grantor or, if the deed has been previously transferred, by the last transferee; and shall be witnessed as required for deeds." O.C.G.A. § 44-14-64.  A deed must be attested in the manner prescribed by law for mortgages.  O.C.G.A § 44-14-61.  Recorded mortgages for real property must be attested or acknowledged by an official

16

witness and at least one additional witness.  O.C.G.A § 44-14-33.  Pursuant to O.C.G.A § 44-2-15, the official witness may be a notary public.  The validity of an assignment of a security deed is governed by the laws applicable to the recording of mortgages, O.C.G.A § 44-14-33.

43.

Further, under Georgia law, "the registry of a deed not attested, proved, or acknowledged according to law, is not constructive notice to a bona fide purchaser."  *Hopkins v. Va. Highlands & Assoc., LP*, 541 S.E.2d 386, 390 (Ga. Ct. App. 2000) (quoting *Connif v. Hunnicutt*, 157 Ga. 823, 826, 122 S.E. 694 (Ga. 1924)).  As between the parties to the instrument, however, the deed is valid and binding absent a showing of fraud.  *Duncan v. Ball*, 172 Ga. App. 750, 752, 324 S.E.2d 477, 480 (Ga. Ct. App. 1984).  In *Leeds Bldg. Products, Inc. v. Sears Mtg. Corp*, the Georgia Supreme Court held that a deed that facially complies with statutory requirements provides constructive notice, but reaffirmed the general rule that a patently defective deed, a deed with a facial defect, does not constitute constructive notice to subsequent purchasers.  *Leeds Bldg. Products, Inc. v. Sears Mortg. Corp.*, 267 Ga. 300, 301-02, 477 S.E.2d 565 (Ga. 1996); *see also In Re Yearwood*, 318 B.R. 227, 229 (Bankr.E.D.Tenn.2002) (interpreting Georgia law to

mean that a recorded instrument that is facially invalid does not constitute constructive notice to subsequent purchasers).

44.

A patent defect is a defect that is "obvious and easily detectable," such as an unofficial witness's signature on the face of the instrument. *In Re Codrington*, 430 B.R. 287, 292 (N.D. Ga. 2009). For example, in *In Re Yearwood*, the debtor executed a security to her residence in favor of the defendant. *In Re Yearwood,* 318 B.R. 227, 228 (N.D. Ga. 2004). The security deed was notarized by an official witness, but did not bear the signature of an unofficial witness. *Id*. The court found that the Chapter 7 Trustee could avoid the defendant's interest in the property because the lack of unofficial witness's signature was a patent defect in the security deed, and thus there was no constructive notice to third parties of its invalidity.

45.

The patent defect of the Assignment was as a result of failing to have an official witness. Ms. Foushee was not a notary and could not provide the necessary witnessing under Georgia law. It was not a latent defect; Ms. Foushee did not provide a seal or any other information other than her

signature evidencing her position as an official witness[3]. This defect is obvious at first sight of the Assignment. *See* Ex. Q. This failure made the Assignment ineligible for recording under Georgia law. Moreover, a contract is considered void where one of the elements essential for the formation of a valid contract is missing, or where the contract was made in violation of a legal prescription or prohibition established for reasons of public order. A party cannot consent to an agreement that violates state law.

46.

The Assignment, though possibly good between the parties (MERS and BANA) is not effective against a third party, Plaintiffs. O.C.G.A. § 44-14-162(b) requires that an assignment be recorded before a party forecloses under the power of sale in the security deed, therefore making it subject to Georgia law governing recording.

---

[3] (2) No document executed prior to July 1, 1986, which would otherwise be eligible for recording in the real property records maintained by any clerk of superior court or constitute record notice or actual notice of any matter to any person shall be ineligible for recording or fail to constitute such notice because of noncompliance with the requirement that the document contain a notary seal. See Ga. Code Ann. § 45-17-6 (West)

47.

In this case, the Assignment also, bears signs of forgery concerning the signatures of C. Troy Crouse[4] and Thomas Sears.

48.

The Assignment is not merely challenged over fraudulent signatures, but also over a patent defect, which makes it unfit for recording. This defect does not have ability to be ratified or fixed through affidavits. No official witness, no meeting the standards of recording under Georgia law. *Emphasis added*. Also, "it has been held that a certificate of the secretary of state showing that the person attesting a deed as a justice of the peace was not in fact a justice of the peace at the date of the deed raises a rebuttable presumption that the deed was forged." *See* 2 Ga. Real Estate Law & Procedure § 19:79 (7th ed.)

49.

Hence, BANA did not have a recordable assignment filed before the September 7, 2010 foreclosure, therefore making such foreclosure wrongful. That foreclosure in-turn damaged Plaintiffs' through making them pay registry court fees in amount of $14,000.00 and emotional stress and

---

[4] C. Troy Crouse has provided at least four different signatures than the one used on his personal security deed as shown in a WSB.com TV news special report. See http://www.wsbtv.com/video/25636610/index.html i.e. robo-signing.

confusion when the foreclosure occurred. *See* Ex. W and Doc. 82 Joan Haynes Deposition Pgs. 137-138 ¶ 24-25, 1-7. Wherefore, the September 7, 2010 foreclosure should be set-aside and damages awarded to Plaintiffs in an amount determined at trail.

