## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOAN HAYNES AND | ) | |
| TROY WAYNE HAYNES | ) | |
|     PLAINTIFFS | ) | CIVIL CASE NO. |
| | ) | 1:11-CV-03149-TWT-LTW |
| v. | ) | |
| | ) | |
| McCALLA RAYMER, LLC, | ) | |
| BAC HOME LOAN SERVICING, LP, | ) | |
| MORTGAGE ELECTRONIC REGISTRATION | ) | |
| SYSTEMS | ) | |
|     DEFENDANTS | ) | |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE [THIRD] AMENDED COMPLAINT

COME NOW, Plaintiffs Joan and Troy Haynes (collectively "Plaintiffs") by and through their undersigned counsel, and file their Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint stating as follows:

## ARGUMENT

The U.S. Supreme Court in *Forman v. Davis,* 371 U.S. 178 (1962) provided the requirements for permitting amendments on motion holding that:

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to

test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given." *Id.* at 182.

Furthermore, under the language of Federal Rule of Civil Procedure 19(a)(1):

> "**(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Plaintiffs, in the present matter filed their motion to Amend and Add party after attempts to resolve the case through settlement, which failed due to Fannie Mae's ever-present influence. Hence, Plaintiffs in-turn show that contrary to Defendants' arguments that Plaintiffs did move for such motion

in undue-delay, nor does such motion prejudice already named defendants, and that such additional claims are not futile.

### A.        McCalla Raymer, LLC's Motion is Untimely

Defendant McCalla Raymer, LLC filed its responsive motion in opposition to Plaintiffs motion to amend and add party on October 15, 2013. *See* Doc. 90. Plaintiffs filed their motion to amend and add party on September 27, 2013. *See* Doc. 85. The United States District Court Northern District of Georgia local rules state "Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion." GA R USDCTND LR 7.1. Generally, the Court allows an additional 3-days for electronic filings of responses to motions[1], yet McCalla Raymer, LLC's motion is still untimely as it was filed 18 days after Plaintiffs filed their motion. However, if the Court so choses to consider its motion, Plaintiffs provide the same response to McCalla Raymer, LLC as to the other Defendants as to why Plaintiffs motion to amend and add party should be granted.

---

[1] The three-day extension would give Defendant 17-days to respond instead of 14-days.

### B.                           No Undue-Delay by Plaintiffs

Plaintiffs moved for their motion to amend and add party following numerous extensions to the discovery period to foster settlement discussions. As evidenced by the record following Plaintiffs' Second Amended Complaint there were two joint motions to extend to the discovery period so possible settlement could be reached. *See* Doc. 42, 43, 55, 58. Moreover, on March 13, 2013 current counsel was released, which was during an extension to discovery. Counsel was not re-retained until July 10, 2013 as the record reflects. *See* Doc. 65. Once current counsel was infused back into the case discovery was on the way and settlement talk had come to a halt, primarily because Fannie Mae would not approve settlement.

Counsel responding to Defendants' discovery requests obtained documents that were not initially provided to counsel by Plaintiffs, which offered evidence to support new theories of recovery. Yet, these *new* theories were already stated in the Second Amended Complaint, except for the Breach of Contract cause of action. *See* Doc. 34 pg. 13 ¶32. Defendants were already put on notice of such causes of action and already knew that Fannie Mae was an indispensible party to the resolution of the case through the failed settlement negotiations. Plaintiffs did not merely waste time to seek to add Fannie Mae and add their breach of contract claim, but was

4

forced to make such motion once it was clear that Fannie Mae was more that just an investor and Defendants failed to produce an pertinent notice that was requested thorough discovery. Hence, Plaintiffs seek that that the Court grant Plaintiffs' Motion to Amend and Add Party.

C.                    **No Prejudice to Defendants**

To demonstrate prejudice sufficient to deny a motion to amend complaint, non-moving party must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence, which it could have offered had the amendment been timely. *See Azorbal v. Medical Center of Delaware, Inc.,* 724 F.Supp 279 (D. Del 1989). Defendants cite that they would be unduly prejudiced if the Court were to accept Plaintiffs' Third Amended Complaint. Defendants argue that Plaintiffs' would seek to drag them back though discovery, hence prolonging what has already been a two-year case. Plaintiffs respond, by asserting that they do not seek to perform anymore discovery in regard to the already named Defendants. The claims that have been raised in Plaintiffs' Third Amended Complaint do not need the benefit of further discovery in-order to succeed.