### C. BANA Failed to Exercise The Power of Sale in Good-Faith Under O.C.G.A. § 23-2-114

50.

Plaintiffs also contend that Defendants wrongfully foreclosed on Property because they failed to act in good faith in the foreclosure process according to O.C.G.A. § 23-2-114 when Defendants sent Plaintiffs the July 24, 2010 notice of foreclosure sale.

51.

O.C.G.A. § 23-2-114 places creditors under the duty to exercise the power of sale fairly. When the grantee does not comply with the statutory duty under O.C.G.A. § 23-2-114 to exercise the power of sale in a deed to secure debt fairly, the debtor may sue for wrongful foreclosure. *Stimus v. CitiMortgage, Inc.*, No. 5:10-CV-435(MTT), 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011); *DeGolyer v. Green Tree Servicing, LLC*, 291 Ga. App. 444, 448-49 (2008). The Georgia Court of Appeals has concluded that the power of sale is not exercised fairly under O.C.G.A. § 23-2-114 when the creditor has no legal right to foreclose and that under circumstances, a

claim for wrongful foreclosure arises. *DeGolyer*, 291 Ga. App. at 449; *Brown*, 222 Ga. App. at 214. "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act, which may injure another, although no cause of action is given in express terms, the injured pay may recover for the breach of such legal duty if he suffers damage thereby." O.C.G.A. § 51-1-6.

52.

Here, Defendants sent Plaintiffs a notice of foreclosure sale on July 24, 2010 and subsequently for the following four weeks, advertised the foreclosure sale date of the first Tuesday of September of 2010 in the local Henry County newspaper. *See* Ex. L. The problem with the Defendants letter is that neither, BANA or McCalla had a present right to the Property to effectuate the power of sale in Plaintiffs' security deed. This repeated threat to disable Plaintiffs out of their Property when Defendants had no present right to do was a direct violation of 15 U.S.C. § 1692f(6)(A).

53.

Defendants actions to send and publicize notices of foreclosure sale of Property, when knowing that they did not have a recorded assignment evidences that the September 7, 2010 sale was initiated in bad-faith. Defendants are not at liberty to argue that they acted in good faith, when the

22

notice of sale was sent and published more 30 days prior to BANA having any assignment recorded concerning Property.

54.

Although, Defendants could argue that such Assignment was signed on June 15, 2010, an assignment is not effective against third parties or Plaintiffs until the assignment is recorded, which was August 30, 2010. See O.C.G.A. § 44-2-2(4)(b) and *See* Ex. Q. Moreover, as explained in section B of the wrongful foreclosure section of this complaint, the Assignment that was recorded in the Henry County Superior Court was patently defective, therefore making it ineligible for recording on its face and ineffective against Plaintiffs. See Ex. Q.

55.

The July 24, 2010 notice of foreclosure sale and succeeding publications of sale in the local county organ, caused Plaintiffs embarrassment, cost them money, and caused tension in their marriage. Therefore, because Defendants through McCalla, a debt collector, violated 15 U.S.C. § 1692f(6)(A) of the Fair Debt Collection Practices Act the Court should see as a matter of law that Defendants initiated the September 7, 2010 foreclosure of Property in bad-faith in violation of O.C.G.A. § 23-2-

114. Hence, the September 7, 2010 foreclosure should be rescinded and punitive damages awarded to Plaintiffs in an amount determined at trail.

## II.   <u>BREACH OF CONTRACT</u>

56.

Plaintiffs hereby incorporate by reference paragraphs 8-30 of this Complaint as if same were set forth at length herein.

57.

Plaintiffs bring a claim of breach of contract because BANA, Fannie Mae, nor McCalla sent Plaintiffs the required notice under paragraph 22 of the security deed before accelerating the debt.

58.

Paragraph 22 of Plaintiffs' security deed states in pertinent part:

> "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." See Ex. B. (pg. 13)

59.

The above notice was never provided to Plaintiffs. Joan Haynes speaks to this fact in her deposition, asserting that if they new how much they owed they could have paid the amount to cure the default. *See* Doc. 82 Joan Haynes Deposition Pgs. 44-45 ¶ 14-25, 1-4.

60.

Plaintiffs' cure amount would have varied as they were paying as directed, $676.11 every month from July 2009 until August 2010, when BANA sent back their payment on August 5, 2010 because it was not in certified funds. *See* Ex. C, Ex. M, and Doc. 82 Joan Haynes Deposition pg. 22 ¶ 17-25.

61.

BANA failed to provided the contractual notice required by the security deed before it moved to non-judicially foreclose. "In *MPP Investments v. Cherokee Bank*, the Supreme Court of Georgia held that a foreclosure sale was not valid where the security deed required the secured party to give notice before the party could exercise the power of sale contained in the deed, and the party did not give the required notice before foreclosing." *See Howser Mill Homes, LLC v. Branch Banking and Trust Co.*, 318 Ga.App. 148, 150 (2012). Due the above facts, BANA breached the security deed with Plaintiffs' and caused the September 7, 2010 foreclosure

to be wrongful according to the terms of the security deed. Plaintiffs' pray

that they be awarded rescission of the foreclosure and damages in an amount

to be determined at trial.