Plaintiffs' motion to amend was to clarify claims that had already been raised and adding Fannie Mae whom currently asserts its will over the

case from the background. Furthermore, the addition of the breach of contract claim was raised due to BANA's failure to produce required notice during discovery. Plaintiffs' request does not seek to greatly alter the course of litigation, nor does it significantly alter the posture of the case, as motions for summary judgment are pending. To the contrary, Defendants have quickly responded to Plaintiffs' added claims in their Third Amended Complaint with ease, arguing their futility. Defendants' even provided the elusive pre-acceleration notice that Plaintiffs lay their breach of contract claim, but was not produced during discovery. Moreover, Defendants make detailed arguments as to Plaintiffs' O.C.G.A. § 44-14-162.2 Wrongful-Foreclosure claim, providing that this is their first encounter of such theory of recovery. Yet, if Defendants had read Plaintiffs Second Amended Complaint with detail, they would have seen that such theory is not new, but is only augmented in its delivery. *See* Doc. 34 pg. 13 ¶32.

Defendants demonstrate in their Motion in Opposition to Plaintiffs' Motion to Amend and Add Party that they are more than able to respond to such added claim and party. In fact, if Defendants had provided such pre-acceleration notice, Plaintiffs' could have avoided asserting the breach of contract claim, but Defendants chose to hide the ball. Plaintiffs do not want to waste the Court's time, Plaintiffs do not want to drag current defendants

through anymore discovery, nor do they seek to add Fannie Mae in bad-faith. Plaintiffs show that Defendants are more than prepared to respond to the added claim, as evidenced in Defendants responsive motion. Fannie Mae is the only party that may go through additional scrutiny, but Defendants were aware of that from the beginning of this lawsuit as the facts reveal. Therefore, the Court entering Plaintiffs' Third Amended Complaint into the record does not prejudice Defendants.

### D.            Added Claims Are Not Futile

Defendants offer exhibits and law to express the futility of Plaintiffs' added claims in their proposed Third Amended Complaint. Specifically, Defendants attempt to dispose of Plaintiffs' O.C.G.A. § 44-14-162.2 Wrongful-Foreclosure claim and offer the pre-acceleration letter that was the crux of Plaintiffs' breach of contract claim. Yet, Defendants assertion that the O.C.G.A. § 44-14-162.2 Wrongful-Foreclosure claim is new is misplaced. Such claim was asserted in Plaintiffs' Second Amended Complaint and is addressed in Plaintiffs' Cross Motion for Summary Judgment. Defendants' arguments to dismiss such claim is untimely and should addressed by the Court through parties respective motions for summary judgment.

Defendants' argument that they did in fact send the required pre-acceleration notice pursuant paragraph 22 of the security deed, by providing a copy of such notice is persuasive. If the Court takes Defendants' attached exhibits as true, despite Plaintiffs' stating under oath in their deposition that they were never sent such notice, then Plaintiffs' could concede that such claim would be futile. However, Defendants had plenty of time to produce such letter in discovery, yet they did not. Moreover, there is no way to substantiate that the letter produced by Defendants was actually sent to Plaintiffs. There is no certified mail receipt or tracking number. Also, when reviewing a claim of futility for purposes of deciding a party's motion for leave to amend a complaint, the court assumed the truth of all complaints factual allegations. *See Smithkline Beecham, Corp. v. Geneva Pharmaceuticals, Inc., 287 F.Supp.2d 576 (E.D. PA. 2002).* Considering the facts and law, Plaintiffs' motion to amend regarding the breach of contract claim is not futile. Defendants have not demonstrated that they in fact sent the letter in question to Plaintiffs, which would render their claim null.

## CONCLUSION

For the reasons stated above, Plaintiffs' seek that the Court grant Plaintiffs' Motion to Amend and Add Party and enter Plaintiffs' proposed Third Amended Complaint into the record.

Respectfully Submitted,

/s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674
**J.G. DAVIS &ASSOCIATES, LLC**
303 Perimeter Center North
Suite 300
Atlanta, GA
Phone:  (855) 543-2847
Fax:     (855) 814-3619
swordandshieldlaw@gmail.com

This 23rd day of October, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JOAN HAYNES AND | ) |
| TROY WAYNE HAYNES | ) |
|      PLAINTIFFS | ) CIVIL CASE NO. |
| | ) 1:11-CV-03149-TWT- |
| LTW | |
| v. | ) |
| | ) |
| McCALLA RAYMER, LLC, | ) |
| BAC HOME LOAN SERVICING, LP, | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS | ) |
|      DEFENDANTS | ) |

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiff
303 Perimeter Center North, Suite 300
Atlanta, GA 30346
Phone: (855) 543-2847
Fax:    (855) 814-3619

_____

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I electronically filed the

foregoing *Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion

to Amend and Add Party* with the Clerk of the Court using the CM/ECF

System, which sent notification of such filing to all counsel of record.  I

further certify that I prepared this document in 14 point Times New Roman

font and complied with the margin and type requirements of this Court.

### *Signature On Next Page*

Respectfully Submitted,

/s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674
**J.G. DAVIS & ASSOCIATES, LLC**
303 Perimeter Center North Suite 300
Atlanta, GA
Phone:  (855) 543-2847
Fax:      (855) 814-3619
swordandshieldlaw@gmail.com

This 23rd day of October, 2013