### III.   MCCALLA'S VIOLATION OF 15 U.S.C. § 1692f(6)(A)

62.

Plaintiffs hereby incorporate by reference paragraphs 8-30 of this

Complaint as if same were set forth at length herein.

63.

McCalla is a debt collector and has violated 15 U.S.C. § 1692f(6)(A)

of the Fair Debt Collection Practices Act. 15 U.S.C. § 1692f(6)(A) states:

> "A debt collector may not use unfair or unconscionable means
> to collect or attempt to collect any debt. Without limiting the
> general application of the foregoing, the following conduct is a
> violation of this section: **(6)** Taking or threatening to take any
> nonjudicial action to effect dispossession or disablement of
> property if-- **(A)** there is no present right to possession of the
> property claimed as collateral through an enforceable security
> interest."

64.

McCalla is debt collector according to the above statute because by

there own admission it is "a leading provider of legal services to the

mortgage banking industry" and that it "has earned a reputation as a leader

in    the    residential    mortgage    default    industry."    *See*

http://www.mccallaraymer.com/index.php/2012-06-08-13-14-50/firm-profile. (Last visited September 19, 2013). One of McCalla's primary practices an area is the collection of debts as stated above and it has been so for over 30 years. See Id.

65.

As discussed, in part "B" of the wrongful foreclosure section of this complaint, BANA's attempt to record an assignment that was deficient in its face and failed to meet Georgia's recording requirements in order to non-judicially foreclose on Property. *See* Ex. Q-R and O.C.G.A. § 44-14-162(b). The recording failure associated with the assignment resulted in BANA failing to satisfy O.C.G.A. § 44-14-162(b).   Therefore, when McCalla threatened Plaintiffs of foreclosure on July 24, 2010 and then actually foreclosing on Property on September 7, 2010 was a disablement of property that was in violation of 15 U.S.C. § 1692f(6)(A) because BANA had no present right to it. See Id.

66.

McCalla's actions are even more unconscionable as McCalla's own attorneys were supposed to be "agents" of MERS and "attested" to this blatantly deficient assignment. See Ex. L and Ex. Q. Then, McCalla's own agent Prommis Solutions drafted the Assignment and Prommis' employee

Debbie Foushee was the one who impersonated as an official witness in attempt to circumvent Georgia's recording requirements. *See* Ex. N, Ex. Q, and Ex. R.

67.

McCalla's September 7, 2010 foreclosure sale of Property was a violation of Georgia and federal law. BANA may have had an interest that was "good" between it and MERS, but not effective against Plaintiffs because the Assignment according to Georgia law was not effective upon recording. The patent defect in the Assignment precluded BANA from asserting a present right of possession over Plaintiffs' property.

68.

Such claim is not time barred as Plaintiffs filed their suit on September 6, 2011before the one-year statute of limitations was up as the illegal taking occurred on September 7, 2010. Therefore, pursuant to the above facts and law, McCalla's September 7, 2010 foreclosure of property was a violation 15 U.S.C. § 1692f(6)(A).

**JURY DEMAND**

Plaintiffs would also like to reassert their demand for a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the relief herein sought as follows:

- As to Count I and its sub-pars, recession of foreclosure, compensatory and punitive damages in an amount to be determined at the time of trial, attorney's fees and costs;

- As to Count II, compensatory damages in an amount to be determined at the time of trial, attorney's fees and costs;

- As to Count III, statutory and punitive damages in an amount to be determined at trail, attorney's fees and costs;

- That Plaintiffs have such other and further relief as is just and proper.


Respectfully Submitted,

/s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674
**J.G. DAVIS & ASSOCIATES, LLC**
303 Perimeter Center North Suite 300
Atlanta, GA
Phone:  (855) 543-2847
Fax:      (855) 814-3619
swordandshieldlaw@gmail.com

This 27th day of September, 2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JOAN HAYNES AND | ) |
| TROY WAYNE HAYNES | ) |
|     PLAINTIFFS | )   CIVIL CASE NO. |
| | )   1:11-CV-03149-TWT-LTW |
| v. | ) |
| | ) |
| McCALLA RAYMER, LLC, | ) |
| BAC HOME LOAN SERVICING, LP, | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS and FEDERAL NATIONAL | ) |
| MORTGAGE ASSOCIATION | ) |
|     DEFENDANTS | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2013, I electronically filed the foregoing ***Plaintiffs' Third Amended Complaint for Damages and Injunctive Relief*** with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.  I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

***Signature On Next Page***

Respectfully Submitted,

 /s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674
**J.G. DAVIS & ASSOCIATES, LLC**
303 Perimeter Center North Suite 300
Atlanta, GA
Phone:  (855) 543-2847
Fax:     (855) 814-3619
swordandshieldlaw@gmail.com

This 27th day of September, 2013